IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPERVISION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CIBA VISION CORP., )<br>)<br>Defendant, )<br>) | Civil Action No. _____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff CooperVision, Inc. ("CooperVision"), for its Complaint against Defendant CIBA Vision Corp. ("CIBA"), alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This action arises under the United States Patent Act, 35 U.S.C. § 101, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

2. Plaintiff CooperVision is a corporation organized and existing under the laws of the State of New York. It has its principal place of business in Fairport, New York, and does business in the District of Delaware.

3. CooperVision is informed and believes and on that basis alleges that CIBA is a corporation organized and existing under the laws of the State of Delaware. CooperVision is informed and believes and on that basis alleges that CIBA has its principal place of business in Duluth, Georgia, and does business in the District of Delaware.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331 and 1338(a), and venue in this District is proper under 28 U.S.C. § 1391.

## THE PATENTS-IN-SUIT

5.  United States Patent No. 5,760,100 ("the '100 patent"), entitled "Extended wear ophthalmic lens," was issued on June 2, 1998. A Reexamination Certificate for the '100 patent was issued on November 14, 2000. CooperVision is informed and believes and on that basis alleges that CIBA is the owner by assignment of all right, title and interest in and to this patent. A true and correct copy of the '100 patent is attached hereto as Exhibit A.

6.  United States Patent No. 5,776,999 ("the '999 patent"), entitled "Methods of using and screening extended wear ophthalmic lenses," was issued on July 7, 1998. A Reexamination Certificate for the '999 patent was issued on November 21, 2000. CooperVision is informed and believes and on that basis alleges that CIBA is the owner by assignment of all right, title and interest in and to this patent. A true and correct copy of the '999 patent is attached hereto as Exhibit B.

7.  United States Patent No. 5,789,461 ("the '461 patent"), entitled "Methods of forming an extended wear ophthalmic lens having a hydrophilic surface," was issued on August 4, 1998. A Reexamination Certificate for the '461 patent was issued on November 21, 2000. CooperVision is informed and believes and on that basis alleges that CIBA is the owner by assignment of all right, title and interest in and to this patent. A true and correct copy of the '461 patent is attached hereto as Exhibit C.

8.  United States Patent No. 5,849,811 ("the '811 patent"), entitled "Extended wear ophthalmic lens," was issued on December 15, 1998. A Reexamination Certificate for the '811 patent was issued on November 14, 2000. CooperVision is informed and believes and on that basis alleges that CIBA is the owner by assignment of all right, title and interest in and to this patent. A true and correct copy of the '811 patent is attached hereto as Exhibit D.

9. United States Patent No. 5,965,631 ("the '631 patent"), entitled "Extended wear ophthalmic lens," was issued on October 12, 1999. CooperVision is informed and believes and on that basis alleges that CIBA is the owner by assignment of all right, title and interest in and to this patent. A true and correct copy of the '631 patent is attached hereto as Exhibit E.

10. United States Patent No. 6,951,894 ("the '894 patent"), entitled "Extended wear ophthalmic lens," was issued on October 4, 2005. CooperVision is informed and believes and on that basis alleges that CIBA is the owner by assignment of all right, title and interest in and to this patent. A true and correct copy of the '894 patent is attached hereto as Exhibit F.

11. Each of the foregoing patents lists a common set of inventors, the first of whom is Paul Clement Nicolson, and on their cover pages specify a common related United States Application No. 08/301,166. Collectively, they are referred to in this Complaint as the "Nicolson Patents."

## COMMON ALLEGATIONS

12. On December 6, 2005, CooperVision received approval from the United States Food and Drug Administration ("FDA") to market in commerce contact lenses using its material comfilcon A for certain indications pursuant to Application No. K052560. CooperVision's comfilcon A lenses use the Biofinity brand name. These approved lenses are referred to in this Complaint as the "Biofinity lenses."

13. Shortly thereafter, CooperVision publicly announced the FDA approval and further announced that it would begin selling the Biofinity lenses in the United States during 2006. CooperVision has distributed Biofinity lenses in the United States.

14. Upon learning of the imminent release of the Biofinity lenses, CIBA made clear to CooperVision that CIBA believed the Biofinity lenses infringed the Nicolson Patents and that

CIBA would assert its patent rights against CooperVision upon commercial launch of the Biofinity line of lenses in the United States. CIBA has been aggressively asserting the Nicolson Patents and other patents in the industry.

15. CooperVision reasonably apprehends that it will imminently be sued by CIBA for infringement of the Nicolson Patents. There is an actual and justiciable controversy between CooperVision and CIBA as to whether CooperVision's Biofinity lenses infringe the Nicolson patents.

## CLAIMS FOR RELIEF

### COUNT I

**(Declaration of Non-infringement of any Valid and Enforceable Claim of the '100 patent)**

16. CooperVision re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as set forth above.

17. The manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses does not infringe any valid and enforceable claims of the '100 patent, either directly or under the doctrine of equivalents.

18. CooperVision is not contributing to or inducing infringement of any valid and enforceable claims of the '100 patent by the manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses.

19. One or more claims of the '100 patent are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101, *et seq.*

20. A judicial declaration that CooperVision's Biofinity lenses do not infringe any valid and enforceable claims of the '100 patent is necessary and appropriate at this time so that CooperVision can ascertain its rights and duties.

## COUNT II

**(Declaration of Non-infringement of any Valid and Enforceable Claim of the '999 patent)**

21.     CooperVision re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as set forth above.

22.     The manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses does not infringe any valid and enforceable claims of the '999 patent, either directly or under the doctrine of equivalents.

23.     CooperVision is not contributing to or inducing infringement of any valid and enforceable claims of the '999 patent by the manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses.

24.     One or more claims of the '999 patent are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101, *et seq.*

25.     A judicial declaration that CooperVision's Biofinity lenses do not infringe any valid and enforceable claims of the '999 patent is necessary and appropriate at this time so that CooperVision can ascertain its rights and duties.

## COUNT III

**(Declaration of Non-infringement of any Valid and Enforceable Claim of the '461 patent)**

26.     CooperVision re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as set forth above.

27.     The manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses does not infringe any valid and enforceable claim of the '461 patent, either directly or under the doctrine of equivalents.

28.  CooperVision is not contributing to or inducing infringement of any valid and enforceable claims of the '461 patent by the manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses.

29.  One or more claims of the '461 patent are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101, *et seq.*

30.  A judicial declaration that CooperVision's Biofinity lenses do not infringe any valid and enforceable claims of the '461 patent is necessary and appropriate at this time so that CooperVision can ascertain its rights and duties.

## COUNT IV

**(Declaration of Non-infringement of any Valid and Enforceable Claim of the '811 patent)**

31.  CooperVision re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as set forth above.

32.  The manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses does not infringe any valid and enforceable claims of the '811 patent, either directly or under the doctrine of equivalents.

33.  CooperVision is not contributing to or inducing infringement of any valid and enforceable claims of the '811 patent by the manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses.

34.  One or more claims of the '811 patent are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101, *et seq.*

35.  A judicial declaration that CooperVision's Biofinity lenses do not infringe any valid and enforceable claims of the '811 patent is necessary and appropriate at this time so that CooperVision can ascertain its rights and duties.

## COUNT V

**(Declaration of Non-infringement of any Valid and Enforceable Claim of the '631 patent)**

36.   CooperVision re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 inclusive, as set forth above.

37.   The manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses does not infringe any valid and enforceable claim of the '631 patent, either directly or under the doctrine of equivalents.

38.   CooperVision is not contributing to or inducing infringement of any valid and enforceable claim of the '631 patent by the manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses.

39.   One or more claims of the '631 patent are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101, *et seq*.

40.   A judicial declaration that CooperVision's Biofinity lenses do not infringe any valid and enforceable claims of the '631 patent is necessary and appropriate at this time so that CooperVision can ascertain its rights and duties.

## COUNT VI

**(Declaration of Non-infringement of any Valid and Enforceable Claim of the '894 patent)**

41.   CooperVision re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as set forth above.

42.   The manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses does not infringe any valid and enforceable claim the '894 patent, either directly or under the doctrine of equivalents.

43.  CooperVision is not contributing to or inducing infringement of any valid and enforceable claim of the '894 patent by the manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses.

44.  One or more claims of the '894 patent are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101, *et seq.*

45.  A judicial declaration that CooperVision's Biofinity lenses do not infringe any valid and enforceable claims of the '894 patent is necessary and appropriate at this time so that CooperVision can ascertain its rights and duties.

## **PRAYER FOR RELIEF**

WHEREFORE, CooperVision prays for relief as follows:

A.  For judgment in its favor on all claims for relief;

B.  For a declaration that CooperVision's Biofinity contact lenses do not infringe any valid and enforceable claim of the Nicolson Patents;

C.  For a declaration that one or more claims of each of the patents-in-suits are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101 *et seq.*;

D.  For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; and

E.  For an award of such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

CooperVision hereby demands a trial by jury on each and every issue as to which it has a right.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
  Attorneys for Plaintiff
  CooperVision, Inc.

OF COUNSEL:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
Tel: (310) 277-1010

April 11, 2006

515397