IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPERVISION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-239-SLR |
| ) | |
| CIBA VISION CORP., ) | |
| ) | |
| Defendant. ) | |

ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

**Demand For Jury Trial**

Defendant, CIBA VISION CORPORATION ("CIBA"), by and through its attorneys, YOUNG CONAWAY STARGATT & TAYLOR LLP and BANNER & WITCOFF. LTD., and for its Answer to the Plaintiff, COOPERVISION, INC.'s ("CooperVision") Complaint, alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This action arises under the Untied States Patent Act, 35 U.S.C. § 101, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

RESPONSE: CIBA admits the allegations contained in paragraph 1 of the Complaint for Declaratory Judgment.

2. Plaintiff CooperVision is a Corporation organized and existing under the laws of the State of New York. It has its principal place of business in Fairport, New York, and does business in the District of Delaware.

RESPONSE: CIBA is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

3. CooperVision is informed and believes and on that basis alleges that CIBA is a corporation organized and existing under the laws of the State of Delaware. CooperVision is informed and believes and on that basis alleges that CIBA has its

principal place of business in Duluth, Georgia, and does business in the District of Delaware.

RESPONSE: CIBA admits that it is a corporation organized and existing under the laws of the State of Delaware. CIBA admits that it has its principal place of business in Duluth, Georgia, and does business in the District of Delaware. CIBA is without knowledge or information sufficient to form a belief as to the truth of the other averments contained in this paragraph.

4.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331 and 1338(a), and venue in this District is proper under 28 U.S.C. § 1391.

RESPONSE: CIBA admits the allegations contained in paragraph 4 of the Complaint for Declaratory Judgment.

## THE PATENTS-IN-SUIT

5.   United States Patent No. 5,760,100 ("the '100 patent"), entitled "Extended wear ophthalmic lens," was issued on June 2, 1998. A Reexamination Certificate for the '100 patent was issued on November 14, 2000. CooperVision is informed and believes and on that basis alleges that CIBA is the owner by assignment of all right, title and interest in and to this patent. A true and correct copy of the '100 patent is attached hereto as Exhibit A.

RESPONSE: CIBA admits the allegations contained in paragraph 5 of the Complaint for Declaratory Judgment.

6.   United States Patent No. 5,776,999 ("the '999 patent"), entitled "Methods of using and screening extended wear ophthalmic lenses," was issued on July 7, 1998. A Reexamination Certificate for the '999 patent was issued on November 21, 2000. CooperVision is informed and believes and on that basis alleges that CIBA is the owner by assignment of all right, title and interest in and to this patent. A true and correct copy of the '999 patent is attached hereto as Exhibit B.

RESPONSE: CIBA admits the allegations contained in paragraph 6 of the Complaint for Declaratory Judgment.

7.   United States Patent No. 5,789,461 ("the '461 patent"), entitled "Methods of forming an extended wear ophthalmic lens having a hydrophilic surface," was

issued on August 4, 1998. A Reexamination Certificate for the '461 patent was issued on November 21, 2000. CooperVision is informed and believes and on that basis alleges that CIBA is the owner by assignment of all right, title and interest in and to this patent. A true and correct copy of the '461 patent is attached hereto as Exhibit C.

RESPONSE: CIBA admits the allegations contained in paragraph 7 of the Complaint for Declaratory Judgment.

    8.    United States Patent No. 5,849,811 ("the '811 patent"), entitled "Extended wear ophthalmic lens," was issued on December 15, 1998. A Reexamination Certificate for the '811 patent was issued on November 14, 2000. CooperVision is informed and believes and on that basis alleges that CIBA is the owner by assignment of all right, title and interest in and to this patent. A true and correct copy of the '811 patent is attached hereto as Exhibit D.

RESPONSE: CIBA admits the allegations contained in paragraph 8 of the Complaint for Declaratory Judgment.

    9.    United States Patent No. 5,965,631 ("the '631 patent"), entitled "Extended wear ophthalmic lens," was issued on October 12, 1999. CooperVision is informed and believes and on that basis alleges that CIBA is the owner by assignment of all right, title and interest in and to this patent. A true and correct copy of the '631 patent is attached hereto as Exhibit E.

RESPONSE: CIBA admits the allegations contained in paragraph 9 of the Complaint for Declaratory Judgment.

    10.    United States Patent No. 6,951,894 ("the '894 patent"), entitled "Extended wear ophthalmic lens," was issued on October 4, 2005. CooperVision is informed and believes and on that basis alleges that CIBA is the owner by assignment of all right, title and interest in and to this patent. A true and correct copy of the '894 patent is attached hereto as Exhibit F.

RESPONSE: CIBA admits the allegations contained in paragraph 10 of the Complaint for Declaratory Judgment.

    11.    Each of the foregoing patents lists a common set of inventors, the first of whom is Paul Clement Nicolson, and on their cover pages specify a common related United States Application No. 08/301,166. Collectively, they are referred to in this Complaint as the "Nicolson Patents."

RESPONSE: CIBA admits the allegations contained in paragraph 11 of the Complaint for Declaratory Judgment.

## COMMON ALLEGATIONS

12. On December 6, 2005, CooperVision received approval from the United States Food and Drug Administration ("FDA") to market in commerce contact lenses using its material comfilcon A for certain indications pursuant to Application No. K052560. CooperVision's comfilcon A lenses use the Biofinity brand name. These approved lenses are referred to in this Complaint as the "Biofinity lenses."

RESPONSE: CIBA is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

13. Shortly thereafter, CooperVision publicly announced the FDA approval and further announced that it would begin selling the Biofinity lenses in the United States during 2006. CooperVision has distributed Biofinity lenses in the United States.

RESPONSE: CIBA admits that CooperVision has represented to the public that its Biofinity lenses will be made available to the public in July 2006. CIBA is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph.

14. Upon learning of the imminent release of the Biofinity lenses, CIBA made clear to CooperVision that CIBA believed the Biofinity lenses infringed the Nicolson Patents and that CIBA would asserts its patent rights against CooperVision upon commercial launch of the Biofinity line of lenses in the United States. CIBA has been aggressively asserting the Nicolson Patents and other patents in the industry.

RESPONSE: CIBA denies the allegations contained in paragraph 14 of the Complaint for Declaratory Judgment.

15. CooperVision reasonably apprehends that it will imminently be sued by CIBA for infringement of the Nicolson Patents. There is an actual and justiciable controversy between CooperVision and CIBA as to whether CooperVision's Biofinity lenses infringe the Nicolson patents.

4

RESPONSE: On information and belief, CIBA admits that there is an actual and justiciable controversy between CooperVision and CIBA as to whether CooperVision's Biofinity lenses infringe the Nicolson patents. CIBA is without knowledge or information sufficient to form a belief as to the other averments contained in this paragraph including, but not limited to, CooperVision's alleged apprehension of suit and whether any such alleged apprehension was reasonable.

## CLAIMS FOR RELIEF

### COUNT I

**(Declaration of Non-infringement of any Valid and Enforceable Claim of the '100 patent)**

16. CooperVision re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as set forth above.

RESPONSE: CIBA re-alleges and incorporates herein by reference each and every one of its responses to paragraphs 1 through 15 of CooperVision's Complaint.

17. The manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses does not infringe any valid and enforceable claims of the '100 patent, either directly or under the doctrine of equivalents.

RESPONSE: On information and belief, CIBA denies the allegations contained in paragraph 17 of the Complaint for Declaratory Judgment.

18. CooperVision is not contributing to or inducing infringement of any valid and enforceable claims of the '100 patent by the manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses.

RESPONSE: On information and belief, CIBA denies the allegations contained in paragraph 18 of the Complaint for Declaratory Judgment.

19. One or more claims of the '100 patent are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101, *et seq.*

RESPONSE: CIBA denies the allegations contained in paragraph 19 of the Complaint for Declaratory Judgment.

20. A judicial declaration that CooperVision's Biofinity lenses do not infringe any valid and enforceable claims of the '100 patent is necessary and appropriate at this time so that CooperVision can ascertain its rights and duties.

RESPONSE: On information and belief, CIBA admits there is an actual and justiciable controversy between CooperVision and CIBA regarding the '100 patent. CIBA denies the other averments contained in this paragraph.

## COUNT II

**(Declaration of Non-infringement of any Valid and Enforceable Claim of the '999 patent)**

21. CooperVision re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 [sic], inclusive, as set forth above.

RESPONSE: CIBA re-alleges and incorporates herein by reference each and every one of its responses to paragraphs 1 through 20 of CooperVision's Complaint.

22. The manufacture, use, sale, offer for sale, or importation of CooperVision's Boifinity lenses does not infringe any valid and enforceable claims of the '999 patent, either directly or under the doctrine of equivalents.

RESPONSE: On information and belief, CIBA denies the allegations contained in paragraph 22 of the Complaint for Declaratory Judgment.

23. CooperVision is not contributing to or inducing infringement of any valid and enforceable claims of the '999 patent by the manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses.

RESPONSE: On information and belief, CIBA denies the allegations contained in paragraph 23 of the Complaint for Declaratory Judgment.

24. One or more claims of the '999 patent are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101, *et seq.*

RESPONSE: CIBA denies the allegations contained in paragraph 24 of the Complaint for Declaratory Judgment.

25. A judicial declaration that CooperVision's Biofinity lenses do not infringe any valid and enforceable claims of the '999 patent is necessary and appropriate at this time so that CooperVision can ascertain its rights and duties.

RESPONSE: On information and belief, CIBA admits there is an actual and justiciable controversy between CooperVision and CIBA regarding the '999 patent. CIBA denies the other averments contained in this paragraph.

## COUNT III

### (Declaration of Non-infringement of any Valid and Enforceable Claim of the '461 patent)

26. CooperVision re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 [sic], inclusive, as set forth above.

RESPONSE: CIBA re-alleges and incorporates herein by reference each and every one of its responses to paragraphs 1 through 25 of CooperVision's Complaint.

27. The manufacture, use, sale, offer of sale, or importation of CooperVision's Biofinity lenses does not infringe any valid and enforceable claim of the '461 patent, either directly or under the doctrine of equivalents.

RESPONSE: On information and belief, CIBA denies the allegations contained in paragraph 27 of the Complaint for Declaratory Judgment.

28. CooperVision is not contributing to or inducing infringement of any valid and enforceable claims of the '461 patent by the manufacture, sue, sale, offer for sale, or importation of CooperVision's Biofinity lenses.

RESPONSE: On information and belief, CIBA denies the allegations contained in paragraph 28 of the Complaint for Declaratory Judgment.

29. One or more claims of the '461 patent are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101, *et seq.*

RESPONSE: CIBA denies the allegations contained in paragraph 29 of the Complaint for Declaratory Judgment.

  30. A judicial declaration that CooperVision's Biofinity lenses do not infringe any valid and enforceable claims of the '461 patent is necessary and appropriate at this time so that CooperVision can ascertain its rights and duties.

RESPONSE: On information and belief, CIBA admits there is an actual and justiciable controversy between CooperVision and CIBA regarding the '461 patent. CIBA denies the other averments contained in this paragraph .

## COUNT IV

**(Declaration of Non-infringement of any Valid and Enforceable Claim of the '811 patent)**

  31. CooperVision re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 [sic], inclusive, as set forth above.

RESPONSE: CIBA re-alleges and incorporates herein by reference each and every one of its responses to paragraphs 1 through 30 of CooperVision's Complaint.

  32. The manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses does not infringe any valid and enforceable claims of the '811 patent, either directly or under the doctrine of equivalents.

RESPONSE: On information and belief, CIBA denies the allegations contained in paragraph 32 of the Complaint for Declaratory Judgment.

  33. CooperVision is not contributing to or inducing infringement of any valid and enforceable claims of the '811 patent by the manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses.

RESPONSE: On information and belief, CIBA denies the allegations contained in paragraph 33 of the Complaint for Declaratory Judgment.

  34. One of more claims of the '811 patent are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101, *et seq.*

RESPONSE: CIBA denies the allegations contained in paragraph 34 of the Complaint for Declaratory Judgment.

      35.    A judicial declaration that CooperVision's Biofinity lenses do not infringe any valid and enforceable claims of the '811 patent is necessary and appropriate at this time so that CooperVision can ascertain its rights and duties.

RESPONSE: On information and belief, CIBA admits there is an actual and justiciable controversy between CooperVision and CIBA regarding the '811 patent. CIBA denies the other averments contained in this paragraph.

## COUNT V

**(Declaration of Non-infringement of any Valid and Enforceable Claim of the '631 patent)**

      36.    CooperVision re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 [sic] inclusive, as set forth above.

RESPONSE: CIBA re-alleges and incorporates herein by reference each and every one of its responses to paragraphs 1 through 35 of CooperVision's Complaint.

      37.    The manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses does not infringe any valid and enforceable claim of the '631 patent, either directly or under the doctrine of equivalents.

RESPONSE: On information and belief, CIBA denies the allegations contained in paragraph 37 of the Complaint for Declaratory Judgment.

      38.    CooperVision is not contributing to or inducing infringement of any valid and enforceable claim of the '631 patent by the manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses.

RESPONSE: On information and belief, CIBA denies the allegations contained in paragraph 38 of the Complaint for Declaratory Judgment.

      39.    One or more claims of the '631 patent are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101, *et seq.*

RESPONSE: CIBA denies the allegations contained in paragraph 39 of the Complaint for Declaratory Judgment.

    40.    A judicial declaration that CooperVision's Biofinity lenses do not infringe any valid and enforceable claims of the '631 patent is necessary and appropriate at this time so that CooperVision can ascertain its rights and duties.

RESPONSE: On information and belief, CIBA admits there is an actual and justiciable controversy between CooperVision and CIBA regarding the '631 patent. CIBA denies the other averments contained in this paragraph.

## COUNT VI

**(Declaration of Non-infringement of any Valid and Enforceable Claim of the '894 patent)**

    41.    CooperVision re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 [sic], inclusive, as set forth above.

RESPONSE: CIBA re-alleges and incorporates herein by reference each and every one of its responses to paragraphs 1 through 40 of CooperVision's Complaint.

    42.    The manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses does not infringe any valid and enforceable claim the '894 patent, either directly or under the doctrine of equivalents.

RESPONSE: On information and belief, CIBA denies the allegations contained in paragraph 42 of the Complaint for Declaratory Judgment.

    43.    CooperVision is not contributing to or inducing infringement of any valid and enforceable claim of the '894 patent by the manufacture, use, sale, offer for sale, or importation of CooperVision's Biofinity lenses.

RESPONSE: On information and belief, CIBA denies the allegations contained in paragraph 43 of the Complaint for Declaratory Judgment.

    44.    One or more claims of the '894 patent are invalid for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. § 101, *et seq.*

RESPONSE: CIBA denies the allegations contained in paragraph 44 of the Complaint for Declaratory Judgment.

    45.    A judicial declaration that CooperVision's Biofinity lenses do not infringe any valid and enforceable claims of the '894 patent is necessary and appropriate at this time so that CooperVision can ascertain its rights and duties.

RESPONSE: On information and belief, CIBA admits there is an actual and justiciable controversy between CooperVision and CIBA regarding the '894 patent. CIBA is denies the other averments contained in this paragraph.

### JURY DEMAND

CIBA demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

A)    For a judgment in its favor on all claims for relief;

B)    For CooperVision to be required to produce samples of its Biofinity contact lenses and, if any lenses are found by CIBA to infringe the Nicolson patents:

    1)    For leave under Fed. R. Civ. P. 15(a) to amend CIBA's answer to assert counterclaim(s) for any Nicolson patents infringed by the Biofinity contact lenses;

    2)    That CooperVision, its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them who received actual notice of this order by personal service or otherwise, be enjoined and prohibited from making, using, selling, offering for sale, or importing into the United States, the patented inventions of any infringed claims in any asserted Nicolson patents, and from active inducement of the identified claims of the identified patents, for the

full terms of the patents, the injunction extending CooperVision's Biofinity lenses and to those lenses no more than colorably different from the Biofinity lenses;

3) For a declaration and judgment under 35 U.S.C. § 271 and Fed. R. Civ. P. 54 that CooperVision's Biofinity lenses infringe any asserted Nicolson patents;

4) For CooperVision to be directed to provide an accounting to determine the damages suffered by CIBA as a result of CooperVision's infringing conduct, such damages including, but not limited to, CIBA's lost profits on sales of the infringing products;

5) For CooperVision to be directed to pay CIBA the amount of damages that CIBA has sustained as a result of CooperVision's acts of patent infringement, and that such damages be trebled under 35 U.S.C. § 284;

6) For CooperVision to be directed to pay CIBA an award of pre-judgment interest, post-judgment interest, and costs of suit;

C) For a declaration that CooperVision's Biofinity contact lenses infringe the patents-in-suit;

D) For a declaration that the claims in the patents-in-suit are valid and enforceable;

E) For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and that CIBA be awarded its attorneys' fees and costs; and

F) For an award of such other and further relief as this Court deems just and proper.

July 5, 2006

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

Robert F. Altherr
BANNER & WITCOFF, LTD.
1001 G Street, N.W., 11th Floor
Washington, DC 20001
Telephone: (202) 508-9100
Facsimile: (202) 508-9299

Timothy C. Meece
Thomas K. Pratt
Shawn P. Gorman
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, Illinois 60606-7407
Telephone: 312-463-5000
Facsimile: 312-463-5001

*Attorneys for Defendant,*
*CIBA Vision Corporation*

DB02:5407144.1                                                                                              065274.1001

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on July 5, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send e-mail notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> jbbefiling@mnat.com

I further certify that on July 5, 2006, I caused a copy of the foregoing document to be served on the above-listed counsel of record by e-mail [jblumenfeld@mnat.com] and hand delivery, and on the following pro hac vice counsel in the manner indicated below:

> ***By E-Mail***
>
> Morgan Chu [mchu@irell.com]
> David I. Gindler [dgindler@irell.com]
> IRELL & MANELLA LLP
> 1800 Avenue of the Stars, Suite 900
> Los Angeles, CA  90067
> (310) 277-1010

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Karen L. Pascale
> _____
> Karen L. Pascale (No. 2903)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
> kpascale@ycst.com
>
> *Attorneys for Defendant, CIBA Vision Corp.*