IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPERVISION, INC., )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>CIBA VISION CORP., )<br>  )<br>Defendant. ) | C.A. No. 06-239-SLR |

## SCHEDULING ORDER

At Wilmington this _____ day of _____ 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged on or before **October 26, 2006** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a)   Discovery will be needed on the following subjects:

    1. Development, testing, design and manufacture of Biofinity lenses;

    2. Advertisement and marketing of Biofinity lenses;

    3. FDA and other regulatory agency approval and correspondence regarding Biofinity lenses;

    4. The patents-in-suit, including prosecution before the U.S. Patent & Trademark Office and conception, reduction to practice, and development.

    5. Development, testing, design and manufacture of CIBA lenses that practice the claimed inventions;

6. All prior art asserted as a basis for invalidity of the claims of the patents-in-suit;

7. All other bases of alleged invalidity and/or unenforceability of the patents-in-suit;

8. Previous litigations involving the patents-in-suit, and proceedings involving foreign counterparts to the patents-in-suit.

9. Discovery regarding 35 U.S.C. § 285.

10. If CIBA receives leave to assert a counterclaim of infringement, discovery relating to damages may need to occur, including.

- Sales, and importing of Biofinity lenses;

- Financial information, e.g., revenues, costs and profits relating to sales of Biofinity lenses;

- Licenses relating to contact lens patents and/or technology;

- Facts relating to alleged willful infringement.

(b) All fact discovery shall be commenced in time to be completed by **November 1, 2007**.

(1) Document production shall be completed on or before **March 30, 2007.**

(2) Maximum of **50** interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged

by the level of detail each party provides, i.e., the more detail a party provides, the more detail a party shall receive.

(4)    Maximum of **150 substantive** requests for admission by each party to any other party, and an unlimited number of requests for authentication.

(5)    In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6)

**CIBA:** Maximum of **20** fact depositions by plaintiff(s) and **20** by defendant(s). Each fact deposition limited to a maximum of **7** hours unless extended by agreement of parties.
**CooperVision:** Maximum of **200 hours** of fact depositions by plaintiff(s) and **200 hours** by defendant(s). Each fact deposition limited to a maximum of **7 hours** unless extended by agreement of the parties or court order, except for depositions of inventors and patent prosecutors, which shall be limited to a maximum of **14** hours unless extended by agreement of parties or court order.

(c)    Expert discovery shall be commenced in time to be completed by **February 15, 2008**.

(1)    Expert reports on issues for which the parties have the burden of proof due **November 19, 2007**. Rebuttal expert reports due **December 19, 2007.**

(2)    Expert depositions to be limited to a maximum of **14** hours unless extended by agreement of the parties.

(3)    All <u>Daubert</u> motions shall be filed on or before **March 15, 2008**.

(d)    If willfulness has been asserted and absent agreement among the parties, the counterclaim defendant must inform the counterclaim plaintiff as to whether it intends to rely

3

on advice of counsel by **August 27, 2007**. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by the counterclaim defendant to its counsel and whatever other materials related to the issues in dispute that the counterclaim defendant had in its possession at the time the advice was sought.

   (e) Supplementations under Rule 26(e) must be made **at least one time with the last supplementation being no later than forty-five (45) days prior to the end of fact discovery**.

   (f) **Discovery Disputes.**

     (1) The court shall conduct in-person discovery status conferences [**on or about June 1, 2007**] from _____m. to _____m., any subsequent conference to be determined by the Court, the time to be allocated equally among the parties.

     (2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

     (3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

   (g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours

per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

   3.   **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **August 13, 2007**.

   4.   **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

   5.   **Claim Construction Issue Identification.**

**CIBA believes that an early Markman ruling would improve the efficiency of discovery and briefing, and would generally be beneficial in this case. The United States District Court for the Northern District of Georgia, Gainesville Division issued an Order construing certain claim terms found in the claims of the patents-in-suit. In view of this prior Order, CIBA proposes the following Markman schedule.**

| | |
|---|---|
| **Parties exchange disputed claim terms and proposed construction of those terms** | July 15, 2007 |
| **Opening claim construction briefs** | August 15, 2007 |
| **Responsive briefs** | September 1, 2007 |
| **Markman hearing** | September 15, 2007 |

**CooperVision disagrees with CIBA's position and believes that conducting claim construction after fact and expert discovery will allow the parties to narrow the issues that need to be presented to the Court.**

If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on **April 1, 2008**, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will

meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **May 15, 2008. Answering briefs shall be served and filed on June 15, 2008, and reply briefs on June 29, 2008.** Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have meaning to a person of ordinary skill in the art that differs from the ordinary dictionary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **April 15, 2008**, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on **May 15, 2008**. Simultaneous response briefs should be filed by **June 15, 2008**. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on _____ at _____ .m.

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

    (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

  9. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

  10. **Pretrial Conference.** A pretrial conference will be held on _____ at _____ m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.

  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

  11. **Trial.** This matter is scheduled for a **4 week** bench/jury trial commencing on _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

                _____
                UNITED STATES DISTRICT JUDGE

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

October 25, 2006

**BY E-FILE**

Honorable Sue L. Robinson
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:    <u>CooperVision, Inc. v. CIBA Vision Corp.</u>, C.A. No. 06-239-SLR

Dear Chief Judge Robinson:

    In anticipation of the telephonic Rule 16 initial scheduling conference set for tomorrow, October 26, 2006, and accordance with the Court's September 26, 2006 Order (D.I. 11), I enclose for the Court's consideration a proposed form of scheduling order. The parties have agreed to nearly all of its terms, and the two remaining areas of dispute are highlighted.

    Respectfully submitted,

    /s/ Karen L. Pascale

    Karen L. Pascale (#2903)
    [kpascale@ycst.com]
    *Attorney for Defendant,*
    *CIBA Vision Corp.*

Enclosure

cc:    Jack B. Blumenfeld, Esq. (with enclosure) (by hand and e-mail)
        Jason G. Sheasby, Esq. (with enclosure) (by e-mail)

DB02:5577492.1

065274.1001