IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPERVISION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-239 (SLR) |
| ) | |
| CIBA VISION CORP., ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF SUBPOENA (JOHNSON & JOHNSON VISION CARE)**

PLEASE TAKE NOTICE that the attached subpoena will be served on:

Johnson & Johnson Vision Care, Inc.
c/o CT Corporation System
1200 S. Pine Island Road
Plantation, FL  33324

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                /s/ *Leslie A. Polizoti (#3778)*
                _____
                Jack B. Blumenfeld (#1014)
                Leslie A. Polizoti (#4299)
                1201 N. Market Street
                P.O. Box 1347
                Wilmington, DE  19899
                (302) 658-9200
                lpolizoti@mnat.com
                  Attorneys for Plaintiff
                  CooperVision, Inc

OF COUNSEL:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010

November 21, 2006
546688

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT
<u>    SOUTHERN    </u> DISTRICT OF <u>FLORIDA</u>

COOPERVISION, INC.

v.

CIBA VISION CORP.

## SUBPOENA IN A CIVIL CASE

Case Number:[1]  C.A. No. 06-239 (SLR)
(District of Delaware)

TO: Johnson & Johnson Vision Care, Inc., c/o CT Corporation System, 1200 S. Pine Island Rd, Plantation, FL 33324

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[x] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A, appended hereto.

| PLACE | DATE AND TIME |
|---|---|
| Florida Legal Process, Inc., 19 West Flagler St., Suite 808, Miami FL 33130 | December 12, 2006, 9:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiff | November 21, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Jonathan Steinsapir, Irell & Manella LLP, 1800 Ave of the Stars, Suite 900, Los Angeles, CA 90067 (310) 277-1010

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO 88 (Rev. 11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

## DEFINITIONS

The following definitions apply to the requests listed below:

1. "COOPERVISION" shall mean Plaintiff and the issuer of this subpoena CooperVision, Inc. and all related entities, parents, subsidiaries or divisions, and any predecessor or successor entities, including without limitation Ocular Sciences, Inc. and The Cooper Companies, and any agents, employees, or officers of the foregoing.

2. "JOHNSON & JOHNSON" "YOU," or "YOUR" shall mean Johnson & Johnson Vision Care, Incorporated, and all related entities, parents, subsidiaries or divisions, and any predecessor or successor entities, and any agents, employees, or officers of the foregoing

3. "CIBA" shall mean CIBA Vision Corp., and all related entities, parents, subsidiaries, or divisions, and any predecessor or successor entities, including without limitation Novartis AG, and any agents, employees, or officers of the foregoing.

4. "DOCUMENT" or "DOCUMENTS" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rules of Evidence Rule 1001 or "document" as used in Federal Rules of Civil Procedure Rule 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

5. "COMMUNICATION" shall mean any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-

office correspondence, telephone, telegraph, telex, telecopies, cable communicating data processors, e-mail, or some other electronic or other medium.

6. "RELATING TO" shall be construed to mean embodying, comprising, referring to, constituting, containing, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, stating, or pertaining in any way to, in whole or in part, the stated subject matter. DOCUMENTS and COMMUNICATIONS "relating to" or that "relate(s) to" the subject matter specified in a Document Request include, without limitation, DOCUMENTS and COMMUNICATIONS underlying or supporting, or utilized in the preparation of, any DOCUMENTS or COMMUNICATIONS responsive to each Document Request.

7. The word "all" shall mean "any and all" and the word "including" shall mean "including without limitation," as appropriate in order to bring within the scope of these requests DOCUMENTS that might otherwise be beyond their scope.

8. The "'100 PATENT" shall mean United States Patent No. 5,760,100, entitled "Extended wear ophthalmic lens," which was issued on or around June 2, 1998 (and for which a Reexamination Certificate was issued on or around November 14, 2000).

9. The "'999 PATENT" shall mean United States Patent No. 5,776,999, entitled "Methods of using and screening extended wear ophthalmic lenses," which was issued on or around July 7, 1998 (and for which a Reexamination Certificate was issued on or around November 21, 2000).

10. The "'461 PATENT" shall mean United States Patent No. 5,789,461, entitled "Methods of forming an extended wear ophthalmic lens having a hydrophilic surface," which was issued on or around August 4, 1998 (and for which a Reexamination Certificate was issued on or around November 21, 2000).

11. The "'811 PATENT" shall mean United States Patent No. 5,849,811, entitled "Extended wear ophthalmic lens," which was issued on or around December 15,

1998 (and for which a Reexamination Certificate was issued on or around November 14, 2000).

12. The "'631 PATENT" shall mean United States Patent No. 5,965,631, entitled "Extended wear ophthalmic lens," which was issued on or around October 12, 1999.

13. The "'894 PATENT" shall mean United States Patent No. 6,951,894, entitled "Extended wear ophthalmic lens," which was issued on or around October 4, 2005.

14. The "NICOLSON PATENTS" shall mean the '100 PATENT, the '999 PATENT, the '461 PATENT, '811 PATENT, 'the 631 PATENT, and the '894 PATENT.

15. The "NICOLSON PATENT FAMILY" shall mean the NICOLSON PATENTS, any applications that claim priority to one of the NICOLSON PATENTS, any applications that share in whole or in part a common priority application or a common specification with one of the NICOLSON PATENTS, such as United States Application No. 08/301,166, any patents that issue from any of the foregoing, any reexaminations, reissues, or corrections, or modifications of the foregoing, and foreign equivalents of the foregoing.

16. The "BIOFINITY LENSES" shall mean those soft contact lenses marketed under the name "Biofinity," or using the material comfilcon A, which were approved by the United States Food and Drug Administration on December 6, 2005, for marketing in commerce for certain indications.

17. The "CIBA LITIGATIONS" shall mean any litigation between CIBA and YOU (or any related entity, parent, subsidiary, or division) regarding the NICOLSON PATENTS or the NICOLSON PATENT FAMILY, and the following actions: Case Nos. 06-CV-00300, 06-CV-00301, 04-CV-00115, 03-CV-00800, 04-CV-01297, 05-CV-00135 (United States District Court for the Middle District of Florida),

and Case No. 2:04-CV-00115 (United States District Court for the Northern District of Georgia).

18.  "FOREIGN PROCEEDINGS" shall mean any judicial or administrative proceeding outside of the United States involving any patent or application in the NICOLSON PATENT FAMILY, including, without limitation, proceedings in Germany, the European Patent Office, Ireland, or Australia, regarding patents or applications in the NICOLSON PATENT FAMILY.

19.  "PRIOR ART" shall be construed in accordance with the meaning given that term in Title 35 of the United States Code and interpretations provided by the federal judiciary.

20.  "PERSON" shall mean and refer to the plural as well as the singular of any natural individual, or any corporation, firm, partnership, business association, legal or governmental entity, or any other group.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS filed in the U.S. Patent and Trademark Office, or in a foreign equivalent thereof (such as, for example, the European Patent Office), RELATING TO a patent or application in the NICOLSON PATENT FAMILY.

**REQUEST NO. 2:**

All COMMUNICATIONS between YOU and the U.S. Patent and Trademark Office, or a foreign equivalent thereof (such as, for example, the European Patent Office), RELATING TO a patent or application in the NICOLSON PATENT FAMILY.

**REQUEST NO. 3:**

All DOCUMENTS filed with or by the court(s) in the CIBA LITIGATIONS.

**REQUEST NO. 4:**

All DOCUMENTS provided, disclosed, or produced by CIBA or any third party in the CIBA LITIGATIONS or the FOREIGN PROCEEDINGS.

**REQUEST NO. 5:**

All letters or COMMUNICATIONS sent by one party to another party in the CIBA LITIGATIONS or the FOREIGN PROCEEDINGS.

**REQUEST NO. 6:**

All DOCUMENTS filed with or by a court or administrative agency in the FOREIGN PROCEEDINGS.

**REQUEST NO. 7:**

All presentations, tutorials, discovery requests and responses, disclosures, expert reports, settlement agreements, transcripts (including from trials, depositions, hearings, oral arguments, and tutorials), exhibits associated with the transcripts, and trial and hearing exhibits from the CIBA LITIGATIONS or the FOREIGN PROCEEDINGS.

**REQUEST NO. 8:**

All DOCUMENTS served in the CIBA LITIGATIONS or the FOREIGN PROCEEDINGS, excluding document productions in response to requests for production, but including pleadings, motions and supporting memoranda, letters to the court, briefs, statements, and privilege logs.

**REQUEST NO. 9**:

All DOCUMENTS or COMMUNICATIONS RELATING TO any payments, fees, or consideration of any kind exchanged between YOU and CIBA regarding the use of technology embodied, described or claimed in a patent or application in the NICOLSON PATENT FAMILY.

**REQUEST NO. 10**:

All agreements, contracts or licenses involving CIBA RELATING TO the use of technology embodied, described, disclosed or claimed in a patent or application in the NICOLSON PATENT FAMILY.

**REQUEST NO. 11**:

All DOCUMENTS and COMMUNICATIONS RELATING TO anything YOU have ever contended is invalidating PRIOR ART (whether alone or in combination with other information) to any claim in a patent or application in the NICOLSON PATENT FAMILY.

**REQUEST NO. 12**:

All DOCUMENTS and COMMUNICATIONS RELATING TO anything YOU have ever contended is relevant to the invalidity or unenforceability of any claim in a patent or application in the NICOLSON PATENT FAMILY.

**REQUEST NO. 13**:

All COMMUNICATIONS by CIBA or DOCUMENTS authored by CIBA RELATING TO the BIOFINITY LENSES or any patent or application in the NICOLSON PATENT FAMILY.

## CERTIFICATE OF SERVICE

I, Leslie A. Polizoti, hereby certify that on November 21, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Karen L. Pascale
> Young, Conaway, Stargatt & Taylor LLP

I also certify that copies were caused to be served on November 21, 2006 upon the following in the manner indicated:

### BY HAND

Karen L. Pascale
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

### BY FEDERAL EXPRESS

John P. Iwanicki
Banner & Witcoff, Ltd.
28 State Street
Boston, MA  02109

/s/ Leslie A. Polizoti
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE  19801
(302) 658-9200
lpolizoti@mnat.com