# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

June 28, 2007

**BY CM/ECF**

Honorable Sue L. Robinson
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:    <u>CooperVision, Inc. v. CIBA Vision Corp.</u>, C.A. No. 06-239-SLR

Dear Chief Judge Robinson:

    In accordance with your instructions to the parties at the discovery conference held on June 14, 2007, defendant CIBA Vision Corporation submits herewith its proposed protective order. It is believed that the parties are agreed to all of the terms of the proposed protective order, except for <u>Paragraphs 4(a)(vi) and 6</u>. These paragraphs appear in bold type on the enclosed proposal.

    1.    **Paragraph 4(a)(vi) – Access by party employees**. CIBA Vision's proposal permits a maximum of two (2) employees of a party who are assigned to and necessary to assist in the conduct of this action to be accorded access to Confidential and Highly Confidential Information, provided the employees do not participate in competitive decision-making, as defined in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for any party. No Confidential Information or Highly Confidential Information shall be disclosed to these employees until and after the designated employees are identified by name and title to parties to this action and the designated employees have executed the written agreement annexed as Exhibit A of the protective order (the same undertaking to be signed by experts, i.e., agreeing to be bound by the protective order and subject to the jurisdiction of the Court). Paragraph 4(a)(vi) further provides that these employees shall only be permitted to view documents containing Confidential and Highly Confidential Information at the offices of their outside counsel of record in this action.

    CooperVision's Paragraph 4(a)(vi), by contrast, limits such access to one named in-house counsel for each party (Rob Gorman for CIBA and Muriel Haritchabalet for CooperVision). CIBA Vision requests that two such employees be provided access to ensure that CIBA can properly evaluate the case for settlement purposes. This will require access by at least one additional employee who does not participate in competitive decision making that is assigned to and necessary to assist in the conduct of this case.

DB02:6092301.1

065274.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Honorable Judge Sue L. Robinson
June 28, 2007
Page 2

2.  **Paragraph 6 – Patent prosecution bar**.  CooperVision seeks to have every lawyer who is accorded access to Confidential Information and Highly Confidential Information, both outside counsel and any in-house counsel designated under Paragraph 4(a)(vi), barred from involvement in the prosecution of any foreign or domestic patent applications, reexaminations, divsionals, continuations, continuations-in-part, or involvement in any proceeding in which the claim of a patent can be modified, involving a patent or application that relates to contract lens materials, for any client, for a period of at least two years after termination of this civil action by settlement or final, non-appealable judgment.  CIBA Vision's proposed Paragraph 6 is less draconian,  It does not preclude active members of the bar admitted to the practice of law from performing such work, as they are officers of the court bound by the Code of Professional Responsibility and are subject to sanctions should they use information subject to the protective order for any purpose other than this civil action.  Such measures are adequate safeguards.  *See U.S. Steel Corp., supra,* 730 F.2d at 1468.  Accordingly, the severe measures sought to be imposed by CooperVision, including limiting these lawyers from representing future clients, is not warranted.

Additionally, CooperVision's proposed Paragraph 6 is totally unworkable for CIBA Vision's in-counsel Mr. Gorman (whom CooperVision proposes to designate under paragraph 4(a)(vi)), in that Mr. Gorman has for the past five years been involved in a patent opposition proceeding in Europe on a foreign corresponding patent.  Under CooperVision's proposed paragraph 6, Mr. Gorman would be precluded from continuing to assist in the conduct of that European action on which he has worked for the last five years.

CIBA Vision believes that its proposed protective order adequately safeguards the interests of all parties.  Therefore, CIBA Vision respectfully requests that the Court enter the attached protective order.

Respectfully submitted,

*/s/ Karen L. Pascale/*

Karen L. Pascale (#2903)

Exhibit (Proposed Protective Order of Defendant CIBA Vision Corporation)

cc: Clerk of Court (via hand delivery)
    Jack B. Blumenfeld, Esquire (via hand delivery and e-mail)
    Rodger D. Smith II, Esquire (via hand delivery and e-mail)
    David I. Gindler, Esquire  (via e-mail)
    Jason G. Sheasby, Esquire (via e-mail)
    Robert F. Altherr, Jr., Esquire (via e-mail)
    Christopher B. Roth, Esquire (via e-mail)