IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPERVISION, INC. | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 06-239-SLR <br> ) |
| CIBA VISION CORPORATION, | ) <br> ) |
| Defendant. | ) <br> ) |

**[CIBA VISION'S PROPOSED]**
**STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR**
**DISCLOSURE OF CONFIDENTIAL INFORMATION**

WHEREAS, Plaintiff CooperVision, Inc. ("CooperVision") and Defendant CIBA Vision Corporation ("CIBA"), through counsel, stipulate to entry of this Protective Order Against Unauthorized Use or Disclosure of Confidential Information (the "Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

WHEREAS, the parties recognize that confidential information is being produced for use in this civil action;

IT IS HEREBY ORDERED that the following Order shall govern the treatment of confidential information produced by a party to this action or by a third-party ("Producing Party" or "Designating Party") to any other party ("Receiving Party") in the course of this civil action:

1.      The term "Confidential Information" as used in this Order includes all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties. Confidential Information that contains, embodies, or reflects technical information, sales and financial information, and research and development information may be designated by the Producing Party as "Highly Confidential Information."

Confidential Information or Highly Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information or Highly Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information or Highly Confidential Information shall also be treated respectively as Confidential Information or Highly Confidential Information.

2. Confidential Information and Highly Confidential Information shall be held in confidence by each person to whom it is disclosed, shall be used by the Receiving Party only for purposes of preparation and trial of this action and for no other purpose, and shall not be disclosed, either directly or indirectly, to any person who is not entitled to receive such information under this Order.

3. Produced documents and materials, deposition transcripts, interrogatory responses, responses to requests for admission and other documents, or any portions thereof, containing Confidential Information shall be marked by conspicuously affixing a legend, which includes the word "CONFIDENTIAL" on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes). Confidential Information further deemed by the Producing Party to be Highly Confidential Information subject to the provisions of this Order shall be so designated by affixing thereon the legend "HIGHLY CONFIDENTIAL." Such designation shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, or when the document or thing, or copy thereof, is provided to the Receiving Party. All documents, or any portion thereof, produced for inspection (but not yet

provided to the inspecting party) shall be presumptively deemed to contain Highly Confidential Information subject to the provisions of this Order, regardless of whether so identified by the legend "HIGHLY CONFIDENTIAL" until copies thereof are provided to the inspecting party. Any information, document or thing that bears both designations must be treated as Highly Confidential Information. The parties may designate material other than the produced documents as containing Confidential Information or Highly Confidential Information in the following manner:

        (a)    Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain Confidential Information or Highly Confidential Information that is to be made subject to the provisions of this Order. Alternatively, a Designating Party may designate testimony or information disclosed at a deposition, including exhibits, that contain Confidential Information or Highly Confidential Information by providing written notice to the reporter and counsel of record, within twenty-one (21) days after the Designating Party's receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information or Highly Confidential Information. Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to those individuals entitled to see Highly Confidential Information, from the taking of the deposition until twenty-one (21) days after actual receipt of the transcript by the Designating Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said twenty-one (21) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed

non-confidential. Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL if written notice is provided within said twenty-one (21) days. With regard to designations made during the deposition, the Designating Party shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Order and authorized as having access under such designation, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as Confidential Information or Highly Confidential Information under this Order.

    (b) Confidential Information or Highly Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties considers them to contain Confidential Information or Highly Confidential Information.

    4. (a) No information, documents or things identified as Confidential Information or Highly Confidential Information shall be disclosed to any person or entity except as set forth in this Order. Nothing contained in this Order shall affect the right of the Producing Party to disclose or use for any purpose the information, documents or things produced and/or designated by it as Confidential Information or Highly Confidential Information. Subject to the provisions of paragraph 5 herein, material designated as Confidential Information or Highly Confidential Information, and any summary, description or report containing such Highly Confidential Information, may be disclosed only to the following persons:

(i) the Court, persons employed by the Court, and stenographers or videographers transcribing or videotaping the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(ii) independent consultants and experts who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work. Independent experts or consultants, as used in this paragraph, shall not include any regular employee or agent of the receiving party, nor any regular employee or agent of a direct competitor of the Producing Party;

(iii) graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(iv) photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases, but only for so long as necessary to perform those services;

(v) the parties' outside counsel of record in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action;

(vi) **A maximum of two (2) employees of the party assigned to and necessary to assist in the conduct of this action; provided, however, that such employees do not participate in competitive decision-making, as defined in** *U. S. Steel Corp. v. United States,* **730 F.2d 1465 (Fed. Cir. 1984), for any of the parties. No Confidential Information or Highly Confidential Information shall be disclosed to these employees until and after the designated employees are identified by name and title to all parties to this**

**action and the designated employees have executed the written agreement annexed hereto as Exhibit A, and such employees shall only be permitted to view documents containing Confidential Information or Highly Confidential Information at the offices of their outside counsel of record in this action;**

(vii) any other persons who are mutually agreed upon in writing by the parties to this action (as provided for in paragraph 5(e)), or who are approved by the Court upon motion by any party to this action.

5. (a) A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

(b) No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraph 4(a)(ii) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

(c) Before individuals under subparagraph 4(a)(ii) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's completed and signed undertaking attached hereto as Exhibit A as well as the individual's curriculum vitae setting forth his or her name, address, qualifications, relevant work experience and affiliations. This information shall be served by the Receiving Party on the Producing Party. Consent to the disclosure shall not be unreasonably

withheld. If the Producing Party objects, it shall provide the basis for the objection in writing within seven (7) business days of receipt of the submission of the signed undertaking and curriculum vitae by email. If the Producing Party does not object in writing, within seven (7) business days from receipt of the undertaking and curriculum vitae, Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or expert. If timely objection is made, the parties shall meet and confer in good faith to resolve the disclosure issue within three (3) business days of receipt of the Producing Party's written objection. If the issue cannot be resolved, the party seeking disclosure shall thereupon file within seven (7) business days an appropriate motion with the Court seeking to bar access to the Confidential Information or Highly Confidential Information by the retained consultant or expert. Nothing shall prevent a party for making an earlier motion to either prevent or permit disclosure of Confidential Information or Highly Conidential Information to the consultant or expert, provided the parties have met and conferred as required above. If a motion is filed, no disclosure of Confidential Information or Highly Confidential Information shall be made to the objected-to expert or consultant while the motion is pending.

(d)   Pursuant to subparagraph 5(c), the disclosure of the identity of a consultant or expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product. Furthermore, the parties agree that by stipulating to the entry of this Order, the parties do not intend to modify in any way the normal discovery rules applicable to consultants or experts.

(e)   Prior to any disclosure of information, documents or things designated as Confidential Information or Highly Confidential Information to persons as provided for in paragraph 4(a)(vi) above, counsel desiring to make such a disclosure shall

provide written notice to counsel for the designating party of its intent to make the disclosure, stating therein the specific information, documents or things to be disclosed at least ten (10) business days before any Confidential Information or Highly Confidential Information is made available to such person(s). With the written notice shall be included a fully executed copy of Exhibit A and an explanation of the background of the person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the designating party to determine whether such disclosure might cause injury to the Producing Party. Neither Confidential Information nor Highly Confidential Information shall be disclosed to any such person(s) until such person(s) has executed a written declaration in the form attached hereto as Exhibit A, acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms. If the designating party makes a written objection to the disclosure to such person(s) within the ten (10) day period, no disclosure of the Producing Party's Confidential Information or Highly Confidential Information may be made to the person(s). If the parties cannot resolve the issue, the party seeking disclosure may thereupon seek an appropriate order from the Court compelling disclosure of the Confidential Information or Highly Confidential Information to such person(s).

6. **Any employee of a law firm, who is not an active member of the bar admitted to the practice of law that is performing substantive work on behalf of a party regarding the litigation, and any employee designated in paragraph 4(a)(vi) of this Order who is not an active member of the bar admitted to the practice of law, shall be prohibited for a period of two (2) years after termination of this civil action by settlement or final, non-appealable judgment, from any involvement in the prosecution of any foreign or domestic patent applications, reexaminations, divisionals, continuations, continuations-in-part, or involvement in any proceeding in which the claim of a patent can be modified,**

**involving a patent or application that relates to contact lens materials, including, but not limited to, a patent or application corresponding to or sharing a common priority application with United States Patent Nos. 5,760,100, 5,776,999, 5,789,461, 5,849,811, 5,965,631 and 6,951,894 or to United States Application No. 08/301,166.**

7. Confidential Information and Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such information in order to ensure that the confidential or restricted nature of the same is maintained so as to preclude access by persons who are not entitled to receive such information.

8. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 9 hereof. In the event that any Confidential Information or Highly Confidential Information is used in any court proceeding in connection with this litigation, it shall not lose its status as Confidential Information or Highly Confidential Information through such use.

9. If a party disagrees with any Confidential Information designation or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5)

days following the service of a written notice of disagreement. In the resolution of such dispute, the moving party shall have the obligation to show a good-faith basis for contending that the information, documents or things are not confidential. Thereafter, the burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information at issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret, other confidential information or is otherwise entitled to protection under this Order.

10. During the course of preparing for deposition or trial testimony, or during deposition or trial testimony, unless otherwise entitled to access under this Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's document where: .

(a) the document on its face reveals that it was authored or received by the deponent/witness in the normal course of business and outside the context of this litigation; or

(b) a Producing Party has provided written notice, in either written discovery or by letter, that the document was authored by or received by the deponent/witness in the normal course of business and outside the context of this litigation, and the party receiving such notice has been given a reasonable opportunity to object to the accuracy of this notice and

to seek to prevent disclosure to the witness of the document at issue under the procedures in Paragraph 5(c) of this Order.

Deponents/witnesses shown Confidential Information or Highly Confidential Information under this paragraph shall have a duty to keep that information confidential. This paragraph shall not preclude a Producing Party from showing a document that it has produced to deponents and witnesses currently employed by that Party, regardless of whether the Producing Party has designated the document it produced as Confidential or Highly Confidential, and regardless of whether such person was the author or recipient of the document.

11. Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by the person who received such information.

12. Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraph 3 hereof, and a statement in the following form or in a substantially similar form:

CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO COURT ORDER

CONTENTS SHOULD NOT BE OPENED BY, OR REVEALED TO, ANYONE
OTHER THAN AUTHORIZED COURT PERSONNEL OR COUNSEL OF RECORD,
EXCEPT BY WRITTEN ORDER OF THE COURT
Civil Action No. 06-239-SLR

13. The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 12 or any other provision thereof.

14. Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

15. (a) The inadvertent or unintentional disclosure by the producing party of information, documents or things which it believes should have been designated as Confidential Information or Highly Confidential Information, regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the producing party notifies the receiving party promptly upon discovery of the inadvertent or unintentional failure to designate. If a producing party through inadvertence or unintentional disclosure produces or provides discovery of any Confidential Information or Highly Confidential Information without marking it respectively as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or otherwise designating it as Confidential Information or Highly Confidential Information, the producing party may give written notice to the receiving party or parties that the information or material is Confidential Information or Highly Confidential Information and should be treated in accordance with the

provisions of this Order. The receiving party or parties must treat such information or material as Confidential Information or Highly Confidential Information as notified from the date such notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential Information or Highly Confidential Information shall not be deemed a violation of this Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is Confidential Information or Highly Confidential Information, as the case may be, must be treated in accordance with this Order, and if the person is not entitled to view Confidential Information or Highly Confidential Information, must immediately return all copies of the Confidential Information or Highly Confidential Information in its possession.

(b) If a party through inadvertence or unintentional disclosure produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the Producing Party may give written notice to the Receiving Party or parties that the information or material is subject to a claim of attorney-client privilege or work product immunity and request that the information or material be returned to the Producing Party. The Receiving Party or parties shall return to the producing party such information or material within three (3) business days of such notice. Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the court for an order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

(c) Counsel for any party producing documents may mask any material contended to be protected from disclosure by the attorney-client privilege or the work-product immunity, and may produce documents either in masked form. Such masking shall be identified on or in the masked area of the document by a label or stamp which states "Redacted." In the event of disagreement, counsel for the Receiving Party shall identify those portions of the documents which are contended should be produced in unmasked form and shall state why such portions are believed not subject to the attorney-client privilege or the work-product immunity. In the event the producing entity continues to refuse to produce the documents with those portions unmasked, counsel for the Receiving Party may seek a determination by the Court that such masked portions should be produced.

(d) If inspection, measuring, testing, sampling or photographing of a party's processes, products, equipment, premises or other property pursuant to the applicable rules of discovery, or by agreement, will reveal or disclose Confidential Information or Highly Confidential Information the Producing Party shall advise the party or parties seeking the discovery in advance that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis and that material discovered and the information derived from that material shall be treated as Confidential Information or Highly Confidential Information subject to the terms of this Order. If photographing or taping of premises, products, equipment, processes or other property is made which the producing entity has advised in advance reveals Confidential Information or Highly Confidential Information, pictures or tapes shall bear the applicable legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the photograph or videotape itself, and on any exterior packaging of the same.

16. Any violation of the terms of this Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

17. Until such time as this Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

18. Third parties who produce information in this action may avail themselves of the provisions of this Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Order.

19. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case. Any person or party subject to this Order that may be subject to a motion to disclose another party's information designated as Confidential Information or Highly Confidential Information pursuant to this Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

20. In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a discovery demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential Information or Highly Confidential Information by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential Information or Highly Confidential Information and shall give prompt written notice to the Producing Party. Should the person seeking access to the Confidential Information or Highly Confidential Information take action

against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as requiring production of Confidential Information or Highly Confidential Information covered by this Order.

21.  (a)  Within sixty (60) days of the entry of a final non-appealable judgment or order (including the order or mandate of an appellate court), or the complete settlement of all claims asserted against all parties in this action, all Confidential Information and Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party. A party to this action that has disclosed Confidential Information or Highly Confidential Information to those persons or entities identified in sub-paragraphs 4(a)(ii)–(v) and 4(a)(vi) is responsible for obtaining all document or things containing Confidential Information or Highly Confidential Information, including all copies, summaries, excerpts, charts, or notes thereof, from those persons or entities, and for disposing of those documents or things in a manner provided for in this paragraph. Confidential Information or Highly Confidential Information not embodied in physical objects and documents, shall remain subject to this Order.

(b)  Notwithstanding the foregoing, one designated outside law firm of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information. The Receiving

Party shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled to retain copies of any expert report containing any Confidential Information of the Producing Party, which is not in the public docket file. Outside counsel of a Receiving Party can retain as all work product materials produced by it or its consultants, as well as all privileged communications that contain Confidential Information or Highly Confidential Information. All such material shall remain subject to the terms of this Order.

22. This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action. This Order may be changed by further order of the Court, and is without prejudice to the rights of any party to this action, or any third party subject to discovery in this action or any party or individual who agrees to be bound by the terms of this Order to move for relief from any of its provisions, or seek agreement of the parties to this action for different or additional protection for any particular information, documents or things.

23. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an order of the Court. Termination of proceedings shall not relieve any person from the obligations of this Order, unless the Court orders otherwise.

24. At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

**SO AGREED,**

| Morris, Nichols, Arsht & Tunnell LLP | Young Conaway Stargatt & Taylor LLP |
|---|---|
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>Telephone: (302) 658-9200<br><br>Morgan Chu<br>David I. Gindler<br>Jason G. Sheasby<br>Irell & Manella LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Telephone: (310) 277-1010<br><br>*Attorneys for Plaintiff,*<br>*CooperVision, Inc.* | Karen L. Pascale (#2903)<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>Telephone: (302) 571-6600<br><br>Robert F. Altherr<br>Banner & Witcoff, Ltd.<br>1001 G Street, N.W., 11th Floor<br>Washington, DC 20001<br>Telephone: (202) 508-9100<br>Facsimile: (202) 508-9299<br><br>Timothy C. Meece<br>Thomas K. Pratt<br>Shawn P. Gorman<br>Banner & Witcoff, Ltd.<br>Ten South Wacker Drive<br>Suite 3000<br>Chicago, IL 60606-7407<br>Telephone: 312-463-5000<br>Facsimile: 312-463-5001<br><br>John P. Iwanicki<br>Banner & Witcoff, Ltd.<br>28 State Street<br>28th Floor<br>Boston, MA 02109<br>Telephone: (617) 720-9600<br>Facsimile: (617) 720-9601<br><br>*Attorneys for Defendant,*<br>*CIBA Vision Corp.* |

**SO ORDERED** this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **COOPERVISION, INC.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 06-239-SLR |
| | ) |
| **CIBA VISION CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

I, _____, hereby declare that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understand the foregoing Stipulated Protective Order Against Unauthorized Use or Disclosure of Confidential Information (the "Order") of the United States District Court for the District of Delaware, in the above-captioned matter.

5. I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Information by this Order, as applicable, and will use such information only for purposes of this action.

6. Upon final determination of this action, I will return all Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), to the Producing Party.

7. I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:_____   _____
                                      [signature]


                                      _____
                                      [print or type name]