IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPERVISION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-239 (SLR) |
| ) | |
| CIBA VISION CORP., ) | |
| ) | |
| Defendant. ) | |

**COOPERVISION INC.'S RESPONSE TO CIBA VISION CORP.'S
LETTER TO THE COURT OF JUNE 28, 2007 RE PROTECTIVE ORDER**

On June 27, 2007, CIBA declined to respond to CooperVision's proposed compromise protective order, or to CooperVision's request that CIBA identify which, if any, issues regarding the protective order remained in dispute. *See* CooperVision's June 28, 2007 Motion for entry of Protective Order (D.I. 40) ("CooperVision's Mot. for Protective Order"), Ex. B. On June 28, CIBA filed a letter brief and proposed protective order that not only differs significantly from that proposed to it by CooperVision, but differs significantly from the provisions to which CIBA had already agreed in the parties' recent meet and confer discussions. (D.I. 42-43). CIBA's new proposed paragraphs 4(a)(vi) and 6 are simply unworkable, as explained below.

CIBA's paragraph 4(a)(vi) is merely a place-holder that leaves unresolved the issue of insider access to confidential materials, and creates the potential for unnecessary future conflict and delay. CIBA proposes an open-ended designation of two employees-to-be-named-later. But it is elementary that the question of whether an in-house counsel, or any other employee, should have access to confidential and highly confidential information cannot be decided in the abstract. "[T]he factual circumstances surrounding each individual counsel's activities, association, and relationship with a party . . . must govern any concern for inadvertent

or accidental disclosure." *Boehringer Ingelheim Pharm., Inc. v. Hercon Labs. Corp.*, 18 U.S.P.Q.2d 1166, 1167 (D. Del. 1990), *quoting U.S. Steel Corp. v. U.S.*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). The insider to have access to designated materials should be identified in the protective order.

Here, insider access needs to be restricted to in-house counsel overseeing the litigation, and should not extend to employees with technical or business-related positions. *Id.* at 1167-68 (permitting specific in-house counsel access to confidential materials, but refusing access to specific technical personnel). CIBA's proposed protective order appears calculated to allow it to improperly designate technical or financial personnel who plainly should not be permitted access to the confidential business and technical information of a direct competitor, CooperVision, and whose designation would simply precipitate further motion practice necessitating further delays in discovery. CooperVision's proposed order, on the other hand, specifically designates the in-house counsel responsible for this litigation on both sides and, indeed, designates the very individual, Mr. Gorman, that CIBA has represented should be its designee.

CIBA's paragraph 6 is a prosecution bar that, remarkably, would not apply to members of the bar, and thus plainly would not provide sufficient protection against improper use of highly sensitive information in the course of future prosecution work by counsel receiving such information. It is elementary that prosecution bars should apply to lawyers who prosecute patents. CIBA had already agreed to that during the parties' meet and confer discussion on Monday, June 25. CIBA expressly agreed that the bar should apply to both outside counsel and in-house counsel designated under the protective order. See Ex. B, CooperVision's Mot. for

Protective Order, June 26, 2007 e-mail from Hoffman to Altherr (noting that CIBA had proposed that in-house counsel be subject to the prosecution bar).

CIBA has not explained its recent change in position regarding the prosecution bar. Nor does that change in position make any sense. CooperVision cannot agree to disclose its most sensitive technological and business planning information to lawyers who are in a position to prosecute patents in CooperVision's field of business using that information. It is well-settled in this Court and others that CooperVision should be afforded the protection of a prosecution bar that extends to the attorneys who gain access to CooperVision's confidential information. *See Motorola, Inc. v. Interdigital Technology Corp.*, 1994 WL 16189689, C.A. No. 93-488-JJL, at *5 (D. Del., Dec. 19, 1994) (recognizing that attorneys cannot be expected to keep separate information learned in discovery from related patent prosecutions: "This would be a Sisyphean task, for as soon as one idea would be stamped 'untainted', another would come to mind. The level of introspection that would be required is simply too much to expect, no matter how intelligent, dedicated, or ethical the [] attorneys may be."); *Commissariat a L'Energie Atomique v. Dell Computer Corp.*, 2004 WL 1196965, C.A. No. 03-484 KAJ (D. Del., May 25 2004) (all attorneys receiving competitor's confidential information pursuant to protective order must be subject to prosecution bar, or forgo access to that information).

CooperVision accordingly requests entry of the proposed protective order attached as Exhibit A to CooperVision's Motion for Entry of Protective Order.

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                      */s/ Jack B. Blumenfeld*
                                      Jack B. Blumenfeld (#1014)
                                      Rodger D. Smith II (#3778)
                                      1201 N. Market Street
                                      P.O. Box 1347
                                      Wilmington, DE 19899
                                      (302) 658-9200
                                      jblumenfeld@mnat.com
                                        *Attorneys for Plaintiff*
                                        *CooperVision, Inc.*

*Of Counsel*:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

June 29, 2007

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on June 29, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Karen L. Pascale, Esquire
> Young, Conaway, Stargatt & Taylor LLP

I also certify that copies were caused to be served on June 29, 2007 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Karen L. Pascale, Esquire
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

### BY ELECTRONIC MAIL and FEDERAL EXPRESS

John P. Iwanicki, Esquire
Banner & Witcoff, Ltd.
28 State Street
Boston, MA  02109

>  /s/Jack B. Blumenfeld
>  Jack B. Blumenfeld (#1014)
>  jblumenfeld@mnat.com