IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COOPERVISION, INC.,                         )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )    C.A. No. 06-239 (SLR)
                                            )
CIBA VISION CORP.,                          )
                                            )
            Defendant.                      )
                                            )

**COOPERVISION INC.'S REPLY IN SUPPORT OF
ITS MOTION FOR ENTRY OF PROTECTIVE ORDER**

            CIBA's Opposition (D.I. 46) to CooperVision's Motion for Entry of Protective

Order (D.I. 40) advocates the unwarranted dissemination -- within a direct competitor -- of some

of CooperVision's most sensitive business and technical information.  First, CIBA argues that

the protective order should permit two of its employees -- rather than one -- access to

CooperVision's confidential information, even though it does not identify a second employee

with a need for access to such information, or provide any legitimate reason why such a

disclosure would be necessary.  Second, CIBA asserts that a prosecution bar should not extend to

members of the bar, a proposal that would allow its own chief patent counsel to review

CooperVision's confidential engineering and product development information and then direct

the drafting of patent claims to cover CooperVision products.  Both positions are unfounded.

**I.      ACCESS BY ONE IN-HOUSE CIBA EMPLOYEE TO COOPERVISION'S
        CONFIDENTIAL INFORMATION IS SUFFICIENT.**

            CooperVision has produced a great deal of highly sensitive business and technical

information in this case, and is concerned about limiting the dissemination of that information

among employees of its direct competitor, CIBA.  To the extent any such disclosure is necessary,

it should be restricted as narrowly as possible. CooperVision is aware of no reason why confidential party information would need to be shared with more than one in-house employee of the adversary. And CIBA has pointed to none. CIBA's contention that a second, as-of-yet unnamed, employee "may" become important for settlement or licensing purposes remains unsupported and unexplained.

The notion that some other CIBA employee might need to review CooperVision's confidential information before participating in settlement or licensing negotiations makes no sense. CIBA has repeatedly argued that any individual allowed access to the adversary's confidential information should have no role in competitive decision making. This Court has been quite clear that "competitive decision making" encompasses exactly those activities in which CIBA plans to have its requested second designee participate. In *Affymetrix, Inc. v. Illumina, Inc.*, 2005 U.S. Dist. LEXIS 15482, at *8 (D. Del. July 28, 2005), the Court explained, "Ms. Espinosa is part of Illumina's management team and is involved with *settling patent litigation and licensing*. Based on her role at Illumina, which crosses over into the *competitive-decision making* at Illumina, the Court concludes that Ms. Espinosa is not appropriately included as a party to the protective order." Thus CIBA's argument for disclosure to a second employee is irreconcilable with the very qualifications CIBA argues that employee must possess.

If CIBA later identifies a second employee with some legitimate need to review CooperVision's confidential information, CIBA could always seek to amend the protective order upon a showing of good cause. But it makes no sense to provide in advance for a disclosure that is broader than will likely ever be necessary. Indeed, without knowing the identity of the CIBA employees with whom CIBA may eventually want to share CooperVision's confidential information, the extent of the problem with CIBA's proposal cannot even be intelligently

discussed. *See Boehringer Ingelheim Pharm. Inc. v. Hercon Labs. Corp.*, 18 U.S.P.Q.2d 1166, 1167 (D. Del. 1990) ("[T]he factual circumstances surrounding each individual counsel's activities, association, and relationship with a party . . . must govern any concern for inadvertent or accidental disclosure.") (quoting *United States Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)).

## II.    THE PROSECUTION BAR SHOULD APPLY TO ALL EMPLOYEES DESIGNATED TO ACCESS THE ADVERSARY'S CONFIDENTIAL INFORMATION.

CIBA contends that the in-house employee it wants to have access to CooperVision's confidential information should be exempted from the prosecution bar because he is a lawyer. CIBA's proposal would allow in-house lawyers to view the confidential business and technical information of a close competitor and thereafter direct the drafting of patent claims to read on products and technology learned from that information. That would be fundamentally improper. *See Commissariat a L'Energie Atomique v. Dell Computer Corp.*, 2004 WL 1196965, at *2 (D. Del. 2004) ("Prosecuting patent applications 'involves decisions of scope and emphasis' that implicate ***competitive decision making***, as claims may be drafted to 'read on new products and new directions where [a party] project[s] sales to be most critical.'") (emphasis added).

CIBA's assertion that a member of the bar would be prevented from using confidential information by his professional responsibilities ignores this Court's reasoning in cases such as *Motorola, Inc. v. Interdigital Technology Corp.*, 1994 WL 16189689, at *5 (D. Del. 1994), that attorneys cannot be expected to keep information learned in discovery separate from related patent prosecutions: "This would be a sisyphean task, for as soon as one idea would be stamped 'untainted,' another would come to mind. The level of introspection that would be

required is simply too much to expect, no matter how intelligent, dedicated, or ethical the []
attorneys may be."  The case cited by CIBA as supposedly disfavoring prosecution bars is
inapposite.  The Court in *R.R. Donnelley & Sons Co. v. Quark, Inc.*, 2007 WL 61885, at *2-3
(D. Del. 2007), permitted outside counsel *not exposed to confidential information* to prosecute
related patents.  The current issue, in contrast, concerns counsel who *do access* confidential
information.

CIBA's contention that a prosecution bar would prevent its chief patent counsel
from doing his job is also not well taken.  CIBA does not have to select its chief patent counsel
as the employee with access to the confidential business and technical information of a direct
competitor.  The prosecution bar is reasonably tailored in both time and subject matter.  It does
not change the role or function of any CIBA employees; it simply requires that employees now
permitted access to CooperVision's highly confidential information be barred from prosecuting
related patents for a limited period of time.  CIBA should take this into account in identifying an
appropriate designee.

Similarly, CIBA's argument that CooperVision has already agreed to disclosure to
Mr. Gorman, and that the prosecution bar is being raised as a "penalty" after the fact, is not well
taken.  CooperVision agreed to Mr. Gorman with the express understanding that he would
comply with the prosecution bar.  The bar is not a penalty; it is a condition of CooperVision's
willingness to disclose its confidential information to a competitor.  If Mr. Gorman prefers to
continue prosecuting patents in the technological arts regarding which CooperVision has
disclosed its confidential technical information, he is free to make that choice and CIBA can
designate an alternate.

It is elementary that the prosecution bar should apply to lawyers who prosecute patents. Even CIBA agreed to this during the parties' meet and confer discussion on June 25. *See* CooperVision's June 28, 2007 Motion for Entry of Protective Order (D.I. 40), Ex. B (June 26, 2007 e-mail from Hoffman to Altherr noting that CIBA had proposed that in-house counsel be subject to the prosecution bar). CIBA's recent change in position is improper. CooperVision cannot agree to disclose its most sensitive technological and business planning information to lawyers who are in a position to prosecute patents in CooperVision's field of business using that information.

CooperVision accordingly requests entry of the proposed protective order attached to its Motion for Entry of Protective Order (D.I. 40).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II (#3778)*
_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
Attorneys for Plaintiff CooperVision, Inc.

OF COUNSEL:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010

July 18, 2007
971508.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 18, 2007, he caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Karen L. Pascale
Young, Conaway, Stargatt & Taylor LLP

I also certify that copies were caused to be served on July 18, 2007, upon the following in the manner indicated:

**BY E-MAIL and HAND**

Karen L. Pascale
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

**BY E-MAIL**

John P. Iwanicki
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL  60606

*/s/ Rodger D. Smith II (#3778)*
_____
Rodger D. Smith II (#3778)