# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **COOPERVISION, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **C.A. No. 06-239-SLR** |
| | ) | |
| **CIBA VISION CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CIBA VISION CORPORATION'S NOTICE OF DEPOSITION OF PLAINTIFF COOPERVISION, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)

**PLEASE TAKE NOTICE** that beginning August 28, 2007, Defendant, CIBA Vision Corp. ("CIBA"), will take the oral deposition by stenographic and video tape means, pursuant to Fed. R. Civ. P. 30(b)(6) and other applicable provisions of the Federal Rules of Civil Procedure, of Plaintiff, CooperVision, Inc. ("CooperVision"), before a Notary Public in and for the District of Columbia, or before some other officer authorized by law to administer oaths on the Deposition Topics set forth in Exhibit A attached hereto. The deposition will commence at 9:00 a.m. and will be conducted at the offices of Banner & Witcoff, Ltd., 1100 13th Street NW, Suite 1200, Washington, DC 20005 or at some other date, time or place if agreed to by counsel. Pursuant to Rule 30(b)(6) CooperVision is directed to designate one or more officers, directors, managing agents, or other persons who consent to testify with respect to the Deposition Topics set forth in Exhibit A attached hereto. CooperVision is requested, before August 15, 2007, to notify counsel for CIBA, in writing, of the name and position of each person designated by CooperVision to testify and the matter(s) on which such person will testify. The oral deposition will continue from day to day until completed. You are invited to attend and cross-examine.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Date: August 1, 2007

Karen L. Pascale (No. 2903)
[kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  302-571-6600

Robert F. Altherr
BANNER & WITCOFF, LTD.
1001 G Street, N.W., 11th Floor
Washington, DC  20001
Telephone:  202-508-9100
Facsimile:  202-508-9299

Timothy C. Meece
Thomas K. Pratt
Shawn P. Gorman
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, Illinois  60606-7407
Telephone:  312-463-5000
Facsimile:  312-463-5001

John P. Iwanicki
BANNER & WITCOFF, LTD.
28 State Street
28th Floor
Boston, MA 02109
Phone: 617-720-9600
Facsimile: 617-720-9601

***Attorneys for Defendant,***
***CIBA Vision Corporation***

**EXHIBIT A**

## DEFINITIONS

1.      The definitions appearing in CIBA's First Set of Requests for the Production of Documents and Things and First Set of Interrogatories are incorporated herein specifically by reference.

## DEPOSITION TOPICS

1.      All facts and circumstances supporting, refuting, or otherwise relating to CooperVision's allegation in its Complaint that it does not infringe any valid and enforceable claim of the Patents-in-suit.

2.      All facts and circumstances supporting, refuting, or otherwise relating to CooperVision's allegation in its Complaint that one or more of the Patents-in-suit are invalid and/or unenforceable.

3.      All facts and circumstances concerning the design, development, manufacturing, packaging and physical properties of the CooperVision extended wear lenses, including, but not limited to, the conception, planning, research, design, reduction to practice, analysis, clinical studies, evaluation and testing of the CooperVision extended wear lenses and documents within CooperVision's possession, custody or control regarding or relating to this subject including the existence of any documents regarding this subject.

4.      CooperVision's use of third parties for the design, development, testing, analysis, and clinical studies of the CooperVision extended wear lenses and documents within CooperVision's possession, custody or control regarding or relating to this subject including the existence of any documents regarding this subject.

5.      CooperVision's advertising, promotion, marketing, and sales for the CooperVision extended wear lenses, including, but not limited to, instructions or advertisements

relating to the use, intended use, or properties of CooperVision's extended wear lenses, communications with customers and prospective customers regarding same, and documents within CooperVision's possession, custody or control regarding or relating to this subject including the existence of any documents regarding this subject.

6.      All facts and circumstances relating to CooperVision's first awareness of the Patents-in-suit, including but not limited to, the identification of the dates upon which, and the circumstances under which, CooperVision first became aware of each of the Patents-in-suit, and the identification of the persons who became aware of them.

7.      CooperVision's searches, studies, or evaluations pertaining to the Patents-in-suit, including but limited to, the identification and description of the date and nature (*e.g.*, validity, infringement) of each such search, study, evaluation or investigation; the identification of the person(s) who conducted or participated in each such search, study, evaluation or investigation; the identification of the person(s) who received or reviewed the results of each such search, study, evaluation or investigation; and the results of each such search, study, evaluation or investigation.

8.      All facts and circumstances concerning any investigation by CooperVision, or on behalf of CooperVision, of any infringement of the Patents-in-suit, including but not limited to, the date such investigation occurred, the identity of the individuals involved in the investigation, the circumstances of any meetings to discuss the investigation, and all facts supporting or refuting any decision that CooperVision's extended wear lenses infringe or do not infringe claims of the Patents-in-suit.

9.      All facts and circumstances relating to CooperVision's decision to file its Complaint for Declaratory Judgment, in the current matter, including all factual bases for its allegations contained therein.

10.    CooperVision's use of third parties for reverse engineering, testing, analysis or evaluation of CIBA products and documents within CooperVision's possession, custody or control regarding or relating to this subject including the existence of any documents regarding this subject.

11.    Awards, third party press, and other recognition received by CooperVision extended wear lenses.

12.    All facts and circumstances related to U.S. Patent Application Publication No. 2006/0063852.

13.    CooperVision's Responses to CIBA's First Set of Interrogatories (Nos. 1-18).

14.    CooperVision's policies, procedures and/or systems for retaining documents and authentication of documents produced by CooperVision including how the produced documents were kept in CooperVision and similar evidentiary foundation for documents produced by CooperVision including where the documents originated.

15.    CooperVision's structure, organization, existence, and description of file systems, web pages, PDF documents, HTML files, databases and other electronic documents maintained by CooperVision which contain documents relevant to CIBA's document requests including CooperVision's e-mail system for all dates prior to 2001 including the programs being utilized for e-mail, servers, and locations of programs back-up tapes, and any correspondence files or customer databases containing correspondence related to the CooperVision extended wear lenses.

16.    CooperVision's sales, offers for sale, and projected sales by customer in units and dollars, gross revenues, gross profits, net revenues, net profits and prices and costs associated with the sales, offers for sale, or projected sales of CooperVision extended wear lenses and CooperVision products sold with CooperVision extended wear lenses.

17.    CooperVision's sales and distribution channels for CooperVision extended wear lenses, including but not limited to, the identification of past and existing customers, purchasers and distributors of CooperVision extended wear lenses, and the date, quantity and destination of all shipments of CooperVision extended wear lenses.

18.    The identity of persons likely to have discoverable information and a description by category and location of all discoverable documents, data compilations, or tangible things concerning: (a) Topics 1-17 listed above; or (b) CooperVision's testimony concerning or relating to Topics 1-17 listed above.

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on August 1, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld    jbbefiling@mnat.com
> Morgan Chu    mchu@irell.com
> David I. Gindler    dgindler@irell.com
> Amir A. Naini    anaini@irell.com
> Douglas G. NeJaime    dnejaime@irell.com
> Jason G. Sheasby    jsheasby@irell.com, mdonovan@irell.com
> Jonathan Steinsapir    jsteinsapir@irell.com
> Ben Yorks    byorks@irell.com

I further certify that on August 1, 2007, I caused a copy of the foregoing document to be served on certain of the above-listed counsel and on certain non-registered participants, as listed below in the manner indicated:

### By Hand Delivery and E-Mail

Jack B. Blumenfeld [jblumenfeld@mnat.com]
Rodger D. Smith II [rsmith@mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200

### By E-Mail

Morgan Chu [mchu@irell.com]
David I. Gindler [dgindler@irell.com]
Jason G. Sheasby [JSheasby@irell.com]
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010

/s/ Karen L. Pascale

Karen L. Pascale (No. 2903)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
Email:  kpascale@ycst.com