IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPERVISION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CIBA VISION CORP., )<br>)<br>Defendant. ) | C.A. No. 06-239 (SLR) |

### JOHNSON & JOHNSON VISION CARE, INC.'S OBJECTIONS TO PRODUCTION OF ITS CONFIDENTIAL INFORMATION FROM RELATED LITIGATIONS

Pursuant to Federal Rule of Civil Procedure 26 and the Court's July 25, 2007 "Stipulation And Order Concerning Production Of Documents From Related Litigations" ("Stipulation"), Johnson & Johnson Vision Care, Inc. ("JJVC") hereby submits its objections to the production of its confidential information.

### OBJECTIONS

JJVC makes the following objections. By setting forth particular objections in response to the Stipulation, JJVC does not intend to waive any objections not specifically set forth, and nothing herein should be construed as such a waiver.

1.   On July 25, 2007, this Court ordered CIBA Vision Corp. ("CIBA") to "produce for inspection and copying by Plaintiff CooperVision, Inc. ("CooperVision") all documents in CIBA's possession that have been produced, served or filed in all previous legal proceedings involving the Nicolson patent family (which includes United States Patent Nos. 5,849,811, 5,760,100, 5,776,999, 5,789,461, 5,965,631, 6,951,894, as well as foreign counterpart applications and patents)." (Stipulation at 1). The Court further ordered CIBA to "provide a copy of this order within five days after its entry to third parties whose confidential information CIBA has been ordered to produce." (Stipulation at 1).

2.     The Stipulation specifically provides: "If any third party files an objection with this Court to the production of its confidential information within 21 days of the entry of this Order, CIBA need not produce documents containing that third party's confidential information for inspection and copying until the Court has ruled on that objection." (Stipulation at 1).

3.     CIBA and JJVC are engaged in litigation concerning the invalidity, unenforceability and alleged infringement of the Nicolson patents in the United States District Court for the Middle District of Florida, Case Nos. 3:03-cv-800-J-32TEM, 3:05-cv-135-J-32 TEM and 3:06-cv-301-J-32TEM (collectively, the "Florida Litigation"). With respect to the infringement issues, CIBA has alleged that JJVC's Acuvue Advance Brand Contact Lenses with Hydraclear ("Acuvue Advance") and its Acuvue Oasys Brand Contact Lenses with Hydraclear Plus ("Acuvue Oasys") infringe various claims of certain Nicolson patents. In addition to claims concerning the Nicolson patents, JJVC has asserted that CIBA infringes JJVC's U.S. Patent No. 4,691,820 (the "'820 packaging patent") relating to contact lens packages. Issues relating to the '820 packaging patent are not related in any manner to the issues concerning the Nicolson patents.

4.     Because CIBA contends that JJVC's Acuvue Advance and Acuvue Oasys contact lenses infringe certain claims of the Nicolson patents, JJVC has produced hundreds of thousands of confidential and proprietary documents concerning its own contact lenses and related technology. The documents contain JJVC's confidential and proprietary research and development, manufacturing and production processes and plans, and certain marketing materials and business plans related to the Acuvue Advance with Hydraclear and Acuvue Oasys contact lenses. JJVC has also produced confidential and proprietary materials related to the issues concerning the '820 packaging patent in the Florida Litigation.

5.   In addition, both JJVC and CIBA have filed documents under seal in the Florida Litigation that contain JJVC's confidential and proprietary information.

6.   Because JJVC and CooperVision are competitors in the contact lens industry, JJVC risks substantial harm if its confidential and proprietary information is provided to CooperVision. Production of these documents may disseminate JJVC's most important confidential materials to its direct competitor, which could then use the materials for its own research and development. Accordingly, a highly substantial risk exists that CooperVision personnel involved in research and development and/or patenting activities will become aware of JJVC's confidential research and development projects, its manufacturing and production processes and plans, and its marketing and business plans. Recognizing these issues, courts routinely limit disclosure of confidential information to a competitor because such disclosure is more harmful than disclosure to a non-competitor. *See, e.g., U.S. v. United Fruit Co.*, 410 F.2d 553, 556-57 (5th Cir.), *cert. denied*, 396 U.S. 820 (1969), *American Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) ("Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor."), *and Mannington Mills, Inc. v. Armstrong World Ind., Inc.*, 206 F.R.D. 525, 520-31 (D. Del. 2002) (quashing subpoena to third party competitor and recognizing the serious harm to third party where only its competitors remain to protect the confidentiality of its materials at the trial of the underlying matter).

7.   In addition to the potential harm suffered by JJVC, CooperVision has no need for JJVC's confidential information produced in the Florida Litigation because that information has no bearing on the issues in the present litigation between CooperVision and CIBA. The issues in the present case relate to whether CooperVision's Biofinity contact lenses infringe the Nicolson patents and has no relation to issues concerning whether JJVC's lenses infringe those patents.

3

Accordingly, JJVC's confidential information related to its own contact lenses and the '820 packaging patent will not inform any issue between CIBA and CooperVision in the present case.

8. Counsel for JJVC and for CooperVision have discussed these issues prior the filing of the present objections. Counsel for CooperVision has indicated that it does not seek JJVC's actual production documents from the Florida Litigation, nor does it seek the transcripts or exhibits from the deposition of any JJVC fact witness.

9. CooperVision does seek court-filed documents, discovery responses and expert reports that contain CIBA's contentions regarding infringement and JJVC's responses thereto. JJVC objects to the production of these documents because, as discussed above, they are irrelevant to the issues in the present litigation and because they contain references to and analysis of JJVC's confidential and proprietary information, which creates a substantial competitive risk to third party JJVC if CooperVision obtained the information.

10. Notwithstanding the foregoing, JJVC has agreed to expeditiously review the expert reports, expert depositions, and discovery responses concerning CIBA's infringement contentions that contain JJVC's confidential and proprietary information along with documents filed under seal with the Florida Court, to ascertain whether JJVC can narrow the scope of its confidentiality designations in order to make any relevant information available to CooperVision. In addition, JJVC does not object to the production of materials containing or describing its invalidity and unenforceability contentions.

11. Accordingly, JJVC objects to the Stipulation requiring production of its confidential information for the following reasons:

(a)    the materials are not relevant to any issue in the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence in the trial of the present matter;

(b)    production of third party JJVC's confidential and proprietary research and development materials, production, manufacturing and commercialization information, and marketing/business plan materials poses a substantial competitive threat to third party JJVC;

(c)    the Stipulation is overbroad to the extent it seeks information from the Florida Litigation not sought by CooperVision, in particular, information indicated by counsel for CooperVision that it is not seeking, including JJVC's production documents, and transcripts and exhibits from the deposition of any JJVC fact witness; and

(d)    documents responsive to the Stipulation may contain confidential information of third parties (in addition to JJVC's) under the terms of the Protective Order entered in the Florida Litigation.

12.    JJVC's objections set forth herein apply to any and all foreign proceedings concerning the Nicolson patents in which JJVC or any affiliated entity is a party.

13.    JJVC's objections and responses are the result of JJVC's reasonable efforts to respond in good faith to the Stipulation as JJVC understands and interprets the Stipulation.

14.    JJVC respectfully requests that this Court enter an order that CIBA is not required or authorized to produce JJVC's confidential and proprietary information from the Florida Litigation or from any related foreign proceeding.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Harry J. Roper
Timothy J. Barron
Daniel J. Schwartz
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Tel: (312) 222-9350
Fax: (312) 527-0484

Dated: August 15, 2007
812947

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel: (302) 984-6000
    Fax: (302) 658-1192
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorney for Johnson & Johnson Vision Care, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 15, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 15, 2007, I have Electronically Mailed the document to the following person(s):

Mr. Thomas P. Steindler
Mcdermott Will & Emery
600 13th Street, NW
Washington, DC 20005-3096
tsteindler@mwe.com

Robert F. Altherr, Jr.
Banner & Witcoff, LTD.
1100 13th Street, N.W., Suite 1200
Washington, DC 20005-4051
raltherr@bannerwitcoff.com

Josy W. Ingersoll
Karen L. Pascale
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th floor
Wilmington, DE 19899-0391
jingersoll@ycst.com
kpascale@ycst.com

Jason G. Sheasby
Irell & Manella Llp
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
jsheasby@irell.com

Jack B. Blumenfeld
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
Wilmington, DE 19801
jblumenfeld@mnat.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

812960