IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COOPERVISION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-239 (SLR) |
| | ) | |
| CIBA VISION CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**ROBERT MARTINEZ'S, WAYNE EBERHARDT'S AND DONAL TOBIN'S
OBJECTIONS TO PRODUCTION OF THEIR CONFIDENTIAL
<u>INFORMATION FROM RELATED LITIGATIONS</u>**

Pursuant to Federal Rule of Civil Procedure 26 and the Court's July 25, 2007 "Stipulation And Order Concerning Production Of Documents From Related Litigations" ("Stipulation"), third parties Robert Martinez ("Martinez"), Wayne Eberhardt ("Eberhardt") and Donal Tobin ("Tobin") (collectively, the "Packaging Patent Witnesses") hereby submit their objections to the production of their confidential information.

<u>**OBJECTIONS**</u>

The Packaging Patent Witnesses make the following objections. By setting forth particular objections in response to the Stipulation, the Packaging Patent Witnesses do not intend to waive any objections not specifically set forth, and nothing herein should be construed as such a waiver.

1. On July 25, 2007, this Court ordered CIBA Vision Corp. ("CIBA") to "produce for inspection and copying by Plaintiff CooperVision, Inc. ("CooperVision") all documents in CIBA's possession that have been produced, served or filed in all previous legal proceedings involving the Nicolson patent family (which includes United States Patent Nos. 5,849,811, 5,760,100, 5,776,999, 5,789,461, 5,965,631, 6,951,894, as well as foreign counterpart

applications and patents)." (Stipulation at 1). The Court further ordered CIBA to "provide a copy of this order within five days after its entry to third parties whose confidential information CIBA has been ordered to produce." (Stipulation at 1).

2. The Stipulation specifically provides: "If any third party files an objection with this Court to the production of its confidential information within 21 days of the entry of this Order, CIBA need not produce documents containing that third party's confidential information for inspection and copying until the Court has ruled on that objection." (Stipulation at 1).

3. Martinez is the named inventor of U.S. Patent No. 4,691,820 (the "'820 packaging patent") relating to contact lens packages. Johnson & Johnson Vision Care, Inc. ("JJVC") is the assignee of the '820 packaging patent.

4. Eberhardt and Tobin are patent attorneys who were engaged in the prosecution of the '820 packaging patent on behalf of JJVC.

5. JVC and CIBA are engaged in litigation concerning the '820 packaging patent in the United States District Court for the Middle District of Florida, Case Nos. 3:03-cv-800-J-32TEM, 3:05-cv-135-J-32 TEM and 3:06-cv-301-J-32TEM (collectively, the "Florida Litigation"). JJVC has asserted that CIBA infringes the '820 packaging patent. In addition to the issues concerning the '820 packaging patent, the Florida Litigation contains claims concerning the invalidity, unenforceability and the alleged infringement of the Nicolson patents.

6. Because the '820 packaging patent is part of the Florida Litigation dealing with the Nicolson patents, the confidential materials produced by the Packaging Patent Witnesses in that case fall within the scope of the Stipulation.

7. However, issues relating to the '820 packaging patent are not related in any manner to the issues concerning the Nicolson patents. Accordingly, CooperVision has no need

for the Packaging Patent Witnesses's confidential information produced in the Florida Litigation because that information has no bearing on the issues in the present litigation between CooperVision and CIBA. The issues in the present case relate to whether CooperVision's Biofinity contact lenses infringe the Nicolson patents. Those issues have no relation to issues concerning the '820 packaging patent.

8. Counsel for JJVC and for CooperVision have discussed the materials in the Florida Litigation prior the filing of the present objections. Counsel for CooperVision has not indicated that it seeks any information from the Packaging Patent Witnesses or any information whatsoever related to the '820 packaging patent.

9. Accordingly, the Packaging Patent Witnesses object to the Stipulation requiring production of its confidential information for the following reasons:

(a) the materials are not relevant to any issue in the present litigation and are not reasonably calculated to lead to the discovery of admissible evidence in the trial of the present matter;

(b) production of third party confidential and proprietary research and development materials and other information previously produced in the Florida Litigation by the Packaging Patent Witnesses poses a substantial competitive threat to the assignee of the '820 packaging patent, JJVC;

(c) the Stipulation is overbroad to the extent it seeks information from the Florida Litigation not sought by CooperVision, in particular, information indicated by counsel for CooperVision that it is not seeking, including documents produced by the Packaging Patent Witnesses, and transcripts and exhibits from the deposition of any Packaging Patent Witness; and

      (d)    documents responsive to the Stipulation may contain confidential information of third parties (in addition to the Packaging Patent Witnesses) under the terms of the Protective Order entered in the Florida Litigation.

      10.    The Packaging Patent Witnesses objections and responses are the result of the Packaging Patent Witnesses reasonable efforts to respond in good faith to the Stipulation as the Packaging Patent Witnesses understand and interpret the Stipulation.

      11.    The Packaging Patent Witnesses respectfully request that this Court enter an order that CIBA is not required or authorized to produce the Packaging Patent Witnesses confidential and proprietary information from the Florida Litigation.

      Respectfully submitted,

      POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Harry J. Roper
Timothy J. Barron
Daniel J. Schwartz
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Tel: (312) 222-9350
Fax: (312) 527-0484

Dated: August 15, 2007
812946

By: _/s/ David E. Moore_
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel: (302) 984-6000
    Fax: (302) 658-1192
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorney for Robert Martinez, Wayne Eberhardt, and Donal Tobin*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 15, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on August 15, 2007, I have Electronically Mailed the document to the following person(s):

Mr. Thomas P. Steindler
Mcdermott Will & Emery
600 13th Street, NW
Washington, DC 20005-3096
tsteindler@mwe.com

Robert F. Altherr, Jr.
Banner & Witcoff, LTD.
1100 13th Street, N.W., Suite 1200
Washington, DC 20005-4051
raltherr@bannerwitcoff.com

Josy W. Ingersoll
Karen L. Pascale
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th floor
Wilmington, DE 19899-0391
jingersoll@ycst.com
kpascale@ycst.com

Jason G. Sheasby
Irell & Manella Llp
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
jsheasby@irell.com

Jack B. Blumenfeld
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
Wilmington, DE 19801
jblumenfeld@mnat.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

812960