IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COOPERVISION, INC.,                      )
                                         )
                    Plaintiff,           )
                                         )
         v.                              )          C.A. No. 06-239 (SLR)
                                         )
CIBA VISION CORP.,                       )
                                         )
                    Defendant.           )

**COOPERVISION INC.'S RESPONSE TO COMMONWEALTH SCIENTIFIC
AND INDUSTRIAL RESEARCH ORGANIZATION'S OBJECTIONS TO
THE PRODUCTION OF DOCUMENTS BY CIBA VISION INC.**

On July 25, 2007, the Court ordered CIBA to produce all documents from prior litigations involving the patents in suit. Although third party Commonwealth Scientific and Industrial Research Organization ("CSIRO") filed objections to that Order, it did not identify any grounds for the objections. Instead, CSIRO stated that it had not yet reviewed the documents at issue, or the Court's protective order, *twenty-one days* after the Order, and at least *sixteen days* after CSIRO received notice of the Order. CooperVision sent CSIRO a copy of the Protective Order entered by the Court and asked whether that Order resolved CSIRO's objections. Ex. A. CSIRO did not respond, other than to state – nearly a *month* after the Court's July 25 order – that it was still reviewing the Protective Order. Ex. B. CSIRO would not even state when its review would begin, when it might finish, and or what relevant information it hoped to gain from such a review.

CSIRO's delays are inconsistent with this Court's July 25 Order, which required notice to all third parties within five days of entry, so that objections could be filed within twenty-one days, and any issues could thereafter be promptly and efficiently resolved. The Court should require that the CSIRO documents be produced without further delay.

I.    **THE CSIRO DOCUMENTS ARE RELEVANT TO THIS LITIGATION**

CSIRO is a co-assignee of the patents in suit, and was a party in CIBA's litigation against Bausch & Lomb in the Northern District of Georgia, *CIBA Vision Corp. v. Bausch & Lomb, Inc.*, Case No. 2:99-cv-00034-RWS (N.D. Ga. 2004) (the "Georgia Litigation"), which involved the same patents as those at issue here. CSIRO was implicated in many key issues, particularly issues of validity and unenforceability. For example, three of the inventors – Sweeney, Ho and Papas – had arrangements with Australian entities to assess the efficacy of RD-677, a Bausch & Lomb contact lens that is *prior art at issue in this case*, and several entities, including CSIRO, apparently had connections with both the inventors and CIBA. Ex. C at 2. Bausch & Lomb argued that these inventors violated confidentiality obligations to Bausch & Lomb by disclosing confidential information to CIBA and that CIBA used that information to develop the patents in suit. *Id.* Bausch & Lomb also alleged that CSIRO and CIBA failed to disclose material information to the PTO concerning the RD-677 material. Ex. D at 41. CSIRO's apparent involvement with prior art contact lenses, misappropriation of the patented technology, and inequitable conduct before the PTO establishes the relevance of its documents to this case.

II.    **CSIRO HAS NOT PROVIDED ANY GROUNDS FOR THE WITHHOLDING OF ITS DOCUMENTS, NOR ANY EXCUSE FOR ITS DELAY IN PROVIDING SUCH GROUNDS**

CSIRO has not identified any basis for withholding its documents. It has not argued the documents are not relevant or that the Court's Protective Order is inadequate. It has not explained why it did not review its documents or the Court's Protective Order during the *sixteen days* between the Court's July 25 Order and the filing of its objections. Indeed, despite repeated inquiries by CooperVision, CSIRO *still* has not explained its withholding of these

documents – nearly a *month* after the Court's order.  CSIRO has plainly not established good cause to prevent the production of its documents.

## III.    CONCLUSION

The Court should enforce its July 25, 2007 Order and require that CIBA produce the CSIRO documents to CooperVision without further delay.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/Karen Jacobs Louden*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com

*Of Counsel*:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010

*Attorneys for Plaintiff*
*CooperVision, Inc.*

August 28, 2007

## CERTIFICATE OF SERVICE

I, Karen Jacobs Louden, hereby certify that on August 28, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Karen L. Pascale, Esquire
> YOUNG, CONAWAY, STARGATT & TAYLOR LLP
>
> Frederick L. Cottrell, III, Esquire
> Steven J. Fineman, Esquire
> RICHARDS, LAYTON & FINGER

I also certify that copies were caused to be served on August 28, 2007 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY
Karen L. Pascale, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Frederick L. Cottrell, III, Esquire
Steven J. Fineman, Esquire
RICHARDS, LAYTON & FINGER
One Rodney Square
920 North King Street
Wilmington, DE 19801

### BY ELECTRONIC MAIL and FEDERAL EXPRESS
John P. Iwanicki, Esquire
BANNER & WITCOFF, LTD.
28 State Street
Boston, MA 02109

William H. Needle, Esquire
NEEDLE & ROSENBERG
999 Peachtree Street
Suite 1000
Atlanta, GA 30309-3915

> */s/ Karen Jacobs Louden*
> Karen Jacobs Louden (#2881)
> klouden@mnat.com

# EXHIBIT A

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CA 90067-4276
TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CALIFORNIA 92660-6324

TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (949) 760-5112
FACSIMILE (949) 760-5200
slarson@irell.com

August 18, 2007

**VIA E-MAIL**

Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

Re:    CooperVision, Inc. v. CIBA Vision Corp., C.A. 06-239-SLR (D. Del.)

Dear Steven:

We write regarding Commonwealth Scientific and Industrial Research Organization's ("CSIRO's") objections to the production of documents in the possession of CIBA Vision Corporation ("CIBA") in the above captioned matter. CSIRO objects that it has been unable "to consider the terms of any Protective Order in this matter." Accordingly, we have enclosed the Protective Order in this matter pursuant to the Court's July 19, 2007 decision. Please let us know right away whether the attached Protective Order resolves CSIRO's objections to disclosure.

Sincerely,

/s Stephen Larson

Stephen W. Larson

SWL:sl
Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COOPERVISION, INC.,

     Plaintiff,

  v.

CIBA VISION CORPORATION,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)

C.A. No. 06-239-(SLR)

## PROTECTIVE ORDER AGAINST UNAUTHORIZED USE
## OR DISCLOSURE OF CONFIDENTIAL INFORMATION

WHEREAS, pursuant to the Court's July 19, 2007 Order, Plaintiff CooperVision, Inc. ("CooperVision") and Defendant CIBA Vision Corporation ("CIBA"), submit this Protective Order Against Unauthorized Use or Disclosure of Confidential Information (the "Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

WHEREAS, the parties recognize that confidential information is being produced for use in this civil action;

IT IS HEREBY ORDERED that the following Order shall govern the treatment of confidential information produced by a party to this action or by a third-party ("Producing Party" or "Designating Party") to any other party ("Receiving Party") in the course of this civil action:

1.  The term "Confidential Information" as used in this Order includes all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties. Confidential Information that contains, embodies, or reflects technical information, sales and financial information, and research and development

information may be designated by the Producing Party as "Highly Confidential Information." Confidential Information or Highly Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information or Highly Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information or Highly Confidential Information shall also be treated respectively as Confidential Information or Highly Confidential Information.

2.      Confidential Information and Highly Confidential Information shall be held in confidence by each person to whom it is disclosed, shall be used by the Receiving Party only for purposes of preparation and trial of this action and for no other purpose, and shall not be disclosed, either directly or indirectly, to any person who is not entitled to receive such information under this Order.

3.      Produced documents and materials, deposition transcripts, interrogatory responses, responses to requests for admission and other documents, or any portions thereof, containing Confidential Information shall be marked by conspicuously affixing a legend, which includes the word "CONFIDENTIAL" on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes). Confidential Information further deemed by the Producing Party to be Highly Confidential Information subject to the provisions of this Order shall be so designated by affixing thereon the legend "HIGHLY CONFIDENTIAL." Such designation shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, or when the document or thing, or copy thereof, is provided to

2

the Receiving Party. All documents, or any portion thereof, produced for inspection (but not yet provided to the inspecting party) shall be presumptively deemed to contain Highly Confidential Information subject to the provisions of this Order, regardless of whether so identified by the legend "HIGHLY CONFIDENTIAL" until copies thereof are provided to the inspecting party. Any information, document or thing that bears both designations must be treated as Highly Confidential Information. The parties may designate material other than the produced documents as containing Confidential Information or Highly Confidential Information in the following manner:

(a)    Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain Confidential Information or Highly Confidential Information that is to be made subject to the provisions of this Order. Alternatively, a Designating Party may designate testimony or information disclosed at a deposition, including exhibits, that contain Confidential Information or Highly Confidential Information by providing written notice to the reporter and counsel of record, within twenty-one (21) days after the Designating Party's receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information or Highly Confidential Information. Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to those individuals entitled to see Highly Confidential Information, from the taking of the deposition until twenty-one (21) days after actual receipt of the transcript by the Designating Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said twenty-one (21) day period, unless notice hereunder to the contrary is given at the time

of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential. Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL if written notice is provided within said twenty-one (21) days. With regard to designations made during the deposition, the Designating Party shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Order and authorized as having access under such designation, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as Confidential Information or Highly Confidential Information under this Order.

(b)     Confidential Information or Highly Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties considers them to contain Confidential Information or Highly Confidential Information.

4.     (a)     No information, documents or things identified as Confidential Information or Highly Confidential Information shall be disclosed to any person or entity except as set forth in this Order. Nothing contained in this Order shall affect the right of the Producing Party to disclose or use for any purpose the information, documents or things produced and/or designated by it as Confidential Information or Highly Confidential Information. Subject to the provisions of paragraph 5 herein, material designated as Confidential Information or Highly Confidential Information, and any summary, description or report containing such Highly Confidential Information, may be disclosed only to the following persons:

(i)      the Court, persons employed by the Court, and stenographers or videographers transcribing or videotaping the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(ii)      independent consultants and experts who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work.  Independent experts or consultants, as used in this paragraph, shall not include any regular employee or agent of the receiving party, nor any regular employee or agent of a direct competitor of the Producing Party;

(iii)      graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(iv)      photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases, but only for so long as necessary to perform those services;

(v)      the parties' outside counsel of record in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action;

(vi)      One designated in-house counsel for each party (Robert Gorman for CIBA and Muriel Haritchabalet for CooperVision), who shall be permitted to view Confidential Information or Highly Confidential Information only at the offices of their outside counsel of record in this action;

(vii)    any other persons who are mutually agreed upon in writing by the parties to this action (as provided for in paragraph 5(e)), or who are approved by the Court upon motion by any party to this action.

5.    (a)    A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

(b)    No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraph 4(a)(ii) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

(c)    Before individuals under subparagraph 4(a)(ii) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's completed and signed undertaking attached hereto as Exhibit A as well as the individual's curriculum vitae setting forth his or her name, address, qualifications, relevant work experience and affiliations.  This information shall be served by the Receiving Party on the Producing Party.  Consent to the disclosure shall not be unreasonably withheld.  If the Producing Party objects, it shall provide the basis for the objection in writing within seven (7) business days of receipt of the submission of the signed undertaking and curriculum vitae by email.  If the Producing Party does not object in writing, within seven (7) business days from receipt of the undertaking and curriculum vitae, Confidential Information or

6

Highly Confidential Information may then be disclosed to the retained consultant or expert. If timely objection is made, the parties shall meet and confer in good faith to resolve the disclosure issue within three (3) business days of receipt of the Producing Party's written objection. If the issue cannot be resolved, the party seeking disclosure shall thereupon file within seven (7) business days an appropriate motion with the Court seeking to bar access to the Confidential Information or Highly Confidential Information by the retained consultant or expert. Nothing shall prevent a party from making an earlier motion to either prevent or permit disclosure of Confidential Information or Highly Confidential Information to the consultant or expert, provided the parties have met and conferred as required above. If a motion is filed, no disclosure of Confidential Information or Highly Confidential Information shall be made to the objected-to expert or consultant while the motion is pending.

   (d) Pursuant to subparagraph 5(c), the disclosure of the identity of a consultant or expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product. Furthermore, the parties agree that by stipulating to the entry of this Order, the parties do not intend to modify in any way the normal discovery rules applicable to consultants or experts.

   (e) Prior to any disclosure of information, documents or things designated as Confidential Information or Highly Confidential Information to persons as provided for in paragraph 4(a)(vi) above, counsel desiring to make such a disclosure shall provide written notice to counsel for the designating party of its intent to make the disclosure, stating therein the specific information, documents or things to be disclosed at least ten (10) business days before any Confidential Information or Highly Confidential Information is made available to such person(s). With the written notice shall be included a fully executed copy of

Exhibit A and an explanation of the background of the person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the designating party to determine whether such disclosure might cause injury to the Producing Party. Neither Confidential Information nor Highly Confidential Information shall be disclosed to any such person(s) until such person(s) has executed a written declaration in the form attached hereto as Exhibit A, acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms. If the designating party makes a written objection to the disclosure to such person(s) within the ten (10) day period, no disclosure of the Producing Party's Confidential Information or Highly Confidential Information may be made to the person(s). If the parties cannot resolve the issue, the party seeking disclosure may thereupon seek an appropriate order from the Court compelling disclosure of the Confidential Information or Highly Confidential Information to such person(s).

      6.    Any employee of a law firm, who is not an active member of the bar admitted to the practice of law that is performing substantive work on behalf of a party regarding the litigation, and any employee designated in paragraph 4(a)(vi) of this Order who is not an active member of the bar admitted to the practice of law, shall be prohibited for a period of two (2) years after termination of this civil action by settlement or final, non-appealable judgment, from any involvement in the prosecution of any foreign or domestic patent applications, reexaminations, divisionals, continuations, continuations-in-part, or involvement in any proceeding in which the claim of a patent can be modified, involving a patent or application that relates to contact lens materials, including, but not limited to, a patent or application corresponding to or sharing a common priority application with United States Patent Nos. 5,760,100, 5,776,999, 5,789,461, 5,849,811, 5,965,631 and 6,951,894 or to United States Application No. 08/301,166.

7.      Confidential Information and Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons.  Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such information in order to ensure that the confidential or restricted nature of the same is maintained so as to preclude access by persons who are not entitled to receive such information.

8.      During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 9 hereof.  In the event that any Confidential Information or Highly Confidential Information is used in any court proceeding in connection with this litigation, it shall not lose its status as Confidential Information or Highly Confidential Information through such use.

9.      If a party disagrees with any Confidential Information designation or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement.  In the resolution of such dispute, the moving party shall have the obligation to show a good-faith basis for contending that the information, documents or things are not confidential.  Thereafter, the burden of proving that information has been properly designated as Confidential Information or Highly Confidential

9

Information is on the party making such designation.  Until a determination by the Court, the information at issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order.  Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret, other confidential information or is otherwise entitled to protection under this Order.

 10. During the course of preparing for deposition or trial testimony, or during deposition or trial testimony, unless otherwise entitled to access under this Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's document where:  .

 (a) the document on its face reveals that it was authored or received by the deponent/witness in the normal course of business and outside the context of this litigation; or

 (b) a Producing Party has provided written notice, in either written discovery or by letter, that the document was authored by or received by the deponent/witness in the normal course of business and outside the context of this litigation, and the party receiving such notice has been given a reasonable opportunity to object to the accuracy of this notice and to seek to prevent disclosure to the witness of the document at issue under the procedures in Paragraph 5(c) of this Order.

 (c) Deponents/witnesses shown Confidential Information or Highly Confidential Information under this paragraph shall have a duty to keep that information confidential.  This paragraph shall not preclude a Producing Party from showing a document that

it has produced to deponents and witnesses currently employed by that Party, regardless of whether the Producing Party has designated the document it produced as Confidential or Highly Confidential, and regardless of whether such person was the author or recipient of the document.

11.    Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by the person who received such information.

12.    Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraph 3 hereof, and a statement in the following form or in a substantially similar form:

CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO COURT ORDER
CONTENTS SHOULD NOT BE OPENED BY, OR REVEALED TO, ANYONE
OTHER THAN AUTHORIZED COURT PERSONNEL OR COUNSEL OF RECORD,
EXCEPT BY WRITTEN ORDER OF THE COURT
Civil Action No. 06-239-SLR

13.    The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 12 or any other provision thereof.

14.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

15.     (a)     The inadvertent or unintentional disclosure by the producing party of information, documents or things which it believes should have been designated as Confidential Information or Highly Confidential Information, regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the producing party notifies the receiving party promptly upon discovery of the inadvertent or unintentional failure to designate. If a producing party through inadvertence or unintentional disclosure produces or provides discovery of any Confidential Information or Highly Confidential Information without marking it respectively as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or otherwise designating it as Confidential Information or Highly Confidential Information, the producing party may give written notice to the receiving party or parties that the information or material is Confidential Information or Highly Confidential Information and should be treated in accordance with the provisions of this Order. The receiving party or parties must treat such information or material as Confidential Information or Highly Confidential Information as notified from the date such notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential Information or Highly Confidential Information shall not be deemed a violation of this Order; however, those persons to whom disclosure was

made are to be advised that the material disclosed is Confidential Information or Highly Confidential Information, as the case may be, must be treated in accordance with this Order, and if the person is not entitled to view Confidential Information or Highly Confidential Information, must immediately return all copies of the Confidential Information or Highly Confidential Information in its possession.

(b)     If a party through inadvertence or unintentional disclosure produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the Producing Party may give written notice to the Receiving Party or parties that the information or material is subject to a claim of attorney-client privilege or work product immunity and request that the information or material be returned to the Producing Party.   The Receiving Party or parties shall return to the producing party such information or material within three (3) business days of such notice.   Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the court for an order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

(c)     Counsel for any party producing documents may mask any material contended to be protected from disclosure by the attorney-client privilege or the work-product immunity, and may produce documents either in masked form.   Such masking shall be identified on or in the masked area of the document by a label or stamp which states "Redacted." In the event of disagreement, counsel for the Receiving Party shall identify those portions of the documents which are contended should be produced in unmasked form and shall state why such

portions are believed not subject to the attorney-client privilege or the work-product immunity. In the event the producing entity continues to refuse to produce the documents with those portions unmasked, counsel for the Receiving Party may seek a determination by the Court that such masked portions should be produced.

(d)     If inspection, measuring, testing, sampling or photographing of a party's processes, products, equipment, premises or other property pursuant to the applicable rules of discovery, or by agreement, will reveal or disclose Confidential Information or Highly Confidential Information the Producing Party shall advise the party or parties seeking the discovery in advance that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis and that material discovered and the information derived from that material shall be treated as Confidential Information or Highly Confidential Information subject to the terms of this Order. If photographing or taping of premises, products, equipment, processes or other property is made which the producing entity has advised in advance reveals Confidential Information or Highly Confidential Information, pictures or tapes shall bear the applicable legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the photograph or videotape itself, and on any exterior packaging of the same.

16.    Any violation of the terms of this Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

17.    Until such time as this Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

18.    Third parties who produce information in this action may avail themselves of the provisions of this Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Order.

19.    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case. Any person or party subject to this Order that may be subject to a motion to disclose another party's information designated as Confidential Information or Highly Confidential Information pursuant to this Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

20.    In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a discovery demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential Information or Highly Confidential Information by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential Information or Highly Confidential Information and shall give prompt written notice to the Producing Party. Should the person seeking access to the Confidential Information or Highly Confidential Information take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as requiring production of Confidential Information or Highly Confidential Information covered by this Order.

21.    (a)    Within sixty (60) days of the entry of a final non-appealable judgment or order (including the order or mandate of an appellate court), or the complete settlement of all claims asserted against all parties in this action, all Confidential Information and Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party.  A party to this action that has disclosed Confidential Information or Highly Confidential Information to those persons or entities identified in sub-paragraphs 4(a)(ii)–(v) and 4(a)(vi) is responsible for obtaining all document or things containing Confidential Information or Highly Confidential Information, including all copies, summaries, excerpts, charts, or notes thereof, from those persons or entities, and for disposing of those documents or things in a manner provided for in this paragraph.  Confidential Information or Highly Confidential Information not embodied in physical objects and documents, shall remain subject to this Order.

(b)    Notwithstanding the foregoing, one designated outside law firm of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information.  The Receiving Party shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled to retain copies of any expert report containing any Confidential Information of the Producing Party, which is not in the public docket file.  Outside counsel of a Receiving Party can retain as all work product materials produced by it or its consultants, as well as all privileged

communications that contain Confidential Information or Highly Confidential Information. All such material shall remain subject to the terms of this Order.

22.    This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action. This Order may be changed by further order of the Court, and is without prejudice to the rights of any party to this action, or any third party subject to discovery in this action or any party or individual who agrees to be bound by the terms of this Order to move for relief from any of its provisions, or seek agreement of the parties to this action for different or additional protection for any particular information, documents or things.

23.    This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an order of the Court. Termination of proceedings shall not relieve any person from the obligations of this Order, unless the Court orders otherwise.

24.    At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

**SO ORDERED** this _____ day of August, 2007.

_____
SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COOPERVISION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-239-(SLR) |
| | ) | |
| CIBA VISION CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

I, _____, hereby declare that:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have carefully read and understand the foregoing Stipulated Protective Order Against Unauthorized Use or Disclosure of Confidential Information (the "Order") of the United States District Court for the District of Delaware, in the above-captioned matter.

    5.    I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Information by this Order, as applicable, and will use such information only for purposes of this action.

    6.    Upon final determination of this action, I will return all Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), to the Producing Party.

    7.    I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

    8.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
[signature]

_____
[print or type name]

EXHIBIT B

NEEDLE & ROSENBERG

August 23, 2007

INTELLECTUAL PROPERTY ATTORNEYS
NEEDLE & ROSENBERG PC
SUITE 1000
999 PEACHTREE STREET
ATLANTA, GEORGIA 30309-3915
678-420-9300 PHONE
678-420-9301 FACSIMILE
WWW.NEEDLEROSENBERG.COM

William H. Needle
bneedle@needlerosenberg.com

**VIA E-MAIL** slarson@irell.com **AND**
**CONFIRMATION VIA U.S. MAIL**

Stephen W. Larson, Esquire
Irell & Manella LLP
840 Newport Center Drive
Suite 400
Newport Beach, CA 92660-6324

RE:    CooperVision, Inc. v. CIBA Vision Corp., C.A. 06-239-SLR (D. Del.)
       N&R Reference No.:  03205.4000

Dear Mr. Larson:

This is in response to your August 18 and 22, 2007 letters to Steven Fineman.  CSIRO is
presently reviewing the Protective Order and I will communicate to you their instructions
shortly.

In the meantime, if you should have any questions, please contact me.

Very truly yours,

NEEDLE & ROSENBERG, P.C.

William H. Needle

WHN/trs

cc:    Steven J. Fineman, Esquire

664632_1.DOC

EXHIBIT C

RECEIVED

JUL 1 4 2000

TC 1700

Attorney Docket No.: 22841-011

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In the Reexamination of:<br>Nicolson et al. | )<br>)<br>) |
| U.S. Patent No.: 5,760,100 | ) |
|     Filed:  December 8, 1995 | ) |
|     Issued:  June 2, 1998 | ) |
| | ) |
| For:   Extended Wear Ophthalmic Lens | ) |
| | ) |
| Reexamination Proceeding | ) |
|     Control No.:  90/005,283 | ) |
|     Filing Date:  March 5, 1999 | ) |

Examiner: V. Jagannathan

Art Unit: 1714

### INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. § 1.555
### RE: B&L's RD-677 ALLEGATIONS

Honorable Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

    In accordance with the Patent Owner's Duty of Disclosure under 37 C.F.R. § 1.555, the following information listed in the PTO 1449 is brought to the attention of Patent Examiner.

    By way of background information, the present patent in reexamination is involved in patent infringement litigation initiated by the Patent Owner in *CIBA Vision Corporation v. Bausch and Lomb, Incorporated*, U.S. District Court for the Northern District of Georgia, Gainesville Division, Docket Civil No. 2:99-CV-034-WCO.

    The Requester in the present proceeding (with the real party in interest being Bausch & Lomb ("B&L")) has stated that B&L had arrangements with the listed Australian inventors. The listed inventors in the present application also include European

and American inventors. B&L has alleged that the listed Australian inventors of the above patent received confidential information from B&L in Australia, which information is alleged to be material to the present reexamination proceeding.

As set forth in the listed documents on the 1449, B&L identifies the arrangements to be with Australian entities, the University of New South Wales and Unisearch Limited, to assess the efficacy of a contact lens identified as "RD-677" (RD-677 is also termed "Vynagel."). These entities, in turn, apparently had various arrangements with the listed Australian inventors to assess the efficacy of RD-677. B&L further asserts that the Australian inventors, namely Sweeney, Ho, and Papas, violated their confidentiality obligations with B&L by disclosing B&L confidential information to employees or agents of CIBA Vision (or its predecessor, CIBA Giegy, collectively termed "CIBA").

CIBA also had arrangements with some of the same Australian entities, namely the University of New South Wales, as well as the CSIRO ("Co-operative Research Center for Eye Research and Technology"). In turn, the listed Australian inventors, including Sweeney, Ho and Papas had arrangements with the above Australian entities. Sweeney, Ho and Papas are listed as inventors in the present patent. See generally, B&L Counter Claim to CIBA's COMPLAINT, with Exhibit F; and B&L Memorandum In Opposition to CIBA's Motion for a Temporary Restraining Order and Preliminary Injunction, with Exhibits A-H, and J.

By B&L's own statements, the RD-677 composition was the subject of Nandu U.S. Patent No, 5,260,000 ("Nandu '000"), which was cited and applied by Examiner Merriam during the original prosecution of the above present patent. p. 22, B&L's Answer to CIBA's Complaint. B&L also states that Nandu '000 (which is purportedly RD-677) is not subject to any consideration in this reexamination proceeding because of the limited jurisdiction of reexamination proceedings to new issues of patentability. p. 21, B&L's Petition for Reexamination of a Patent Involved in Litigation. See also *In re Portola Packaging, Inc.*, 42 USPQ2d 1295 (Fed. Cir. 1997).

2

EXHIBIT D

**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JUL - 2 2001

LUTHER D. THOMAS Clerk
By:
Deputy Clerk

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| CIBA VISION CORPORATION, | ) | |
| a Delaware corporation, and | ) | |
| COMMONWEALTH SCIENTIFIC | ) | |
| INDUSTRIAL RESEARCH | ) | |
| ORGANIZATION, an Australian entity, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | Case No. 2:99-0034-RWS |
| vs. | ) | |
| | ) | |
| BAUSCH & LOMB INCORPORATED, | ) | |
| a New York corporation, | ) | |
| | ) | |
|     Defendant. | ) | |

## DEFENDANT'S ANSWER TO CIBA'S FIRST AMENDED
## COMPLAINT AND FIRST AMENDED COUNTERCLAIMS

The defendant, Bausch & Lomb Incorporated ("B & L"), for its answer to the

allegations within the First Amended Complaint of the plaintiffs, CIBA Vision

Corporation ("CIBA") and Commonwealth Scientific Industrial Research

Organization ("CSIRO"), states as follows:

76634

121

45.    The RD-677 material was in existence, and known to several of the named inventors, long before the named inventors "invented" the claimed subject matter of the asserted patents.

46.    At least some of the named inventors of the asserted patents knew that the oxygen permeability (Dk) for RD-677 was 87.

47.    The composition and physical properties of the RD-677 material, as known to certain of CIBA's and CSIRO's inventors, were material to the prosecution of the asserted patents.

48.    The existence of and the composition and physical properties of B & L's RD-677 material were not disclosed to the PTO during the prosecution of any of the asserted patents.

49.    The failure to disclose the existence of and the composition and physical properties of B & L's RD-677 material to the PTO was intentional, and intended to deceive the PTO.

50.    The asserted patents are all unenforceable because of Novartis/CIBA's and CSIRO's affirmative actions in withholding material information during the prosecution of the asserted patents.

76634                                41