IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COOPERVISION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-239 (SLR) |
| | ) | |
| CIBA VISION CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**COOPERVISION INC.'S RESPONSE TO BAUSCH & LOMB INC.'S
OBJECTIONS TO THE PRODUCTION OF DOCUMENTS BY CIBA VISION INC.**

On July 25, 2007, the Court ordered CIBA to produce all documents from prior litigations involving the patents in suit. Third-party Bausch & Lomb responded that it has no objection to production of documents "used and placed in evidence" in trial. Bausch & Lomb did object, however, to the wholesale formal production of other documents, and requested that CooperVision's outside counsel review them and then discuss with Bausch & Lomb which of those additional documents it requires. CooperVision has reached an agreement with Bausch & Lomb regarding that latter category of documents: CooperVision has agreed to conduct a preliminary review of non-trial documents, and in exchange, Bausch & Lomb has agreed that this review may occur at the offices of CooperVision's outside counsel. Ex. A at 2.

The only remaining obstacle is CIBA, which simply refuses to produce the documents to CooperVision's counsel. CIBA instead insists that CooperVision's counsel travel to at least three different locations across the country to inspect and photocopy documents – even documents that are *in electronic form*. Exs. B, C ¶ 4, & D. CIBA has also refused to produce Bausch & Lomb's trial documents, to which Bausch & Lomb has *not* even objected, similarly demanding that CooperVision's counsel travel to various law firm offices across the country to

view the documents (regardless of whether the documents are in electronic form). CIBA has the documents and should be ordered to produce them without further delay.

### I.   CIBA AGREED TO GIVE COOPERVISION THE DOCUMENTS IN QUESTION, SUBJECT TO TWO CONDITIONS THAT HAVE BEEN SATISFIED.

CooperVision has been seeking the documents at issue for nearly eight months. During the June 14, 2007 hearing, CIBA professed to be a disinterested bystander in the dispute, placing only two conditions on its willingness to provide the documents to CooperVision:

> We told plaintiff's counsel, if you get Bausch & Lomb to agree and say that they could have them, we'll give you the documents. Get it cleared with the Court. Get it cleared with Bausch & Lomb. I don't care. All right.

D.I. 38 at 39 ll. 8-11 (June 14, 2007 Transcript). Both of CIBA's conditions have been met. First, the Court decided during the hearing that it would "order them produced" so as to "allow Bausch & Lomb the opportunity to object," *id.* at 21-23, and did so on July 25. Second, Bausch & Lomb agreed that CIBA may produce the documents to CooperVision's counsel for review. Ex. A at 2.

### II.  CIBA'S REFUSAL TO GIVE COOPERVISION THE DOCUMENTS IS UNREASONABLE AND CONTRADICTS CIBA'S REPRESENTATIONS TO THE COURT.

Rather than produce the documents as promised and later ordered, CIBA has now erected a new set of barriers to prevent CooperVision from getting access to the documents it requires. CIBA now demands that CooperVision's counsel travel to at least three different law offices around the country to physically inspect and copy the documents – even those that are *electronic*. CIBA even insisted initially that all three inspections take place on the *same day*. Ex. B. CIBA refuses to provide all of the documents in one place, or send CooperVision electronic copies, or even identify the extent to which these documents are in electronic form.

2

Indeed, CIBA's counsel disclaims *any* knowledge regarding the form of the documents, even though one of the identified locations for inspection is CIBA's counsel's *own office*. Exs. B, C ¶ 4.

CIBA also refuses to give CooperVision the documents to which Bausch & Lomb has not objected, such as those used at trial. CooperVision needs those documents immediately, as it is in the process of preparing its own invalidity contentions concerning the same patents and many of the same issues, and is not interested in reinventing the wheel needlessly. Nevertheless, CIBA simply refuses to produce them, even though it has been ordered to do so.

### III.  CONCLUSION

CIBA has all of the requested documents, those documents are relevant, CIBA agreed to produce them, and the Court ordered CIBA to do so. Bausch & Lomb does not object to their production. CooperVision requests that the Court enforce its July 25, 2007 Order and require that CIBA produce these documents to CooperVision immediately.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Karen Jacobs Louden*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com

*Attorneys for Plaintiff*
*CooperVision, Inc.*

*Of Counsel*:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

August 28, 2007

3

## CERTIFICATE OF SERVICE

I, Karen Jacobs Louden, hereby certify that on August 28, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Karen L. Pascale, Esquire
> YOUNG, CONAWAY, STARGATT & TAYLOR LLP

I also certify that copies were caused to be served on August 28, 2007 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Karen L. Pascale, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

### BY ELECTRONIC MAIL and FEDERAL EXPRESS

John P. Iwanicki, Esquire
BANNER & WITCOFF, LTD.
28 State Street
Boston, MA 02109

Edwards W. Remus, Esquire
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street
34th Floor
Chicago, IL 60661

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden (#2881)
klouden@mnat.com

EXHIBIT A

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7937
FACSIMILE (310) 203-7199
bhattenbach@irell.com

August 15, 2007

**VIA E-MAIL**

Robert F. Altherr, Jr.
1100 13th Street, N.W.
Suite 1200
Washington, DC 20005-4051

    Re:    <u>CooperVision, Inc. v. CIBA Vision Corp., C.A. 06-239-SLR (D. Del.)</u>

Dear Robert:

    This letter follows up on our letter of August 14th. As memorialized in the enclosed letter, Bausch & Lomb does not object to CIBA providing CooperVision's outside counsel electronic copies of all documents produced by Bausch & Lomb in the related litigations so that we can inspect these documents and determine whether any of them are needed in this matter. Bausch & Lomb's representation and the Court's July 25, 2007 Order satisfy both conditions you placed on providing us these documents in representations to the Court:

> We told plaintiff's counsel, if you get Bausch & Lomb to agree and say that they could have them, we'll give you the documents. Get it cleared with the Court. Get it cleared with Bausch & Lomb. I don't care. All right.

June 14, 2007 Transcript at 39.

    CIBA needs to provide us with these documents immediately. We request that they be produced to us in electronic form by overnight delivery. Please let me know right away whether CIBA will make that production, and if so, when. We further request a prompt response to our letter of August 14. Absent an expeditious resolution of these issues, we will be forced to seek emergency relief from the Court.

                                              Very truly yours,

                                              /s Benjamin Hattenbach

                                              Benjamin W. Hattenbach

BWH
Enclosures

1739126

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7937
FACSIMILE (310) 203-7199
bhattenbach@irell.com

August 15, 2007

**VIA E-MAIL**

Edward W. Remus
500 West Madison Street, 34th Floor
Chicago, IL 60661

Re:   <u>CooperVision, Inc. v. CIBA Vision Corp., C.A. 06-239-SLR (D. Del.)</u>

Dear Ed:

Thank you for speaking with us on last Friday. We appreciate your confirmation that Bausch & Lomb does not object to CIBA providing CooperVision's outside counsel with an electronic copy of all documents produced by Bausch & Lomb in the related litigations so that we can inspect these documents and determine whether any of them are needed in the above-captioned matter. As we assured you, these documents will be examined only by CooperVision's outside counsel during this review process.

If as a result of this review we identify additional Bausch & Lomb materials we would like to use in this matter – beyond those made part of the trial record in previous litigations, which you have already given us permission to use – we will be in touch with you to discuss how to proceed.

Very truly yours,

/s Benjamin Hattenbach

Benjamin W. Hattenbach

BWH

1739898

# EXHIBIT B



1100 13TH STREET, N.W.
SUITE 1200
WASHINGTON, DC 20005-4051

TEL: 202.824.3000
FAX: 202.824.3001
www.bannerwitcoff.com

ROBERT F. ALTHERR, JR.
raltherr@bannerwitcoff.com

August 8, 2007

**By email and U.S. Mail**

Jason Sheasby, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Re:   CooperVision, Inc. v. Ciba Vision Corp., C.A. 06-239-SLR (D. Del)

Dear Jason:

Pursuant to the Court's Order of July 25, 2007, CIBA will make documents in CIBA's possession that have been produced, served or filed in all previous legal proceedings involving the Nicolson patent family available for inspection and copying at the following locations: (1) Banner & Witcoff, Ltd. 1100 13th Street NW, Suite 1200, Washington, D.C. 20005; (2) McDermott Will & Emery, 600 13th Street NW, Washington, D.C., 2005; and (3) Sidley & Austin, 717 N. Harwood, Suite 3400, Dallas, Texas 75201. The above documents will be made available for inspection and copying on August 15, 2007 at 9:00 am (at each location's respective local time).

Please provide the name of each individual who will be inspecting documents on behalf of CooperVision at each location so that arrangements can be made to authorize these individual's access to their respective locations for document inspection at the time and date indicated above.

If you have any questions concerning this matter, please call either Christopher Roth or me at 202-824-3000.

Very truly yours,

Robert F. Altherr, Jr.

RFA/CBR
Cc:   Karen Pascale (via email kpascale@ycst.com)
      Daniel Bucca, McDermottt Will and Emery (via email only)
      John A. Dondrea, Sidley & Austin (via email only)

# EXHIBIT C



1100 13TH STREET, N.W.
SUITE 1200
WASHINGTON, DC 20005-4051

TEL: 202.824.3000
FAX: 202.824.3001
www.bannerwitcoff.com

ROBERT F. ALTHERR, JR.
raltherr@bannerwitcoff.com

August 13, 2007

**By email and U.S. Mail**

Adam Hoffman, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Re:   CooperVision, Inc. v. Ciba Vision Corp., C.A. 06-239-SLR (D. Del)

Dear Adam:

    We have received your correspondence of August 9, 2007 regarding the production of documents pursuant to the Court's Order of July 25, 2007. CIBA complied with the Court Order and "provide[d] a copy of this order within five days after its entry to third parties whose confidential information CIBA has been ordered to produce." As to your questions regarding third party objections, CIBA is currently aware of one, a copy of which was also sent to your firm (See correspondence of August 7, 2007 to the Clerk of the Court from Edward Remus enclosing third party objections, cc to Morgan Chu). Given that counsel for CooperVision received a copy from the original sender, CIBA does not believe it is under a duty to provide you with a duplicate.

    Pursuant to the Court Order, that "if any third party files an objection with this Court to the production of its confidential information within 21 days of the entry of this Order, CIBA need not produce documents containing that third party's confidential information for inspection and copying until the Court has ruled on that objection", CIBA is only withholding the documents as objected to by a third party, until such time as the Court rules on that objection.

    The parties have no agreement regarding payment for copies of documents produced in this litigation. If CooperVision wants copies of the documents from the other litigations, CooperVision will have to bear the expense of making those copies.

    Regarding your final question, CIBA in its ordinary course of business, does not catalogue what litigation documents have been kept in paper format and what documents have been kept in electronic format and does not believe that the Federal Rules of Civil Procedure require such activity at the present time. For those documents stored electronically, CIBA will arrange for appropriate accommodations for their inspection by CooperVision at the previously listed locations.

CHICAGO, IL
WASHINGTON
BOSTON, MA
PORTLAND, OR

Adam Hoffman, Esq.
August 13, 2007
Page 2

      If you have any questions concerning this matter, please call either Christopher Roth or me at 202-824-3000.

                                      Very truly yours,

                                      Robert F. Altherr, Jr. (by CBR)

                                      Robert F. Altherr, Jr.

RFA/CBR
Cc:    Karen Pascale (via email kpascale@ycst.com)
        Daniel Bucca, McDermottt Will and Emery (via email only)
        John A. Dondrea, Sidley & Austin (via email only)

# EXHIBIT D



**Banner & Witcoff, Ltd.**
INTELLECTUAL PROPERTY LAW

1100 13TH STREET, N.W.
SUITE 1200
WASHINGTON, DC 20005-4051

TEL: 202.824.3000
FAX: 202.824.3001
www.bannerwitcoff.com

ROBERT F. ALTHERR, JR.
raltherr@bannerwitcoff.com

August 20, 2007

**By email and U.S. Mail**

Jason Sheasby, Esq.
Benjamin Hattenbach, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Re:   **CooperVision, Inc. v. Ciba Vision Corp., C.A. 06-239-SLR (D. Del)**

Dear Jason and Benjamin:

    We have received your respective correspondence of August 14 and 15, 2007 regarding CIBA's production of all documents (if not objected to by a third party due to their confidential information) from previous litigations in compliance with the Court order of July 25, 2007. The Court's Order required that these documents be made available for inspection and copying by CooperVision, which CIBA did on August 15, 2007, in compliance with the Court's order. CooperVision, for its own reasons elected not to inspect and copy any of these documents on that date. While CIBA remains willing to work with CooperVision to make this inspection and copying as efficient as practicable, CIBA is not under an obligation to ship its original documents or copies of these voluminous documents at CIBA's expense to a location specified by CooperVision.

    CooperVision to date, despite having received notice of the document's availability for inspection and copying of at least a week in advance, has declined to inspect any of these documents. As we have previously advised CooperVision, CIBA has and will continue to make these documents, in their current form, available at the locations they are kept in the normal course of business for inspection and copying. If CooperVision wants to inspect these documents at a future date at these previously identified locations, CIBA merely requests that reasonable advance notice be provided to allow scheduling of appropriate accommodations at the locations where these documents are maintained. For security reasons, CooperVision needs to provide the names of the individuals that will actually inspect these documents. If CooperVision will want copies of these documents, whether electronic or paper, please contact the previously identified copy vendor, LEX, (see, our correspondence of August 9, 2007) to arrange for payment and the particular format in which CooperVision wants its copy.

    We also note that third parties, in addition to those described in our correspondence of August 13, 2007 have now filed objections to CIBA producing their respective

CHICAGO, IL
WASHINGTON, DC
BOSTON, MA
PORTLAND, OR

Jason Sheasby, Esq.
Benjamin Hattenbach, Esq.
August 20, 2007
Page 2

confidential information from previous litigations. As such, it may be more efficient for both CooperVision and CIBA to wait for the Court's ruling on these third parties objections before attempting to set another date for CooperVision's inspection of these documents.

If you have any further questions concerning this matter, please call either Christopher Roth or me at 202-824-3000.

Very truly yours,

*Robert F. Altherr, Jr. (by CBR)*

Robert F. Altherr, Jr.

RFA/CBR