IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COOPERVISION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-239 (SLR) |
| | ) | |
| CIBA VISION CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**JOHNSON & JOHNSON VISION CARE, INC.'S REPLY TO COOPERVISION, INC.'S RESPONSE TO OBJECTIONS TO THE PRODUCTION OF ITS CONFIDENTIAL INFORMATION FROM RELATED LITIGATIONS**

CooperVision, Inc. ("CooperVision") contends that if the Court sustains Johnson & Johnson Vision Care, Inc.'s ("JJVC's") objections to the production of confidential materials from its litigation with CIBA Vision Corp. ("CIBA"), then CooperVision and the Court would be left "with only 'one side of the equation'-- an incomplete and potentially inaccurate picture of the other proceedings." (CooperVision Resp. at 2). This is untrue. JJVC previously informed CooperVision that it does not object to the production of materials containing or describing the parties' invalidity and unenforceability contentions in that case.[1] In addition, JJVC's briefing and exhibits relating to the parties' interpretation of the scope of the Nicolson patents are publicly available. JJVC certainly has no objection to production of those materials.

The only apparent dispute is whether CooperVision has demonstrated the relevance of, and need for, the actual infringement positions of CIBA and JJVC which contain JJVC's confidential technical information related to its commercial silicone hydrogel lenses. As discussed below, CooperVision cannot satisfy this burden.

---

[1] CooperVision seeks only production of court-filed documents, discovery responses and expert reports that contain JJVC's and CIBA's contentions and responses thereto in the Florida Litigation.

I.  **COOPERVISION HAS NOT DEMONSTRATED ANY NEED FOR THE ACTUAL INFRINGEMENT CONTENTIONS FROM THE FLORIDA LITIGATION**

CooperVision's only argument suggesting that it is entitled to production of the infringement contentions, which contain JJVC confidential information, is that "they will reveal whether CIBA's interpretations of the scope of its patent are the same in Florida as they are in Delaware." (CooperVision Resp. at 3). But CIBA's interpretations of the scope of the Nicolson patents, and JJVC's responses thereto, are publicly available in the *Markman* documents filed in the Florida Litigation, and JJVC has no objections to the production of those materials. Thus, CooperVision has failed to demonstrate any relevance of, or need for, JJVC's technical documents concerning the confidential research and development, and manufacturing and production plans and processes related to JJVC's commercial silicone hydrogel contact lenses. The claims in this Delaware action relate to CIBA's claims concerning CooperVision's silicone hydrogel contact lenses, not JJVC's lenses. Quite simply, JJVC's technical information is not relevant to this Delaware litigation.

II.  **DISCLOSURE OF CONFIDENTIAL MATERIAL WOULD SUBSTANTIALLY HARM JOHNSON & JOHNSON**

CooperVision's suggestion that the Protective Order entered in the present case obviates JJVC's concerns regarding disclosure of its most sensitive technical information to a competitor is both factually and legally erroneous.[2] First, there can be no serious argument that the recently entered Protective Order protects JJVC's interests in its confidential information. The Order allows for disclosure of Highly Confidential Information to several categories of people that compromise the confidentiality of JJVC's most sensitive technical information. For instance, the

---

[2] JJVC filed its present Objections on August 15, 2007, more than one week prior to the Court entering the Protective Order in this case on August 23, 2007. Thus, CooperVision wrongly asserts that JJVC "completely disregard[ed] this Court's Protective Order." JJVC could not disregard an order which had yet to be entered.

Protective Order allows for dislcosure to "independent consultants and experts" who have not been identified to JJVC. (Prot. Order at Para. 4(a)(ii)). The risk here is particularly high because the contact lens industry is relatively small and it is not unlikely that CooperVision's experts will have relationships or interests adverse to JJVC's.[3]

The Protective Order also allows for disclosure to "any other persons who are mutually agreed upon in writing *by the parties to this action*...or who are approved by the Court upon motion *by any party to this action*." (Prot. Order at Para. 4(a)(vii)) (emphasis added). Accordingly, if JJVC's confidential information is produced here, only JJVC's competitors remain to protect the confidentiality of the materials throughout the remainder of the litigation.

As this Court has recognized, such a situation provides insufficient protections to the non-party competitor against the potential harm of disclosure. *Mannington Mills, Inc. v. Armstrong World Ind., Inc.*, 206 F.R.D. 525, 530-31 (D. Del. 2002). In *Mannington Mills*, the Court quashed a subpoena requesting highly confidential information from a third party due to the potential harm that production would cause. The Court found that, exactly like the situation here, the protective order allowed *the parties to the action* to agree among themselves how to handle the use of third party confidential information. *Id.* The Court noted that once the third party's confidential information is produced to undisputed competitors, it "is anyone's guess" how the parties to the action would handle it throughout the remainder of the litigation:

> What happens with any information disclosed by [third-party] Congoleum in response to Mannington's subpoena, particularly at trial, is anyone's guess....[T]he parties to this litigation are left with the option of how disclosure of such confidential information is handled at trial. As a result, control is in the hands of Congoleum's undisputed competitors and the court....*[I]t would be*

---

[3] The Protective Order also allows for disclosure to an in-house CooperVision attorney. (Prot. Order at Para. 4(a)(vi)). Thus, JJVC's confidential information will be known to CooperVision personnel.

3

> *divorced from reality to believe that either party here would serve as the champion of its competitor...to maintain the confidentiality designation or to limit public disclosure...during trial.*

(*Id.*) (emphasis added) (internal citations omitted). Indeed, under the Protective Order here, CooperVision's experts and in-house attorney would have unfettered access to JJVC's confidential materials, and CooperVision and CIBA could agree among themselves, without intervention by JJVC, whether to disclose this information to others. Like in *Mannington Mills*, this Court should prohibit the disclosure of JJVC's confidential materials.

CooperVision's reliance on *Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc.*, 2004 WL 115594 (D. Del. 2004) is also misplaced as that case does not address the situation presented here: namely, the harm that occurs when a third party faces production of confidential material and subsequently has no say over how that information is used throughout the litigation. Rather, *Medtronic* only considered the situation where the party-plaintiff sought a protective order precluding the production of its confidential technical information in response to a counter-claim of patent infringement. In that case, the protective order adequately protected the interests of the *parties involved in the litigation*. That is clearly not the situation here.

Finally, CooperVision's argument is legally flawed as well. Contrary to CooperVision's position, a protective order, by itself, does not mandate production of third party confidential information. Rather, the party requesting production must first make a clear case of the confidential information's relevance to the litigation and its need for the information. *See Mannington Mills*, 206 F.R.D. at 531 ("[A] protective order which limits to whom information may be disclosed does not eliminate the requirement of relevance and need.") As discussed above, CooperVision has not met that burden here.

4

## III. CONCLUSION

Accordingly, JJVC respectfully requests that the Court enter an Order prohibiting CIBA from producing the materials that contain the parties' infringement contentions and underlying documents from the Florida Litigation.

Respectfully submitted,

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Harry J. Roper
Timothy J. Barron
Daniel J. Schwartz
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
Tel: (312) 222-9350
Fax: (312) 527-0484

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel: (302) 984-6000
    Fax: (302) 658-1192
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

Dated: September 5, 2007
816989 / 32175

*Attorney for Johnson & Johnson Vision Care, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 5, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on September 5, 2007, I have Electronically Mailed the document to the following person(s):

Mr. Thomas P. Steindler
Mcdermott Will & Emery
600 13th Street, NW
Washington, DC 20005-3096
tsteindler@mwe.com

Robert F. Altherr, Jr.
Banner & Witcoff, LTD.
1100 13th Street, N.W., Suite 1200
Washington, DC 20005-4051
raltherr@bannerwitcoff.com

Josy W. Ingersoll
Karen L. Pascale
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th floor
Wilmington, DE 19899-0391
jingersoll@ycst.com
kpascale@ycst.com

Jason G. Sheasby
Irell & Manella Llp
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
jsheasby@irell.com

Jack B. Blumenfeld
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell, LLP
1201 N. Market Street
Wilmington, DE 19801
jblumenfeld@mnat.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

812960 / 32175