IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPERVISION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-239 (SLR) |
| v. | ) |
| | ) |
| CIBA VISION CORP., | ) |
| | ) |
| Defendant. | ) |

**REPLY TO COOPERVISION'S RESPONSE TO
COMMONWEALTH SCIENTIFIC AND INDUSTRIAL RESEARCH
ORGANIZATION'S OBJECTIONS TO THE PRODUCTION
OF DOCUMENTS BY CIBA VISION, INC.**

Commonwealth Scientific and Industrial Research Organization ("CSIRO"), by and through its attorneys, replies to CooperVision's response to CSIRO's objections to the production of documents by CIBA Vision, Inc. as follows:

Subject to the Protective Order in this matter, CSIRO is prepared to permit CooperVision's outside Counsel, independent experts and one of its in-house Counsel to inspect and copy at the offices of CIBA Vision in Atlanta, Georgia the CSIRO documents in CIBA's possession relating to the now-settled litigation *CIBA Vision et al. v. Bausch & Lomb* that was brought in the N.D. of Georgia. The CSIRO documents are "all documents in CIBA's possession that have been produced, served, or filed in all previous legal proceedings involving the Nicolson patent family (which includes United States Patent Nos. 5,849,811, 5,760,100, 5,776,999, 5,789,461, 5,965,631, 6,951,894, as well as foreign counterpart applications and patents)."

The delay in implementing the inspection and copying is a result of several factors:

1.      CSIRO did not receive the Court's July 25, 2007 Order Concerning Production of Documents From Related Litigations until August 3, 2007. It was enclosed in a July 31, 2007 letter from CIBA Vision's litigation counsel in this matter.

2.      However, CSIRO did not receive a copy of the Protective Order in this matter until August 17, 2007 and, even then, it was not the Protective Order that was actually entered which was only received by CSIRO on August 20th.

3.      CSIRO is located in Australia which results in communication time lags between its Australian counsel and its Atlanta, Georgia counsel who has been, and continues to be, in diligent communication with in-house counsel for CIBA Vision to ensure that the production occurs in strict accordance with the Protective Order, including Paragraphs 5(e) and 18.

4.      In accordance with the Protective Order, all of CSIRO's documents which will be produced for inspection will be marked as "Highly Confidential Information."

CSIRO also desires to address some misstatements in CooperVision's Response. CSIRO is not a "co-assignee of the patents in suit." The patents are now owned by CIBA Vision, as acknowledged by CooperVision in its declaratory judgment Complaint.

Also, the issue involving the three inventors named in paragraph I of CooperVision's Response does not involve CSIRO. That is, those three inventors are not, and have never been, employees of CSIRO.

Finally, CSIRO does not accept CooperVision's assertions in paragraph 1 of its Response as to CSIRO's alleged involvement in "misappropriation of the patented technology" and "inequitable conduct before the PTO."

## CONCLUSION

In view of the above, CSIRO hereby withdraws its Objections to the production of its documents by CIBA Vision.

                                          /s/ *signature*
                                         Frederick L. Cottrell, III (#2555)
                                         cottrell@rlf.com
                                         Steven J. Fineman (#4025)
                                         fineman@rlf.com
                                         Richards, Layton & Finger

OF COUNSEL:                              One Rodney Square
William H. Needle                      920 North King Street
Needle & Rosenberg, P.C.              Wilmington, Delaware 19801
999 Peachtree Street, Suite 1000      (302) 651-7700
Atlanta, Georgia 30309-3915         Counsel for Third-Party Commonwealth
(678) 420-9300                         Scientific and Industrial Research Organization

Dated: September 7, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2007, I caused to be served by hand delivery the foregoing document(s) and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Karen L. Pascale
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Post Office Box 391
Wilmington, Delaware 19899-0391

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
Post Office Box 1347
Wilmington, Delaware 19899

I hereby certify that on September 7, 2007 I caused to be sent the foregoing document by First Class Mail to the following non-registered participants:

Robert F. Altherr
Banner & Witcoff, Ltd.
1100 – 13th Street, N.W.
Suite 1200
Washington, D.C. 20005-4051

John P. Iwanicki
Banner & Witcoff, Ltd.
28 State Street, 28th Floor
Boston, Massachusetts 02109

Timothy C. Meece
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, Illinois 60606-7407

Morgan Chu
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067

Steven J. Fineman (#4025)
fineman@rlf.com