**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **COOPERVISION, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 06-239-SLR** |
| | ) | |
| **CIBA VISION CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CIBA VISION'S MOTION UNDER PARAGRAPH NINE OF PROTECTIVE ORDER
FOR CANCELLATION OF CONFIDENTIALITY DESIGNATION
AS TO COOPERVISION'S CONTACT LENSES**

In accordance with Paragraph 9 of the "Protective Order Against Unauthorized Use or Disclosure of Confidential Information" entered by this Court on August 23, 2007 (D.I. 60) (hereinafter "Protective Order," a copy of which is attached as Exhibit 1), defendant CIBA Vision Corporation ("CIBA") hereby moves this Court to cancel plaintiff CooperVision, Inc.'s ("CooperVision's") designation of the commercially available Biofinity contact lens samples that CooperVision has produced in discovery in this case as "Confidential" under the Protective Order.

## I.    SUMMARY OF ARGUMENT

The Protective Order is intended to allow the parties to maintain the confidentiality of certain documents and other materials produced in the course of the litigation. The Protective Order thus defines "Confidential Information" intended to be protected under the Order as "information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties."

The Biofinity lenses are not trade secrets or confidential information within the meaning of the Protective Order. Instead, the Biofinity lenses are in the public domain and publicly available for purchase throughout the world, including in the United States. Any confidentiality that may have previously attached to the lenses has been waived. Thus, CooperVision's designation of the Biofinity lenses as confidential information is improper, and the confidentiality designation should be cancelled.

## II.    FACTUAL BACKGROUND

### A.    The Protective Order

This Court entered the Protective Order in this case on August 23, 2007. The Protective Order has two levels of confidentiality – "Confidential" and "Highly Confidential." Paragraph 3 of the Protective Order permits any party to designate produced documents and/or materials containing Confidential Information as "Confidential" or "Highly Confidential" by affixing an appropriate legend onto the document or other material identifying the same as "Confidential" or "Highly Confidential." Information designated "Confidential" or "Highly Confidential" may be viewed only by the parties' outside counsel of record, independent consultants and experts who have been retained by counsel, one designated in-house counsel for each party, and such other persons who the parties mutually agree may access confidential Information or who are approved for such access by the Court. "Confidential Information" is defined in paragraph 1 of the Protective Order to include "all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties."

Under paragraph 9 of the Protective Order, if a party disagrees with any Confidential Information designation, that party must first make its objection known to the producing party and request a change of designation. If, after conferring in good faith, the parties are unable to

resolve the dispute, the party challenging the designation may move for appropriate relief from

the Court. The moving party must show a good-faith basis for contending that the information,

documents or things at issue are not confidential. Thereafter, the burden of proving that

information has been properly designated as Confidential Information or Highly Confidential

Information is on the party making such designation.

**B.**    **CooperVision's Production and Designation of Its Biofinity Contact Lenses**

In December 2006, before the Protective Order was entered, CooperVision produced

samples of its Biofinity lenses to CIBA. In the accompanying letter dated December 18, 2006

(Exhibit 2), CooperVision's counsel stated, "[w]e are designating the lenses as Confidential

pursuant to Delaware Local Rule 26.2 in order to ensure that they are used for no other purpose

other than this litigation." CIBA objected to CooperVision's confidentiality designation by letter

dated December 20, 2006 (Exhibit 3) and asked CooperVision to immediately remove the

confidentiality designation from the lenses. CooperVision responded on December 21, 2006

(Exhibit 4). At that time, CooperVision stated that it would be willing to remove the

confidentiality designation but only if CIBA agreed that it would not use the lenses for any

purpose other than the defense of CooperVision's declaratory judgment claims in this case.

CooperVision produced additional samples of the Biofinity lenses to CIBA on January 8,

2007. As it had done before, CooperVision designated these lenses as Confidential pursuant to

this Court's Local Rule 26.2. CooperVision stated, "[w]e are prepared to remove this

designation as long as CIBA commits not to use the lenses for any purpose other than

determining whether to bring counterclaims based on the Nicolson patents." *See* Exhibit 5.

Shortly after the Protective Order was entered on August 23, 2007, CIBA contacted

CooperVision on August 31, 2007 (Exhibit 6) and asked CooperVision to withdraw its

confidentiality designation with respect to the Biofinity contact lenses. CooperVision responded

3

on September 4, 2007 (Exhibit 7), again indicating its willingness to withdraw the confidentiality

designation only if CIBA stipulated that it would use the lenses only for purposes of this

litigation.

## III.    ARGUMENT

### COOPERVISION CANNOT SHOW THAT THE BIOFINITY LENSES ARE PROPERLY DESIGNATED AS CONFIDENTIAL INFORMATION

#### A.    The Biofinity Contact Lenses Do Not Constitute or Disclose CooperVision's Trade Secrets or Other Confidential or Proprietary Information

As used in the Protective Order, the term "Confidential Information" includes "all

information and tangible things that constitute or disclose trade secrets or other confidential or

proprietary information of one of the parties." That is the only type of information intended to

be protected under the Order. CooperVision's Biofinity contact lenses neither constitute nor

disclose CooperVision's trade secrets or other confidential or proprietary information belonging

to CooperVision. CooperVision has publicly disclosed the Biofinity lenses, and the lenses are

now squarely a part of the public domain. Any confidentiality that may have previously attached

to those contact lenses has clearly been lost.

##### 1.    CooperVision Markets and Sells the Biofinity Contact Lenses Throughout the World, Including the United States

CooperVision has marketed and sold the Biofinity lenses in Europe since well before this

suit was filed. CooperVision also began distributing the Biofinity lenses in the United States

prior to the commencement of this suit (*see* Complaint at paragraph 13) (D.I. 1) and more

recently, CooperVision has begun marketing and selling the Biofinity lenses in the United States.

CooperVision also actively advertises and promotes the Biofinity lenses to the public through

CooperVision's Internet website, www.CooperVision.com. A recent visit to the CooperVision

website showed that CooperVision is offering rebates to the public of up to $80 on sales of

4

Biofinity lenses, which are available for purchase in the United States through eye care professionals. *See* Exhibit 8.

### 2. CooperVision Has Admitted That the Biofinity Lenses Are Publicly Available for Purchase by CIBA

CooperVision has admitted that its Biofinity lenses are publicly available. Indeed, in responding to CIBA's request for samples of every different Biofinity lens that CooperVision makes, sells, offers for sale, uses and/or imports into the United States, CooperVision complained about the large number of lenses that CIBA had requested and demanded that CIBA explain why it could not obtain these lenses from "*a public source*." *See* Exhibit 4 at p. 1, ¶ 4.

Surely CooperVision cannot reasonably maintain that its contact lenses, which are publicly available for purchase to anyone who wishes to purchase them, including CIBA, disclose protectible trade secrets.

### 3. Information Obtainable Through Reverse Engineering of the Publicly Available Biofinity Lenses Cannot be Protected as Confidential Information

In its September 4, 2007 letter, CooperVision asserted as basis for its confidentiality designation that "CooperVision's lenses embody proprietary technical research and development information and are not made available to direct competitors for reverse engineering." Yet CooperVision has admitted that the Biofinity lenses are publicly available to any member of the public, including direct competitors. Moreover, any information that can be divined through reverse engineering of the public domain Biofinity lenses also is public domain information and, by definition, cannot be confidential or protectible as a trade secret. *See, e.g., SI Handling Systems, Inc. v. Heisley,* 753 F.2d 1244, 1255 (3d Cir. 1985) (Matters fully disclosed by a marketed product and susceptible to reverse engineering cannot be protected as trade secrets).

**B.      The Unwarranted Confidentiality Designation Places an Unfair Burden on CIBA Vision**

When information is designated Confidential by a party, the Protective Order imposes additional security restrictions and severely limits the persons with whom such information may be discussed.  The Protective Order also subjects anyone disclosing such information beyond the specified limits to potential penalties, even if such disclosure is inadvertent.  CooperVision should not be permitted to force CIBA to maintain such security restrictions for contact lens samples that are publicly available, or to limit the persons with whom CIBA or its counsel may discuss the publicly available Biofinity contact lenses, or subject CIBA or its counsel to potential liability for discussing information that is already available to the public.  Accordingly, CooperVision should be ordered to immediately remove the confidentiality designation from the Biofinity lenses.

**IV.     CONCLUSION**

As explained above, the information that CooperVision claims is "Confidential" either is already in the public domain or can be obtained through reverse engineering of public domain materials.  This the very antithesis of a trade secret or confidential information.  In view of the foregoing, CIBA respectfully requests the Court grant its motion to cancel the confidentiality designation of the Biofinity lens samples.

6

September 12, 2007

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

_____

Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

Robert F. Altherr
BANNER & WITCOFF, LTD.
1001 G Street, N.W., 11th Floor
Washington, DC 20001
Telephone: 202-508-9100
Facsimile: 202-508-9299

Timothy C. Meece
Thomas K. Pratt
Shawn P. Gorman
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, Illinois 60606-7407
Telephone: 312-463-5000
Facsimile: 312-463-5001

John P. Iwanicki
BANNER & WITCOFF, LTD.
28 State Street
28th Floor
Boston, MA 02109
Phone: 617-720-9600
Facsimile: 617-720-9601

***Attorneys for Defendant,***
***CIBA Vision Corporation***

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 12, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Jack B. Blumenfeld    jbbefiling@mnat.com
Morgan Chu    mchu@irell.com
David I. Gindler    dgindler@irell.com
Amir A. Naini    anaini@irell.com
Douglas G. NeJaime    dnejaime@irell.com
Jason G. Sheasby    jsheasby@irell.com, mdonovan@irell.com
Jonathan Steinsapir    jsteinsapir@irell.com
Ben Yorks    byorks@irell.com

I further certify that on September 12, 2007, I caused a copy of the foregoing document to be served on certain of the above-listed counsel and on certain non-registered participants, as listed below in the manner indicated:

### *By Hand Delivery and E-Mail*

Jack B. Blumenfeld [jblumenfeld@mnat.com]
Rodger D. Smith II [rsmith@mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200

### *By E-Mail*

Morgan Chu [mchu@irell.com]
David I. Gindler [dgindler@irell.com]
Jason G. Sheasby [JSheasby@irell.com]
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010

/s/ *Karen L. Pascale*
_____
Karen L. Pascale (No. 2903)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
Email:  kpascale@ycst.com

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| COOPERVISION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-239-(SLR) |
| | ) | |
| CIBA VISION CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROTECTIVE ORDER AGAINST UNAUTHORIZED USE
## OR DISCLOSURE OF CONFIDENTIAL INFORMATION

WHEREAS, pursuant to the Court's July 19, 2007 Order, Plaintiff CooperVision, Inc.

("CooperVision") and Defendant CIBA Vision Corporation ("CIBA"), submit this Protective

Order Against Unauthorized Use or Disclosure of Confidential Information (the "Order")

pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of

confidential information; and

WHEREAS, the parties recognize that confidential information is being produced for use

in this civil action;

IT IS HEREBY ORDERED that the following Order shall govern the treatment of

confidential information produced by a party to this action or by a third-party ("Producing Party"

or "Designating Party") to any other party ("Receiving Party") in the course of this civil action:

1.      The term "Confidential Information" as used in this Order includes all

information and tangible things that constitute or disclose trade secrets or other confidential or

proprietary information of one of the parties.  Confidential Information that contains, embodies,

or reflects technical information, sales and financial information, and research and development

information may be designated by the Producing Party as "Highly Confidential Information." Confidential Information or Highly Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information or Highly Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information or Highly Confidential Information shall also be treated respectively as Confidential Information or Highly Confidential Information.

2.    Confidential Information and Highly Confidential Information shall be held in confidence by each person to whom it is disclosed, shall be used by the Receiving Party only for purposes of preparation and trial of this action and for no other purpose, and shall not be disclosed, either directly or indirectly, to any person who is not entitled to receive such information under this Order.

3.    Produced documents and materials, deposition transcripts, interrogatory responses, responses to requests for admission and other documents, or any portions thereof, containing Confidential Information shall be marked by conspicuously affixing a legend, which includes the word "CONFIDENTIAL" on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes). Confidential Information further deemed by the Producing Party to be Highly Confidential Information subject to the provisions of this Order shall be so designated by affixing thereon the legend "HIGHLY CONFIDENTIAL." Such designation shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, or when the document or thing, or copy thereof, is provided to

2

the Receiving Party. All documents, or any portion thereof, produced for inspection (but not yet provided to the inspecting party) shall be presumptively deemed to contain Highly Confidential Information subject to the provisions of this Order, regardless of whether so identified by the legend "HIGHLY CONFIDENTIAL" until copies thereof are provided to the inspecting party. Any information, document or thing that bears both designations must be treated as Highly Confidential Information.    The parties may designate material other than the produced documents as containing Confidential Information or Highly Confidential Information in the following manner:

(a)    Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain Confidential Information or Highly Confidential Information that is to be made subject to the provisions of this Order. Alternatively, a Designating Party may designate testimony or information disclosed at a deposition, including exhibits, that contain Confidential Information or Highly Confidential Information by providing written notice to the reporter and counsel of record, within twenty-one (21) days after the Designating Party's receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information or Highly Confidential Information. Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to those individuals entitled to see Highly Confidential Information, from the taking of the deposition until twenty-one (21) days after actual receipt of the transcript by the Designating Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said twenty-one (21) day period, unless notice hereunder to the contrary is given at the time

3

of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential. Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL if written notice is provided within said twenty-one (21) days. With regard to designations made during the deposition, the Designating Party shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Order and authorized as having access under such designation, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as Confidential Information or Highly Confidential Information under this Order.

(b)     Confidential Information or Highly Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties considers them to contain Confidential Information or Highly Confidential Information.

4.     (a)     No information, documents or things identified as Confidential Information or Highly Confidential Information shall be disclosed to any person or entity except as set forth in this Order. Nothing contained in this Order shall affect the right of the Producing Party to disclose or use for any purpose the information, documents or things produced and/or designated by it as Confidential Information or Highly Confidential Information. Subject to the provisions of paragraph 5 herein, material designated as Confidential Information or Highly Confidential Information, and any summary, description or report containing such Highly Confidential Information, may be disclosed only to the following persons:

4

(i)      the Court, persons employed by the Court, and stenographers or videographers transcribing or videotaping the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(ii)     independent consultants and experts who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work. Independent experts or consultants, as used in this paragraph, shall not include any regular employee or agent of the receiving party, nor any regular employee or agent of a direct competitor of the Producing Party;

(iii)    graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(iv)     photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases, but only for so long as necessary to perform those services;

(v)      the parties' outside counsel of record in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action;

(vi)     One designated in-house counsel for each party (Robert Gorman for CIBA and Muriel Haritchabalet for CooperVision), who shall be permitted to view Confidential Information or Highly Confidential Information only at the offices of their outside counsel of record in this action;

(vii)    any other persons who are mutually agreed upon in writing by the parties to this action (as provided for in paragraph 5(e)), or who are approved by the Court upon motion by any party to this action.

5.    (a)    A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

(b)    No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraph 4(a)(ii) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

(c)    Before individuals under subparagraph 4(a)(ii) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's completed and signed undertaking attached hereto as Exhibit A as well as the individual's curriculum vitae setting forth his or her name, address, qualifications, relevant work experience and affiliations. This information shall be served by the Receiving Party on the Producing Party. Consent to the disclosure shall not be unreasonably withheld. If the Producing Party objects, it shall provide the basis for the objection in writing within seven (7) business days of receipt of the submission of the signed undertaking and curriculum vitae by email. If the Producing Party does not object in writing, within seven (7) business days from receipt of the undertaking and curriculum vitae, Confidential Information or

6

Highly Confidential Information may then be disclosed to the retained consultant or expert. If timely objection is made, the parties shall meet and confer in good faith to resolve the disclosure issue within three (3) business days of receipt of the Producing Party's written objection. If the issue cannot be resolved, the party seeking disclosure shall thereupon file within seven (7) business days an appropriate motion with the Court seeking to bar access to the Confidential Information or Highly Confidential Information by the retained consultant or expert. Nothing shall prevent a party from making an earlier motion to either prevent or permit disclosure of Confidential Information or Highly Confidential Information to the consultant or expert, provided the parties have met and conferred as required above. If a motion is filed, no disclosure of Confidential Information or Highly Confidential Information shall be made to the objected-to expert or consultant while the motion is pending.

(d)     Pursuant to subparagraph 5(c), the disclosure of the identity of a consultant or expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product. Furthermore, the parties agree that by stipulating to the entry of this Order, the parties do not intend to modify in any way the normal discovery rules applicable to consultants or experts.

(e)     Prior to any disclosure of information, documents or things designated as Confidential Information or Highly Confidential Information to persons as provided for in paragraph 4(a)(vi) above, counsel desiring to make such a disclosure shall provide written notice to counsel for the designating party of its intent to make the disclosure, stating therein the specific information, documents or things to be disclosed at least ten (10) business days before any Confidential Information or Highly Confidential Information is made available to such person(s). With the written notice shall be included a fully executed copy of

7

Exhibit A and an explanation of the background of the person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the designating party to determine whether such disclosure might cause injury to the Producing Party. Neither Confidential Information nor Highly Confidential Information shall be disclosed to any such person(s) until such person(s) has executed a written declaration in the form attached hereto as Exhibit A, acknowledging that he or she has read a copy of this Order and agrees to be bound by its terms. If the designating party makes a written objection to the disclosure to such person(s) within the ten (10) day period, no disclosure of the Producing Party's Confidential Information or Highly Confidential Information may be made to the person(s). If the parties cannot resolve the issue, the party seeking disclosure may thereupon seek an appropriate order from the Court compelling disclosure of the Confidential Information or Highly Confidential Information to such person(s).

6.      Any employee of a law firm, who is not an active member of the bar admitted to the practice of law that is performing substantive work on behalf of a party regarding the litigation, and any employee designated in paragraph 4(a)(vi) of this Order who is not an active member of the bar admitted to the practice of law, shall be prohibited for a period of two (2) years after termination of this civil action by settlement or final, non-appealable judgment, from any involvement in the prosecution of any foreign or domestic patent applications, reexaminations, divisionals, continuations, continuations-in-part, or involvement in any proceeding in which the claim of a patent can be modified, involving a patent or application that relates to contact lens materials, including, but not limited to, a patent or application corresponding to or sharing a common priority application with United States Patent Nos. 5,760,100, 5,776,999, 5,789,461, 5,849,811, 5,965,631 and 6,951,894 or to United States Application No. 08/301,166.

8

7.     Confidential Information and Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such information in order to ensure that the confidential or restricted nature of the same is maintained so as to preclude access by persons who are not entitled to receive such information.

8.     During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 9 hereof. In the event that any Confidential Information or Highly Confidential Information is used in any court proceeding in connection with this litigation, it shall not lose its status as Confidential Information or Highly Confidential Information through such use.

9.     If a party disagrees with any Confidential Information designation or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. In the resolution of such dispute, the moving party shall have the obligation to show a good-faith basis for contending that the information, documents or things are not confidential. Thereafter, the burden of proving that information has been properly designated as Confidential Information or Highly Confidential

9

Information is on the party making such designation. Until a determination by the Court, the information at issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret, other confidential information or is otherwise entitled to protection under this Order.

10. During the course of preparing for deposition or trial testimony, or during deposition or trial testimony, unless otherwise entitled to access under this Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's document where: .

(a) the document on its face reveals that it was authored or received by the deponent/witness in the normal course of business and outside the context of this litigation; or

(b) a Producing Party has provided written notice, in either written discovery or by letter, that the document was authored by or received by the deponent/witness in the normal course of business and outside the context of this litigation, and the party receiving such notice has been given a reasonable opportunity to object to the accuracy of this notice and to seek to prevent disclosure to the witness of the document at issue under the procedures in Paragraph 5(c) of this Order.

(c) Deponents/witnesses shown Confidential Information or Highly Confidential Information under this paragraph shall have a duty to keep that information confidential. This paragraph shall not preclude a Producing Party from showing a document that

10

it has produced to deponents and witnesses currently employed by that Party, regardless of whether the Producing Party has designated the document it produced as Confidential or Highly Confidential, and regardless of whether such person was the author or recipient of the document.

11.    Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure by the person who received such information.

12.    Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraph 3 hereof, and a statement in the following form or in a substantially similar form:

CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO COURT ORDER
CONTENTS SHOULD NOT BE OPENED BY, OR REVEALED TO, ANYONE
OTHER THAN AUTHORIZED COURT PERSONNEL OR COUNSEL OF RECORD,
EXCEPT BY WRITTEN ORDER OF THE COURT
Civil Action No. 06-239-SLR

13.    The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 12 or any other provision thereof.

11

14.    Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

15.    (a)    The inadvertent or unintentional disclosure by the producing party of information, documents or things which it believes should have been designated as Confidential Information or Highly Confidential Information, regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the producing party notifies the receiving party promptly upon discovery of the inadvertent or unintentional failure to designate. If a producing party through inadvertence or unintentional disclosure produces or provides discovery of any Confidential Information or Highly Confidential Information without marking it respectively as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or otherwise designating it as Confidential Information or Highly Confidential Information, the producing party may give written notice to the receiving party or parties that the information or material is Confidential Information or Highly Confidential Information and should be treated in accordance with the provisions of this Order. The receiving party or parties must treat such information or material as Confidential Information or Highly Confidential Information as notified from the date such notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential Information or Highly Confidential Information shall not be deemed a violation of this Order; however, those persons to whom disclosure was

12

made are to be advised that the material disclosed is Confidential Information or Highly Confidential Information, as the case may be, must be treated in accordance with this Order, and if the person is not entitled to view Confidential Information or Highly Confidential Information, must immediately return all copies of the Confidential Information or Highly Confidential Information in its possession.

(b)     If a party through inadvertence or unintentional disclosure produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the Producing Party may give written notice to the Receiving Party or parties that the information or material is subject to a claim of attorney-client privilege or work product immunity and request that the information or material be returned to the Producing Party. The Receiving Party or parties shall return to the producing party such information or material within three (3) business days of such notice. Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the court for an order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

(c)     Counsel for any party producing documents may mask any material contended to be protected from disclosure by the attorney-client privilege or the work-product immunity, and may produce documents either in masked form. Such masking shall be identified on or in the masked area of the document by a label or stamp which states "Redacted." In the event of disagreement, counsel for the Receiving Party shall identify those portions of the documents which are contended should be produced in unmasked form and shall state why such

portions are believed not subject to the attorney-client privilege or the work-product immunity. In the event the producing entity continues to refuse to produce the documents with those portions unmasked, counsel for the Receiving Party may seek a determination by the Court that such masked portions should be produced.

(d)     If inspection, measuring, testing, sampling or photographing of a party's processes, products, equipment, premises or other property pursuant to the applicable rules of discovery, or by agreement, will reveal or disclose Confidential Information or Highly Confidential Information the Producing Party shall advise the party or parties seeking the discovery in advance that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis and that material discovered and the information derived from that material shall be treated as Confidential Information or Highly Confidential Information subject to the terms of this Order. If photographing or taping of premises, products, equipment, processes or other property is made which the producing entity has advised in advance reveals Confidential Information or Highly Confidential Information, pictures or tapes shall bear the applicable legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the photograph or videotape itself, and on any exterior packaging of the same.

16.     Any violation of the terms of this Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

17.     Until such time as this Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

14

18. Third parties who produce information in this action may avail themselves of the provisions of this Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Order.

19. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case. Any person or party subject to this Order that may be subject to a motion to disclose another party's information designated as Confidential Information or Highly Confidential Information pursuant to this Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

20. In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a discovery demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential Information or Highly Confidential Information by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential Information or Highly Confidential Information and shall give prompt written notice to the Producing Party.  Should the person seeking access to the Confidential Information or Highly Confidential Information take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as requiring production of Confidential Information or Highly Confidential Information covered by this Order.

21. (a) Within sixty (60) days of the entry of a final non-appealable judgment or order (including the order or mandate of an appellate court), or the complete settlement of all claims asserted against all parties in this action, all Confidential Information and Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party. A party to this action that has disclosed Confidential Information or Highly Confidential Information to those persons or entities identified in sub-paragraphs 4(a)(ii)–(v) and 4(a)(vi) is responsible for obtaining all document or things containing Confidential Information or Highly Confidential Information, including all copies, summaries, excerpts, charts, or notes thereof, from those persons or entities, and for disposing of those documents or things in a manner provided for in this paragraph. Confidential Information or Highly Confidential Information not embodied in physical objects and documents, shall remain subject to this Order.

(b) Notwithstanding the foregoing, one designated outside law firm of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information. The Receiving Party shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled to retain copies of any expert report containing any Confidential Information of the Producing Party, which is not in the public docket file. Outside counsel of a Receiving Party can retain as all work product materials produced by it or its consultants, as well as all privileged

16

communications that contain Confidential Information or Highly Confidential Information. All such material shall remain subject to the terms of this Order.

22.     This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action. This Order may be changed by further order of the Court, and is without prejudice to the rights of any party to this action, or any third party subject to discovery in this action or any party or individual who agrees to be bound by the terms of this Order to move for relief from any of its provisions, or seek agreement of the parties to this action for different or additional protection for any particular information, documents or things.

23.     This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an order of the Court. Termination of proceedings shall not relieve any person from the obligations of this Order, unless the Court orders otherwise.

24.     At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

SO ORDERED this _23rd_ day of August, 2007.

SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE

17

## **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COOPERVISION, INC.,                    )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )          C.A. No. 06-239-(SLR)
                                       )
CIBA VISION CORPORATION,               )
                                       )
                    Defendant.         )

I, _____, hereby declare that:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____.

    4.    I have carefully read and understand the foregoing Stipulated Protective Order Against Unauthorized Use or Disclosure of Confidential Information (the "Order") of the United States District Court for the District of Delaware, in the above-captioned matter.

    5.    I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Information by this Order, as applicable, and will use such information only for purposes of this action.

    6.    Upon final determination of this action, I will return all Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), to the Producing Party.

    7.    I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

    8.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:_____

                            [signature]

                            [print or type name]

# EXHIBIT 2

# IRELL & MANELLA LLP
### A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA  92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900

**LOS ANGELES, CALIFORNIA  90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7096
FACSIMILE (310) 203-7199
jsheasby@irell.com

December 18, 2006

**VIA FEDEX & EMAIL**

John P. Iwanicki, Esq.
Banner & Witcoff, Ltd.
28 State Street
28th Floor
Boston, Massachusetts 02109-1775

Re:    <u>CooperVision v. CIBA</u>

Dear John:

Enclosed please find 11 boxes of Biofinity lenses.  Each box contains six lenses. These lenses include the following powers:

-1.00
-1.50
-2.00
-2.50
-3.00
-3.50
-4.00
-4.50
-5.00
-5.50

Biofinity lenses may also come in the following powers: -0.50, -0.75.  CIBA has refused to explain why it requires so many lenses, and why it requires selections from each power range.  We are happy to consider providing additional lenses if CIBA has a proper basis for requesting them.

1610422

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

John P. Iwanicki, Esq.
December 18, 2006
Page 2


We are designating the lenses as Confidential pursuant to Delaware Local Rule 26.2 in order to ensure that they are used for no other purpose other than this litigation.

Very truly yours,

Jason G. Sheasby

JGS:ab
Enclosures

1610422

# EXHIBIT 3



28 STATE STREET
28TH FLOOR
BOSTON, MASSACHUSETTS 02109-1775

TEL: 617.720.9600
FAX: 617.720.9601
www.bannerwitcoff.com

JOHN P. IWANICKI
jiwanicki@bannerwitcoff.com

December 20, 2006

<u>By Facsimile and First Class Mail</u>
Jason G. Sheasby
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

Re:     CooperVision, Inc. v. Ciba Vision Corp., C.A. 06-239-SLR (D. Del)

Dear Jason:

We have received your letter of December 18, 2006 providing a small amount of Biofinity lenses.  At the outset, we are very surprised to see that CooperVision has designated the lenses as confidential pursuant to Delaware Local Rule 26.2.  Our investigation shows that the lenses have been marketed and sold in Europe for quite some time and so are publicly available.  CooperVision cannot use the Delaware Local Rule to remove the Biofinity lenses from the public domain.  We, therefore, object to the designation of the lenses as confidential and ask that you immediately remove the confidential designation from the lenses.  We are confident that Judge Robinson will agree with our position on this issue.

Regarding your inquiry about why CIBA requests sample lenses from each of the parameters set forth in our many letters, CooperVision alleged in its complaint for declaratory judgment that "CooperVision's Biofinity lenses" do not infringe any of the patents-in-suit and thereby placed at issue the structure and method of making of every different Biofinity lens that CooperVision makes, sells, offers for sale, uses and/or imports into the United States.  We are, therefore, entitled to take discovery, including the examination and testing, of all of these different Biofinity lenses.  Should CooperVision wish to stipulate that each type of Biofinity lens that CooperVision fails to produce infringes each of the patents-in-suit, CIBA would be willing to accept such a stipulation in lieu of the production of those particular lenses.  Absent CooperVision's agreement to such a stipulation regarding infringement, we expect CooperVision to produce samples of its Biofinity lenses by power, base curve and lens diameter.  Toric lenses should be further identified by cylinder and axis.  We are likewise confident that Judge Robinson will agree with us on this position, as well.

Please provide us with your immediate response on these two issues.

Very truly yours,

John P. Iwanicki
JPI/jc

CHICAGO, IL
WASHINGTON, DC
BOSTON, MA
PORTLAND, OR

# EXHIBIT 4

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA  92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA  90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE:  www.irell.com

**WRITER'S DIRECT**
TELEPHONE (310) 203-7096
FACSIMILE (310) 203-7199
jsheasby@irell.com

December 21, 2006

<u>**CONTAINS L.R. 26-2 CONFIDENTIAL INFORMATION**</u>

<u>**VIA EMAIL**</u>

John P. Iwanicki, Esq.
Banner & Witcoff, Ltd.
28 State Street
28th Floor
Boston, Massachusetts 02109-1775

   Re: <u>CooperVision v. CIBA</u>

Dear John:

   I write in response to your letter of December 20.

   CooperVision has designated the Biofinity lenses it has produced under L.R. 26-2 because it wants to ensure that CIBA uses them for no purpose other than the defense of CooperVision's declaratory judgment claims that it does not infringe any valid and enforceable claims of the Nicolson patents, or for the purpose of asserting counterclaims based on the Nicolson patents. If CIBA is willing to make this commitment, we will agree to remove the L.R. 26-2 designation.

   I can also report on some additional information regarding Biofinity lenses. They are only sold in one base curve and diameter at this time. In addition, they are offered at this time in powers ranging from -0.50 to -6.00 in -0.25 steps. An additional power will soon be sold. CooperVision does not offer, at this time, a toric version of the Biofinity lens.

   Regarding the large number of lenses you have requested, please explain why CIBA requires so many copies of the Biofinity lenses. Moreover, please explain why CIBA cannot obtain these lenses from a public source.

   Finally, I note that CIBA has refused to respond to my question regarding whether CIBA has had previous access to Biofinity lenses. I will assume from your silence that CIBA has in fact had previous access to Biofinity lenses. Please correct me if I am mistaken.

1612817

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

John P. Iwanicki, Esq.
December 21, 2006
Page 2


Very truly yours,

/s/ Jason G. Sheasby

Jason G. Sheasby

# EXHIBIT 5

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7086
FACSIMILE (310) 203-7199
jsheasby@irell.com

January 8, 2007

**VIA FEDEX & EMAIL**

John P. Iwanicki, Esq.
Banner & Witcoff, Ltd.
28 State Street
28th Floor
Boston, Massachusetts 02109-1775

RECEIVED

JAN 0 9 2007

BANNER & WITCOFF

Re:    CooperVision v. CIBA

Dear John:

Enclosed please find 13 boxes of Biofinity lenses. Each box contains six lenses. These lenses include the following powers:

-0.25
-0.50
-0.75
-1.25
-1.75
-2.25
-2.75
-3.25
-3.75
-4.25
-4.75
-5.25
-5.75

1619585

IRELL & MANELLA L .P
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

John P. Iwanicki, Esq.
January 8, 2007
Page 2


We are designating the lenses as Confidential pursuant to Delaware Local Rule 26.2 in order to ensure that they are used for no purpose other than this litigation. We are prepared to remove this designation as long as CIBA commits not to use the lenses for any purpose other than determining whether to bring counterclaims based on the Nicolson patents.

Very truly yours,

Jason G. Sheasby

JGS:ab
Enclosures

1619585

# EXHIBIT 6

**Christopher Roth**

| | |
|---|---|
| **From:** | Christopher Roth |
| **Sent:** | Friday, August 31, 2007 11:07 AM |
| **To:** | jsheasby@irell.com |
| **Cc:** | kpascale@ycst.com |
| **Subject:** | CooperVision v. CIBA Vision Corp. (C.A. No. 06-239-SLR) |

Jason,

On August 23, 2007, the Court entered a protective order in this case. In accordance with paragraph 9 of the protective order, CIBA writes to request a change of designation of the contact lenses produced by CooperVision in this case.

As you know, CooperVision's contact lenses are publicly available. Clearly, they do not fall within the definitions of "Confidential Information" or "Highly Confidential Information" as set forth in paragraph 1 of the Court's protective order.

Consequently, in accordance with paragraph 9 of the protective order, please confirm within five days (*i.e.*, by September 5th) that CooperVision withdraws its confidentiality allegation on its contact lenses. Otherwise, CIBA will seek relief from the Court.

Sincerely,

Christopher B. Roth
Banner & Witcoff, Ltd.
1100 13th Street NW, Suite 1200
Washington, D.C. 20005-4051
Direct Phone No. (202) 824-3113
Facsimile No. (202) 824-3001
croth@bannerwitcoff.com

IMPORTANT/CONFIDENTIAL: This message contains information from the law firm of Banner & Witcoff, LTD. which may be privileged, confidential, or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, retention, archiving, or copying of the communication is strictly prohibited. If you have received this communication in error, please notify us immediately by return e-mail, telephone, or facsimile.

# EXHIBIT 7

# IRELL & MANELLA LLP

A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CA 90067-4276
TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199

840 NEWPORT CENTER DRIVE, SUITE 400
**NEWPORT BEACH, CALIFORNIA 92660-6324**

TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200
WEBSITE: www.irell.com

**WRITER'S DIRECT**
TELEPHONE (949) 760-5112
FACSIMILE (949) 760-5200
slarson@irell.com

September 4, 2007

**VIA E-MAIL**

Christopher B. Roth
Banner & Witcoff, Ltd.
1100 13th Street NW, Suite 1200
Washington, D.C. 20005-4051

Re:     CooperVision, Inc. v. CIBA Vision Corp., C.A. 06-239-SLR (D. Del.)

Dear Christopher:

CooperVision's lenses embody proprietary technical research and development information, and are not made available to direct competitors for reverse engineering. Our only stipulation on the use of these lenses is that contained in the protective order: they should be used only for the purposes of this litigation. This issue can be easily resolved without the intervention of the Court if CIBA would simply stipulate that it will only use these lenses for litigation purposes. Why will CIBA not agree to this? If the lenses are indeed not to be used for litigation purposes, they are outside the scope of permissible discovery, and should be returned immediately.

Sincerely,

/s Stephen W. Larson

Stephen W. Larson

SWL

1747882

# EXHIBIT 8



# $80

## SAVE UP TO

ON YOUR COOPERVISION
**CONTACT LENSES**





*savings up to $80*

Valid on purchases between January 1, 2007 and December 31, 2007. *Offer ends December 31, 2007.*

**THANK YOU FOR CHOOSING COOPERVISION CONTACT LENSES.**

We know you'll enjoy wearing them. Much like you'll enjoy saving with this rebate certificate. **Plus,** for helpful lens care tips, additional information about your contacts, and more, visit us online anytime.

**>> www.coopervision.com.**


CooperVision | SEE BEYOND THE ORDINARY

**HOW TO RECEIVE YOUR REBATE**

1. Get an eye exam.
2. Purchase the required number of boxes of CooperVision contact lenses.
3. Complete this rebate form.
4. Attach the following:
   a. Dated sales receipt for your eligible lens purchase(s).*
   b. Dated eye exam receipt.*
   c. Two (2), four (4), or eight (8) end panels with prescription information (varies by purchase quantity and product).

| **CooperVision Product** | | |
|---|---|---|
| **BC** | **DIA** | **PWR** |
| 8.7 | 14.4 | -3.00 |

END PANEL EXAMPLE

*All receipts must be from the same practitioner/location.*

If you are a new CooperVision wearer, you can get additional savings on your contact lens fitting:

1. Purchase the required number of lenses listed on this form.
2. Have your Eye Care Practitioner complete the box below.

---

### ADDITIONAL CONTACT LENS SAVINGS — NEW FIT/REFIT REBATE

## TO BE COMPLETED BY YOUR EYE CARE PRACTITIONER
**New fit/refit rebate contingent upon purchase of a new CooperVision brand product.**

I certify that the patient listed below is either new to CooperVision or is a new contact lens wearer.

Eye Care Practitioner's Signature _____

Date _____ List previous brand (if any) _____

❑ $20 off Sphere, 1-Day, or Color Lenses fitting fee
❑ $30 off Multifocal and Multifocal Toric Lenses fitting fee  ❑ $40 off Toric Lenses fitting fee

---

Mail your completed rebate forms, product and exam receipts, and end panels to:

**CooperVision Rebate #06-58407
PO Box 540007, El Paso, TX 88554-0007**

Your Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Email (optional): _____

To check your rebate status, visit www.rebatetrack.com/coopervision

---

**PLEASE CHECK OFF THE BOXES YOU PURCHASED**

### Sphere and Color Lenses

| | | |
|---|---|---|
| Biofinity™ Sphere | ❑ | $30 off 4 boxes |
| Proclear® Sphere | ❑ | $30 off 4 boxes |
| Ascend® UV, Frequency® 55, Frequency® 55 Aspheric, Frequency® 38, Biomedics® 55, Biomedics® 55 Premier, Biomedics® 38, Biomedics® XC, Hydrogenics® 60, Vertex Sphere®, other CooperVision® or Ocular Sciences® monthly or two week replacement spheres | ❑ ❑ | $30 off 8 boxes $10 off 4 boxes |
| Expressions® | ❑ ❑ | $40 off 4 boxes $20 off 2 boxes |
| 1 Day Disposables (90 lens boxes only) | ❑ ❑ | $60 off 8 boxes $20 off 4 boxes |

### Toric and Multifocal Lenses

| | | |
|---|---|---|
| Biomedics® EP, Biomedics® Toric, Vertex Toric®, Vertex Toric® XR, other CooperVision® or Ocular Sciences® Disposable Torics | ❑ ❑ | $30 off 8 boxes $15 off 4 boxes |
| Frequency® Toric, or Frequency® Toric XR | ❑ | $30 off 4 boxes |
| Frequency® Multifocal | ❑ | $30 off 4 boxes |
| Proclear® Toric or Proclear® Toric XR | ❑ | $30 off 4 boxes |
| Proclear® Multifocal | ❑ | $30 off 4 boxes |
| Proclear® Multifocal Toric | ❑ | $50 off 4 boxes |

**CooperVision**   |   SEE BEYOND THE ORDINARY®

Offer valid only for residents of the US and Virgin Islands. Offer not valid where prohibited by law. Purchase must be made within 60 days of eye exam. Limit one rebate per person. Allow 8-10 weeks for processing and delivery of check. If check is not received within 10 weeks, call toll-free 877-413-4692. Not responsible for lost, late, illegible, stolen, or incomplete requests, or postage-due, damaged, or separated mail. Not valid with any other offer or rebates. Any obligation of CooperVision under this offer, and any check issued pursuant hereto, will expire and be null and void if check is not cashed or deposited within 60 days of issue. Offer good 1/1/07 to 12/31/07, must be postmarked by 1/31/08. PLEASE NOTE: If the product you have purchased will be reimbursed by an insurance company or other third party payor, reimbursement may not be sought for costs already covered by this rebate.

©2006 CooperVision, Inc. CooperVision and Eye Design, "See Beyond the Ordinary", Ocular Sciences, Proclear, Biomedics, Frequency, Hydrogenics, Vertex Sphere, Vertex Toric, Ascend, and Expressions are registered trademarks of The Cooper Companies, Inc., its subsidiaries or affiliates.  MF 12/06-COO-CVS-COR-1454

XLITERA20001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **COOPERVISION, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **C.A. No. 06-239-SLR** |
| | ) | |
| **CIBA VISION CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## RULE 7.1.1 STATEMENT

Pursuant to 7.1.1 of the Local Rules of the United States District Court for the District of Delaware, I hereby certify that counsel for CIBA Vision Corp. ("CIBA") has made a reasonable effort to reach agreement with counsel for CooperVision, Inc. ("CooperVision") on the matters set forth in CIBA Vision's Motion Under Paragraph Nine of Protective Order for Cancellation of Confidentiality Designation as to CooperVision's Contact Lenses (the "Motion"), as illustrated by Exhibits 2 – 7 of the Motion, and that the parties have not been able to reach agreement.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Date: September 12, 2007

Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
*Attorneys for Defendant, CIBA Vision Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **COOPERVISION, INC.** | |
| **Plaintiff** | **C.A. No. 06-239-SLR** |
| **v.** | |
| **CIBA VISION CORP.** | |
| **Defendant.** | |

## ORDER

At Wilmington this _____ day of _____, 2007;

IT IS ORDERED that:

1.      CIBA's Motion for Cancellation of Confidentiality Designation Under Protective Order as to CooperVision's Biofinity Contact Lenses (D.I. _____) (the "Motion") is GRANTED.

2.      CooperVision's designation of the Biofinity contact lenses produced to CIBA on December 18, 2006 and January 8, 2008 as "Confidential" is hereby cancelled.

_____
UNITED STATES DISTRICT JUDGE