IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPERVISION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-239 (SLR) |
| ) | |
| CIBA VISION CORP., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COOPERVISION INC.'S OPPOSITION TO CIBA VISION CORP.'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIMS**

During the nearly year and a half since this action was filed, defendant CIBA Vision Corp. ("CIBA") has consistently blocked plaintiff CooperVision, Inc.'s ("CooperVision") attempts to take discovery. As a result of CIBA's delays, not a single deposition has been taken in this case and CooperVision still has not received basic foundational documents (including documents that the Court has ordered CIBA to produce) that are a prerequisite to deposition discovery. Against this backdrop, and with the November 1, 2007 fact discovery cutoff less than two months away, CIBA has now sought to dramatically transform the case by asserting counterclaims for infringement of six CIBA patents. CIBA's decision to wait until the eleventh hour before seeking to counterclaim is no accident – CIBA knows that CooperVision cannot complete discovery on CIBA's counterclaims by November 1. Simply put, CIBA's motion is an attempt to prejudice CooperVision by injecting multiple new claims and issues into the case on the eve of the fact discovery cutoff.

CooperVision does not object *per se* to the concept of CIBA adding counterclaims to this action, even at this late stage. What CooperVision objects to is CIBA's last minute attempt to cram multiple new counterclaims and issues into the case *without adjusting the pre-trial schedule.* CooperVision would not oppose CIBA's motion provided that (a) the Court orders that the issues of willfulness and damages be bifurcated for both discovery and trial purposes,

and (b) the Court extends several of the pre-trial deadlines, including continuing the fact discovery cutoff from November 1, 2007 to at least March 1, 2008. Absent such measures, however, injection of a raft of new counterclaims and issues at this late date is simply unworkable and will be enormously prejudicial to CooperVision.

I. **THE COURT SHOULD EXTEND THE FACT DISCOVERY DEADLINE SO AS NOT TO PENALIZE COOPERVISION FOR CIBA'S DELAY IN FILING ITS COUNTERCLAIMS**

On September 5, 2007, the Court ordered that proceedings on four of the six CIBA patents at issue in CooperVision's complaint be stayed pending the trial on two patents of CooperVision's choice. CooperVision has designated the two patents on which it wishes to proceed (D.I. 70). Although the case is now seemingly streamlined with the discovery cutoff approaching, CIBA has sought to introduce a host of counterclaims that could and should have been filed nearly a year and a half ago.

As this Court observed during the June 14, 2007 discovery conference, CIBA's failure to assert counterclaims of infringement until nearly 18 months after CooperVision filed its complaint is "more than unusual." Indeed, CIBA's decision to wait until two months before the fact discovery cutoff before attempting to assert its counterclaims has had a ripple effect on numerous discovery issues, converting those issues into disputes, and effectively stalling this case for many months. For example, CIBA relied on its status as a defendant to seek to require CooperVision to put forward its infringement contentions first, contrary to this Court's practice placing that obligation on the party bearing the burden of proof. That led to many months of disagreements and delays, culminating in this Court's observation that it has "never had a declaratory judgment action where this issue has come up" because it has "never had a patent owner who hasn't automatically in his answer [said], well, gosh, yes you do infringe," and "despite lots and lots of litigation" is still "at ground zero with apparently no idea as to what this product is all about in competitive market." D.I. 38, June 14, 2007 Hearing Tr. at 27:15-23.

The Court ultimately ordered CIBA to proceed first, and also ordered CIBA to meet and confer with CooperVision to limit the number of claims at issue. When CooperVision attempted to do so, CIBA refused, once again relying on its status as a defendant to argue that CooperVision brought the action and therefore CIBA "should not be required to do more before being apprised of CVI's non-infringement" contentions – effectively ignoring this Court's directive.

CIBA has also made many other efforts to block CooperVision's discovery efforts. For example, CIBA has to date refused to provide (or at least identify) deposition exhibits from its prior relevant infringement cases,[1] and some of the deposition transcripts that CIBA has provided from those cases are illegible. This has delayed the deposition process, as CooperVision cannot reasonably take the depositions of the inventors and other witnesses until it has reviewed their testimony from prior infringement cases, complete with referenced exhibits. As another example, CIBA still has not produced numerous third party documents from the earlier cases, including documents CIBA previously agreed to produce and documents this Court ordered CIBA to produce during a hearing earlier this month. Again, CIBA's failure to produce these materials has substantially slowed the discovery process.

The Court's recent decision to limit the number of patents at issue, and CIBA's recent decision to finally assert infringement counterclaims, should start to move this case forward. Unfortunately, however, for the reasons identified above, discovery is still at a very early stage. Thus, if the Court is inclined to allow CIBA to add its infringement claims at this late juncture, the pre-trial schedule should be adjusted to permit CooperVision a reasonable opportunity to defend itself against those claims. With this in mind, CooperVision proposes the following amended pre-trial schedule to keep this case moving forward towards the scheduled October 6, 2008 trial date:

---

[1] CIBA asserts that it has produced copies of the deposition exhibits, but the exhibits were not produced with the deposition transcripts and CooperVision has been unable to locate them in CIBA's production despite diligent efforts to do so.

| **Deadline** | **Current Schedule** | **Proposed Amended Schedule** |
|---|---|---|
| Close of Fact Discovery | November 1, 2007 | March 1, 2008 |
| Teleconference to discuss claim construction schedule/procedures | November 14, 2007 | March __, 2008 |
| Expert Reports | November 19, 2007 | March 19, 2008 |
| Rebuttal expert reports | December 19, 2007 | April 19, 2008 |
| Close of Expert Discovery | February 15, 2008 | May 19, 2008 |
| Summary Judgment Motions | May 15, 2008 | June 5, 2008 |
| Summary Judgment Answers | June 15, 2008 | June 19, 2008 |
| Summary Judgment Replies | June 29, 2008 | June 29, 2008 |
| Summary Judgment Hearing | August 8, 2008 | August 8, 2008 |
| Pretrial Conference | September 18, 2008 | September 18, 2008 |
| Trial | October 6, 2008 | October 6, 2008 |

CooperVision's proposal thus retains the original trial date and the summary judgment hearing date. Assuming the issues of willfulness and damages are bifurcated as discussed below, this proposed schedule would provide the minimum amount of time necessary for the parties to take depositions, obtain and examine documents from the prior litigation on the Nicolson patents, and resolve the remaining discovery issues between the parties (including, simply by way of example, the inadequacy of CIBA's interrogatory responses).[2] If, on the other hand, the Court is not inclined to bifurcate willfulness and damages issues, then CooperVision respectfully submits that the trial date should be moved into 2009, as discovery will need to start from square one on these issues, and it will not be possible for the parties to serve and respond to discovery requests, conduct depositions, and resolve the fresh issues and disputes that are certain to arise from these new issues under the current trial schedule.[3]

---

[2] The feasibility of even the proposed amended schedule depends in large part upon CIBA being more forthcoming in discovery than it has been to date.

[3] CooperVision offered not to oppose CIBA's pending Motion to Amend if CIBA would agree to (1) bifurcation of willfulness and damages for both discovery and trial, and (2) the revised pre-trial schedule reflected above. CIBA responded that it was prepared to accept the revised pre-trial schedule, but only if CooperVision agreed that (1) trial would proceed on three CIBA patents (instead of two, as ordered by the Court), and (2) the issues of willfulness and damages would be bifurcated for trial, but *not* for discovery. CooperVision rejected this "offer"

## II. THE COURT SHOULD BIFURCATE WILLFULNESS AND DAMAGES ISSUES FROM LIABILITY FOR BOTH DISCOVERY AND TRIAL

During the June 14 hearing, the Court stated that if CIBA filed infringement counterclaims that would likely necessitate bifurcation: "*I have to say it has been so long since I actually tried damages and willfulness in connection with liability because I simply don't have the time to roll that in, that I suspect that if there are counterclaims, that there will be bifurcation*." D.I. 38, June 14, 2007 Hearing Tr. at 44:8-12 (emphasis added). Bifurcation of willfulness and damages from liability is an efficient use of the Court's time and resources. Indeed, it would make no sense -- and would be tremendously inefficient -- for the parties to take discovery on damages issues relating to multiple patents before issues of liability have been determined. Moreover, from a scheduling standpoint, if the issues of willfulness and damages are not bifurcated for discovery and trial purposes, the current pre-trial schedule and the trial date will be rendered unworkable. CIBA apparently recognizes this fact, as its counsel did not voice any objection to the Court's suggested course of action at the June 14 hearing. *See id.* at 44:17. Thus, if the Court is inclined to permit CIBA to file its counterclaims at this late juncture, it should also bifurcate the issues of willfulness and damages for both discovery and trial.

## III. CONCLUSION

For the foregoing reasons, CooperVision submits that if the Court is inclined to grant CIBA's Motion for Leave to File an Amended Answer and Counterclaims, it should minimize the resulting prejudice to CooperVision by (1) extending the discovery schedule as proposed herein, and (2) bifurcating the issues of willfulness and damages for both discovery and trial.

---

that does not comport with the Court's recent ruling, and which would require CooperVision to complete discovery on complex issues of willfulness and damages in a compressed time frame.

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                */s/ Jack B. Blumenfeld*

                _____
                Jack B. Blumenfeld (#1014)
                Rodger D. Smith II (#3778)
                1201 N. Market Street
                P.O. Box 1347
                Wilmington, DE  19899
                (302) 658-9200
                jblumenfeld@mnat.com
                  *Attorneys for Plaintiff*
                  *CooperVision, Inc*

OF COUNSEL:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010


September 17, 2007
1235772

## **CERTIFICATE OF SERVICE**

I, Jack B. Blumenfeld, hereby certify that on September 17, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Karen L. Pascale, Esquire
>YOUNG, CONAWAY, STARGATT & TAYLOR LLP

I also certify that copies were caused to be served on September 17, 2007 upon the following in the manner indicated:

**BY ELECTRONIC MAIL and HAND DELIVERY**

Karen L. Pascale, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

**BY ELECTRONIC MAIL and FIRST CLASS MAIL**

John P. Iwanicki, Esquire
BANNER & WITCOFF, LTD.
28 State Street
Boston, MA  02109

>*/s/ Jack B. Blumenfeld*
>_____
>Jack B. Blumenfeld (#1014)
>jblumenfeld@mnat.com