IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPERVISION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-239 (SLR) |
| ) | |
| CIBA VISION CORP., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF COOPERVISION, INC.'S FIRST
NOTICE OF DEPOSITION OF DEFENDANT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Plaintiff CooperVision, Inc. ("CooperVision") will take the deposition upon oral examination of Defendant CIBA Vision Corp. ("CIBA") on Tuesday, October 16, 2007, beginning at 10:00 a.m. and continuing from day to day thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall take place at the offices of Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801, or according to alternative arrangements upon which counsel jointly agree.

The deposition shall be taken before an officer authorized to administer oaths and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), CIBA shall designate one or more of its officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to CIBA with respect to each of the subjects set forth in Attachment B. Pursuant

to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated should be prepared to testify as to such matters known or reasonably available to CIBA.

CIBA is requested to provide to CooperVision's counsel, on or before October 10, 2007, a written designation of the names and positions of the officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf concerning the areas of testimony set forth in Attachment B, and, for each person designated, the matters on which he or she will testify.

This Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure is without prejudice to CooperVision's privilege to notice the deposition of any officer, director, employee, or agent of CIBA in his or her individual capacity with respect to any subject.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
*Attorneys for Plaintiff CooperVision, Inc.*

OF COUNSEL:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

September 26, 2007

## **SCHEDULE A**

## **DEFINITIONS AND INSTRUCTIONS**

1. To the extent any definition or instruction herein conflicts with any other definition or instruction, interpret the definition or instruction broadly, as necessary to bring within the scope of these deposition topics any information that might otherwise be construed to be outside their scope.

2. The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance are intended merely as such and should not be construed as words of limitation. The word "including" shall not be used to limit any general category or description that precedes it and shall mean "including without limitation" so as to be inclusive. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the interrogatory. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, the singular shall include the plural and vice versa, and the past tense shall include the present tense and vice versa, all as necessary to bring within the scope of each deposition topic all information that might otherwise be construed to be outside of its scope.

3. The following words and terms shall have the following meanings, whether set forth in upper or lowercase, as necessary to bring within the scope of these deposition topics any information that might otherwise be construed to be outside their scope:

   A. "COOPERVISION" shall mean Plaintiff CooperVision, Inc. and all related entities, parents, subsidiaries or divisions, and any predecessor or successor entities, including without limitation Ocular Sciences, Inc. and The Cooper Companies.

B. "CIBA," "You" and "Your" means defendant CIBA Vision Corporation and all related entities, predecessor or successor entities, subsidiaries, parent corporations, divisions, officers, directors, employees, agents, representatives, attorneys, and anyone acting on their behalf.

C. "THIRD PARTIES" shall mean natural persons, corporations or any other form of business entity including, but not limited to, partnerships, firms, ventures and associations, and shall further include, without limitation, divisions, branches, departments, subsidiaries, directors, officers, owners, members, employees, agents, representatives, attorneys or anyone else purporting to act on the behalf of the person or entity.

D. "DOCUMENT" or "DOCUMENTS" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rules of Evidence Rule 1001 or "document" as used in Federal Rules of Civil Procedure Rule 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

E.  "COMMUNICATION" shall mean any transmission or exchange of information between two or more persons, whether orally or in writing, including without limitation any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, telegraph, telex, telecopies, cable communicating data processors, e-mail, or some other electronic or other medium.

F.  The "PATENTS-IN-SUIT" is defined in COOPERVISION's First Set Of Requests For Production to CIBA.

G.  "BIOFINITY LENSES", "NIGHT & DAY LENSES", and "O2OPTIX LENSES" are defined in COOPERVISION's First Set Of Requests For Production to CIBA.

## SCHEDULE B

## DEPOSITION TOPICS

1.  YOUR efforts to search for, collect, and produce DOCUMENTS in response to COOPERVISION'S various discovery requests in this action, including:

    a. The specific sources that CIBA searched (including, without limitation, the specific servers, individual workstations, backup tapes, file cabinets, offices, DOCUMENT repositories, etc. that CIBA searched) in connection with CIBA's efforts to collect, identify, or produce DOCUMENTS that are or might be responsive to COOPERVISION'S discovery requests;

    b. Any and all sources (including, without limitation, any servers, individual workstations, backup tapes, file cabinets, offices, DOCUMENT repositories, etc.) that potentially contain DOCUMENTS responsive to COOPERVISION'S discovery requests that CIBA elected not to search, and CIBA's reasons for not searching same;

    c. The specific manner in which CIBA searched for DOCUMENTS that are or might be responsive to COOPERVISION'S discovery requests (including any specific key words and/or combinations of key words that were used in connection with electronic searches, and the specific methodology that was used in searching for hard copies of DOCUMENTS);

    d. The dates and locations of all CIBA searches for DOCUMENTS that are or might be responsive to COOPERVISION'S discovery requests;

    e. The names of all CIBA employees, agents, attorneys, and affiliates whom CIBA has asked to search for DOCUMENTS that are or might be responsive

to COOPERVISION'S discovery requests, and the specifics of what each such person or entity was asked to search for.

2. All efforts by CIBA to collect DOCUMENTS from, or to collect DOCUMENTS related to, any of the persons listed in CIBA'S Response to COOPERVISION's Interrogatory No. 2.

3. CIBA'S reasons, if any, for failing to collect DOCUMENTS from, or to collect DOCUMENTS related to, any of the persons listed in CIBA'S Response to COOPERVISION's Interrogatory No. 2.

4. Any and all DOCUMENT retention and destruction policies, practices and procedures CIBA has adopted following the filing of this action, including the names of all persons and entities who were informed of the policies and/or procedures, the specific notice(s) provided, any systems established to ensure compliance, and any other efforts taken to preserve DOCUMENTS that are or might be relevant to this action.

5. CIBA'S knowledge with respect to any DOCUMENTS that were or might have been responsive to COOPERVISION'S discovery requests that have been destroyed, deleted, or lost (whether intentionally or inadvertently) and any efforts to reconstruct or retrieve such DOCUMENTS since the date this action commenced including, but not limited to, the destruction or deletion of any potentially responsive e-mails.

6. CIBA'S policies, practices, and procedures with respect to the creation and maintenance of DOCUMENTS related to invention, design or manufacture of the PATENTS-IN-SUIT, including (but not limited to) maintenance of laboratory notebooks, lab books, research group meeting minutes, research group project summaries, DOCUMENTS related to functional specifications, design specifications, operational

specifications, technical descriptions, testing specifications, test results, white papers, invention disclosures, scientific reference files, prior art, and prosecution history.

7. CIBA's policies, practices, and procedures with respect to the creation and maintenance of DOCUMENTS related to the reexamination of the PATENTS-IN-SUIT, including (but not limited to) DOCUMENTS created or stored by THIRD PARTIES or any drafts or final versions of materials drafted, compiled, collected or submitted in preparation for or submission in the reexamination proceeding.

8. CIBA's policies, practices, and procedures with respect to the creation and maintenance of DOCUMENTS related to CIBA's development of products that practice (or that potentially practice) the PATENTS-IN-SUIT, including any DOCUMENTS related to sales, demonstrations, proposals to demonstrate, displays or discussions relating to the alleged inventions described in the PATENTS-IN-SUIT or reduced to practice prior to December 8, 1995.

9. CIBA's policies, practices, and procedures with respect to the creation and maintenance of DOCUMENTS related to CIBA's licensing or other agreements with THIRD PARTIES, including but not limited to technology agreements, with regard to the PATENTS-IN-SUIT or CIBA products related to the PATENTS-IN-SUIT (such as any silicone hydrogel products).

10. CIBA's policies, practices, and procedures with respect to the creation and maintenance of DOCUMENTS related to ownership, development, or inventor identity of the PATENTS-IN-SUIT, including any diaries, date books, calendars, employment records, or publications of such owners, developers, co-inventors or inventors of the PATENTS-IN-SUIT.

11. All efforts by CIBA to collect DOCUMENTS related to training materials (including, without limitation, scripts, videotapes, and other presentation materials) concerning the development, manufacture, or evaluation of BIOFINITY LENSES, NIGHT & DAY LENSES, O2OPTIX LENSES, or any CIBA product related to the PATENTS-IN-SUIT.

## CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on September 26, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Karen L. Pascale, Esquire
>YOUNG, CONAWAY, STARGATT & TAYLOR LLP

I also certify that copies were caused to be served on September 26, 2007 upon the following in the manner indicated:

### BY ELECTRONIC MAIL and HAND DELIVERY

Karen L. Pascale, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

### BY ELECTRONIC MAIL and FIRST CLASS MAIL

John P. Iwanicki, Esquire
BANNER & WITCOFF, LTD.
28 State Street
Boston, MA  02109

/s/ *Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
jblumenfeld@mnat.com