IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COOPERVISION, INC.,                    )
                                       )
                    Plaintiff,         )
                                       )
        v.                             )
                                       )   C.A. No. 06-239 (SLR)
CIBA VISION CORP.,                     )
                                       )
                    Defendant.         )

**PLAINTIFF COOPERVISION, INC.'S SECOND
NOTICE OF DEPOSITION OF DEFENDANT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules

of Civil Procedure, and the Local Rules of this Court, Plaintiff CooperVision, Inc.

("CooperVision") will take the deposition upon oral examination of Defendant CIBA Vision

Corp. ("CIBA") on November 2, 2007 beginning at 9:00 a.m. and continuing from day to day

thereafter (excluding Saturdays, Sundays, and holidays) until completed. The deposition shall

take place at Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA, or

according to alternative arrangements upon which counsel jointly agree. The deposition shall be

taken before an officer authorized to administer oaths and may be recorded by any means that the

Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic

recording, and means permitting electronic transmission of the transcript.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), CIBA shall designate one or

more of its officers, directors, managing agents, or other persons who are most qualified,

knowledgeable, and competent to testify on its behalf as to all matters known or reasonably

available to CIBA with respect to each of the subjects set forth in Attachment A. Pursuant to

Federal Rule of Civil Procedure 30(b)(6), the person(s) designated should be prepared to testify as to such matters known or reasonably available to CIBA.

CIBA is requested to provide to CooperVision's counsel, on or before October 20, 2007, a written designation of the names and positions of the officers, directors, managing agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf concerning the areas of testimony set forth in Attachment A, and, for each person designated, the matters on which he or she will testify.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiff*
*CooperVision, Inc*

*Of Counsel*:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA  90067
Tel: (310) 277-1010

October 2, 2007

2

## ATTACHMENT A

## DEFINITIONS

A.     "Your" shall refer to CIBA Vision Corporation, and all related entities, parents, subsidiaries or divisions, and any predecessor successor entities, including without limitation CIBA VISION AG and Novartis AG, as well as any entity acting on behalf or, or in association with, the aforementioned entities, including without limitation the Commonwealth of Australia Scientific and Industrial Research Organization, the Institute for Eye Research, the Cornea and Contact Lens Research Unit, and the University of New South Wales, or any employee, student or faculty member of the foregoing.

B.     "Document" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rule of Evidence 1001 or "document" as used in Federal Rule of Civil Procedure 34.  Every draft or non-identical copy of a Document is a separate document as that term is used herein.

C.     "Related to" shall mean embodying, comprising, referring to, constituting, containing, memorializing, evidencing, describing, reflecting, identifying, supporting, analyzing, discussing, mentioning, summarizing, stating, or pertaining in any way to, in whole or in part, the stated subject matter.

D.     "Person" shall mean an individual, corporation, general partnership, limited partnership, limited liability company, governmental body, or any other private or public legal entity.

E.     The "'999 patent" shall mean United States Patent No. 5,776,999, entitled "Methods of using and screening extended wear ophthalmic lenses," which was issued on or

around July 7, 1998 (and for which a Reexamination Certificate was issued on or around November 21, 2000).

      F.     The "'461 patent" shall mean United States Patent No. 5,789,461, entitled Methods of forming an extended wear ophthalmic lens having a hydrophilic surface," which was issued on or around August 4, 1998 (and for which a Reexamination Certificate was issued on or around November 21, 2000).

      G.     The "selected embodiments" are those embodiments referenced as examples E-1 to E13, F-1 to F-12, and G-1 to G6 in the '999 patent at cols. 64-65 and 68-70, and in the '461 patent at cols. 64-65 and 68-69.

      H.     Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of a topic any information that might otherwise be considered outside its purview; and words imparting the masculine include the feminine and vice versa.

## AREAS OF TESTIMONY

1.     The research and development related to the selected embodiments.

2.     The materials and processes used in connection with the selected embodiments.

3.     Any testing or analysis of lenses made in accordance with the selected embodiments, including any results thereof.

4.     Any information related to whether lenses made in accordance with the selected embodiments are opthalmically compatible.

5.     Your research and development related to silicone hydrogel lenses that are not surface treated.

2

6.    The materials and processes used in connection with silicone hydrogel lenses that are not surface treated.

7.    Any testing or analysis of silicone hydrogel lenses that are not surface treated, including any results thereof.

8.    Any information related to silicone hydrogel lenses that are not surface treated, including any results thereof.

9.    Your research and development related to silicone hydrogel lenses that are not coated with polyvinylpyrrolidone.

10.    The materials and processes used in connection with silicone hydrogel lenses that are not coated with polyvinylpyrrolidone.

11.    Any testing or analysis of silicone hydrogel lenses that are not coated with polyvinylpyrrolidone, including any results thereof.

12.    Any information related to silicone hydrogel lenses that are not coated with polyvinylpyrrolidone, including any results thereof.

13.    The nature, existence and location (including production numbers, if such documents have been produced) of all documents relating to the subject matter of each of the foregoing categories.

14.    The identity of persons with knowledge of facts relating to the subject matter of each of the foregoing categories.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 3, 2007, he caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Karen L. Pascale, Esquire
> YOUNG, CONAWAY, STARGATT & TAYLOR LLP

I also certify that copies were caused to be served on October 3, 2007, upon the following in the manner indicated:

### BY ELECTRONIC MAIL
### and HAND DELIVERY

Karen L. Pascale, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

### BY ELECTRONIC MAIL

John P. Iwanicki, Esquire
BANNER & WITCOFF, LTD.
28 State Street
Boston, MA  02109


/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)