IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPERVISION, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 06-239-SLR |
| CIBA VISION CORP., | ) ) ) |
| Defendant. | ) |

**CIBA VISION'S REPLY IN SUPPORT OF
ITS MOTION FOR CANCELLATION OF CONFIDENTIALITY
DESIGNATION AS TO COOPERVISION'S CONTACT LENSES**

Defendant CIBA Vision Corp. ("CIBA") submits this Reply in support of its motion for cancellation of CooperVision, Inc.'s ("CooperVision's") designation of its *commercially available* Biofinity contact lens samples as "Confidential" under the Protective Order (the "Motion").

I. **ARGUMENT**

A. **The Biofinity Lenses Are in the Public Domain; Therefore, the Lenses are Not Entitled to Special Treatment**

CooperVision's refusal to withdraw the "Confidential" designation of its Biofinity contact lenses is indefensible. CooperVision cannot, and does not, deny that the Biofinity lenses are commercially available in the United States and Europe and can be obtained through eye care professionals by anyone who wants them. The Biofinity contact lenses plainly are *not* "Confidential Information" within the meaning of the Protective Order, i.e., they are *not* "information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties." And no amount of posturing by CooperVision

(e.g., regarding how much the sample lenses cost, whether CIBA paid for the samples or CooperVision produced the samples to CIBA at CooperVision's own expense, or whether CIBA was able, in August 2005 – more than two years ago – to obtain samples of another company's contact lenses from a commercial source) can change that fact.

CooperVision has publicly disclosed the Biofinity lenses, and the lenses are squarely in the public domain. Therefore, CooperVision's designation of the Biofinity lenses as confidential is improper and the confidentiality designation should be cancelled.

CooperVision makes the curious and wholly disingenuous argument in its Opposition (D.I. 80) that it did not designate the samples as confidential under the Protective Order, but instead did so under this Court's Local Rule 26.2. CIBA does not deny that when CooperVision first produced the lens samples in December 2006, it asserted its confidentiality designation under Local Rule 26.2. However, when CIBA asked CooperVision on August 31, 2007 (shortly after the Protective Order had been entered on August 23, 2007) to withdraw its confidentiality designation of the contact lenses,[1] CooperVision responded, "CooperVision's lenses embody proprietary technical research and development information. . . . Our only stipulation on the use of these lenses is that contained in the *protective order*." See Exhibits 6 and 7 to CIBA's Motion (D.I. 71). CooperVision's suggestion now that it never designated the contact lens samples as confidential under the parties' Protective Order is patently untrue.

B.  **Fundamental Fairness Requires That Use of the Contact Lens Samples Should Not Be Limited to This Litigation Only**

Fundamental fairness requires that CIBA should not be limited in its use of the contact lens samples to this litigation only. At CooperVision's request, this Court ordered CIBA to produce, for use in this litigation, all documents in CIBA's possession that were produced,

---

[1] That was not CIBA's first objection. CIBA had promptly objected to CooperVision's initial confidentiality designation by letter of December 20, 2006. See Exhibit 3 to CIBA's Motion (D.I. 71).

2

served, or filed in all previous legal proceedings involving the Nicolson patent family. This includes any proceeding involving the six (6) patents in suit in this case, as well as any foreign counterpart applications and patents.

CIBA has produced documents from the prior proceedings, including confidential documents, which were produced in those proceedings. In accordance with this Court's Order, CooperVision will be permitted to use these confidential documents from other litigations in this litigation even though the documents were produced subject to entered protective orders requiring that they be used only for purposes of the proceedings in which they were originally produced.

Thus, CooperVision is able to use CIBA's and third parties' confidential information from other lawsuits for the purpose of this litigation, but is unwilling to allow its Biofinity lenses – which do not even qualify as confidential information – to be used by CIBA in other litigations, even if those litigations involve the very same parties as this lawsuit. CooperVision should not be entitled to have it both ways. CooperVision has been put on notice that CIBA is preparing to file suit against CooperVision in a number of European countries for infringement of CIBA's patents issued by those European countries, which correspond to the U.S. Nicolson patents at issue in this lawsuit. These European infringement actions will involve the same Biofinity contact lenses that are at issue in this lawsuit. It takes little imagination to conclude that CooperVision's attempt to restrict CIBA's use of the Biofinity sample contact lenses to "this lawsuit only" is motivated, in substantial part, by CooperVision's desire to prevent CIBA from making any use of the Biofinity contact lens samples in these European patent infringement actions involving CooperVision and CIBA.

It would be fundamentally unfair to require CIBA to limit its use of the publicly-available Biofinity contact lenses solely to this litigation while, at the same time, allowing CooperVision to use confidential and non-confidential documents from CIBA's prior litigations involving the Nicholson patents in this case. At the very least, CIBA should be permitted to use the Biofinity contact lenses samples in other litigations between the same parties as in this litigation and/or involving the same Biofinity contact lens products at issue here.

## II.   CONCLUSION

CooperVision's Biofinity contact lenses are commercially available and in the public domain. By definition, then, the contact lenses are not "Confidential Information," as that phrase is defined in the Protective Order entered in this case. Accordingly, CIBA's motion to cancel CooperVision's confidentiality designation of the Biofinity lens samples should be granted. Even if the Court declines to cancel the "Confidential" designation outright, however, the Court should at the very least permit CIBA to use the Biofinity contact lens samples in any other litigation between the parties to this lawsuit and/or involving the Biofinity contact lenses.

October 4, 2007

YOUNG CONAWAY STARGATT & TAYLOR LLP

/s/ *Karen L. Pascale*
_____
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

Robert F. Altherr
BANNER & WITCOFF, LTD.
1001 G Street, N.W., 11th Floor
Washington, DC 20001
Telephone: 202-508-9100
Facsimile: 202-508-9299

Timothy C. Meece
Thomas K. Pratt
Shawn P. Gorman
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, Illinois 60606-7407
Telephone: 312-463-5000
Facsimile: 312-463-5001

John P. Iwanicki
BANNER & WITCOFF, LTD.
28 State Street
28th Floor
Boston, MA 02109
Phone: 617-720-9600
Facsimile: 617-720-9601

***Attorneys for Defendant,
CIBA Vision Corporation***

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on October 4, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Jack B. Blumenfeld   jbbefiling@mnat.com
Rodger Dallery Smith, II   rdsefiling@mnat.com
Adam Hoffman   ahoffman@irell.com
Amir A. Naini   anaini@irell.com
Ben Yorks   byorks@irell.com
David I. Gindler   dgindler@irell.com
Jason G. Sheasby   jsheasby@irell.com
Morgan Chu   mchu@irell.com
Stephen W. Larson   slarson@irell.com

I further certify that on October 4, 2007, I caused a copy of the foregoing document to be served on certain of the above-listed counsel and on certain non-registered participants, as listed below in the manner indicated:

### *By Hand Delivery and E-Mail*

Jack B. Blumenfeld [jblumenfeld@mnat.com]
Rodger D. Smith II [rsmith@mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200

### *By E-Mail*

Morgan Chu [mchu@irell.com]
David I. Gindler [dgindler@irell.com]
Jason G. Sheasby [JSheasby@irell.com]
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010

*/s/ Karen L. Pascale*
―――――――――――――――――――
Karen L. Pascale (No. 2903)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
Email:  kpascale@ycst.com