IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOPERVISION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-239 (SLR) |
| ) | |
| CIBA VISION CORP., ) | |
| ) | |
| Defendant. ) | |

**COOPERVISION, INC.'S OPPOSITION TO CIBA VISION CORP.'S
"MOTION TO MODIFY THE COURT'S SEPTEMBER 5, 2007
ORAL ORDER REGARDING ELECTION OF PATENTS FOR TRIAL"**

On September 5, 2007, the Court ordered plaintiff CooperVision, Inc. to select two of the six patents-in-suit owned by defendant CIBA Vision Corporation on which to proceed in the trial that is set for November 2008. The Court stated when it issued its September 5 ruling: "Now, any questions, concerns, objections, *this is the time to tell me*." (D.I. 67 at 22; emphasis added). Neither party objected. Accordingly, the Court gave CooperVision one week to select the two patents on which it wished to proceed.

CooperVision filed its election of patents on September 12, 2007 (D.I. 70). Then, on September 19, 2007, as ordered by the Court, CooperVision served CIBA with detailed non-infringement and invalidity contentions with respect to those two patents. On September 20, CIBA filed this motion – styled as a motion to "modify," but in fact a motion for reargument – requesting that it be permitted to replace one of the patents selected by CooperVision with a different patent of CIBA's choosing.

CooperVision respectfully submits that CIBA's motion for reargument should be denied for the following reasons:

I.      **CIBA's Motion Is Untimely**

CIBA's decision to seek reargument of the Court's September 5 ruling is governed by D. Del. LR 7.1.5, which provides that motions for reargument must be filed within 10 days. The Court expressly gave the parties an opportunity to object at the September 5, 2007 hearing before issuing its ruling. CIBA did not object. CIBA then waited more than 10 days (until September 20) before filing its motion for reargument. CIBA's delay was not inadvertent – CIBA obviously decided to review CooperVision's non-infringement and invalidity contentions (which were served on September 19, per the Court's instructions) before filing its motion. Nor was CIBA's delay harmless – by delaying its objection, CIBA put CooperVision to the burden and expense of preparing very detailed (39 pages long) non-infringement and invalidity contentions with respect to the two patents it chose. Having now studied CooperVision's detailed contentions, CIBA has apparently concluded that it would be better served by trying another patent first. Obviously, that is not what the Court contemplated when it issued its September 5 order.

CIBA's delay in raising this objection is its latest effort in a long campaign to avoid identifying the issues for trial until the last possible moment. For example, CIBA waited nearly a year and a half before attempting to assert counterclaims that include well over 100 claims relating to 6 patents just weeks before the discovery cutoff. CIBA then rebuffed CooperVision's efforts to narrow the issues, and declined CooperVision's request to extend the discovery schedule in light of CIBA's new claims. Now, after the Court has put the parties back on track towards a November 2008 trial by its September 5 ruling, CIBA seeks to once again derail the trial schedule by attempting to change the claims in the case at the eleventh hour.

2

## II. CIBA's Motion Is Meritless

There are six patents-in-suit, two of which are method patents, and four of which are apparatus patents (in this case, the apparatus is a contact lens). CooperVision has elected to proceed on the two method patents first. One of the primary reasons for this decision is that CIBA's method patents include numerous structural (apparatus) limitations – meaning that a trial on the two method patents will efficiently address most of the key disputes between the parties, while also fully and finally resolving *all* of CIBA's method claims. By contrast, CIBA's proposal to include one method patent and one apparatus patent in the November 2008 trial will *not* fully resolve *either* CIBA's method claims *or* its apparatus claims. Moreover, CIBA's proposal would inevitably lead to jury confusion and a longer trial as compared to a trial that involves just the method patents. Juror confusion and a lengthy trial are what the Court said it intended to avoid by limiting the November 2008 trial to two patents. CIBA acknowledges that goal in its motion but seeks to avoid achieving it.

Indeed, CIBA's proposal to try a method patent and an apparatus patent now, and then have a subsequent trial that involves the remaining method patent and one or more of the remaining apparatus patents, simply makes no sense. CIBA's proposal would result in multiple trials that each involve substantially more claims and issues for the juries to consider than would proceeding on the method and apparatus claims separately. In comparison, CooperVision's election to proceed on both method patents in the first trial is eminently logical, and will focus the issues for the jury and streamline the trial.

CIBA's motion is also substantively defective because it is premised on the incorrect contention that the "central dispute" between the parties relates to CIBA's apparatus patents rather than its method patents. This is the first time that CIBA has taken the position that its

3

method patents are somehow less important to this litigation than its apparatus patents. Indeed, CIBA has previously acknowledged that its method patents are identical in most respects to its apparatus patents, statting that they all "stem from a single application *and all have essentially identical specifications*." (Ex. A; fn. 1, emphasis added). The method patents also feature prominently in both parties' pleadings, thereby belying CIBA's contention that they are somehow an afterthought to the case. In both CooperVision's Complaint and CIBA's Counterclaim, counts two and three (of six counts) pertain to CIBA's method patents.

Simply put, CIBA's method patents have been central to this case since day one. If CIBA truly wants to take the position that its method patents are not important to this case, it should withdraw its assertion of its counterclaims relating to those patents and provide CooperVision with satisfactory assurances that no future infringement claims will be brought. But it is unlikely that CIBA will do either of these things. And unless CIBA does, then CooperVision – as the plaintiff in this action – has the right (as the Court expressly acknowledged at the September 5 hearing) to select the method patents as the first to be tried in this dispute.

Finally, CIBA's conclusory assertion that this case will go away if only the Court allows CIBA to choose the patents to be tried first cannot withstand scrutiny. Specifically, according to CIBA, a trial on its '100 patent (a lens patent) and one of its method patents – while undoubtedly more complex and time consuming than a trial on the method patents alone – will (a) result in victory for CIBA and then (b) result in a quick settlement of the remaining claims. CIBA provides no basis, however, for either of these assertions, and CooperVision disagrees with both of them. Moreover, CIBA does not address what will happen if the Court allows CIBA to add an apparatus patent to the first trial, but then either CIBA loses the trial, or CIBA wins but the

4

parties fail to settle the remaining claims. The likely answer is that the first trial will have been made longer and more complicated than would otherwise have been the case, and the parties will still have both method and apparatus claims left to resolve in a subsequent trial or trials – a lose/lose scenario for the Court and the parties.

CONCLUSION

CIBA's motion for reargument of the Court's September 5, 2007 order is based on no new evidence, is untimely, and is substantively meritless. For these reasons, CooperVision respectfully submits that CIBA's motion should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
   *Attorneys for Plaintiff*
   *CooperVision, Inc.*

OF COUNSEL:

Morgan Chu
David I. Gindler
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

October 9, 2007

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 9, 2007, he caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Karen L. Pascale, Esquire
>YOUNG, CONAWAY, STARGATT & TAYLOR LLP

I also certify that copies were caused to be served on October 9, 2007 upon the following in the manner indicated:

**BY ELECTRONIC MAIL
and HAND DELIVERY**

Karen L. Pascale, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**BY ELECTRONIC MAIL**

John P. Iwanicki, Esquire
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606

/s/ *Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)

# EXHIBIT A

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2007 APR 16 P 1:38

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

JOHNSON & JOHNSON VISION )
CARE, INC., )
 )
    Plaintiff and )  CASE NO: 3:05-cv-135-J-32TEM
    Counterclaim Defendant, )  CASE NO: 3:06-cv-301-J-32TEM
 )
    v. )
 )
CIBA VISION CORPORATION )
 )
    Defendant and )
    Counterclaim Plaintiff. )

## CIBA VISION CORPORATION'S OPENING BRIEF ON CLAIM CONSTRUCTION

Rutledge R. Liles
Florida Bar #102805
LILES, GAVIN, COSTANTINO & GEORGE
One Enterprise Center, Suite 1500
Jacksonville, FL 32202
Telephone: (904) 634-1100

Thomas P. Steindler
DC Bar No. 404071
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 756-8000

Dated April 16, 2007

*Attorneys for
CIBA Vision Corporation*

I.  INTRODUCTION

In this suit, CIBA currently asserts U.S. Patent Nos. 5,760,100 (the '100 patent), 5,789,461 (the '461 patent), 5,849,811 (the '811 patent), 5,965,631 (the '631 patent), and 6,951,894 (the '894 patent) (collectively, the "CIBA patents") (Exhibits A-E). Each of these patents is directed at silicone hydrogel extended wear contact lenses.[1]

At issue here is the construction of terms set forth in the asserted claims in the patents-in-suit. In Appendix A hereto, CIBA has set out its proposed constructions for all of the pertinent claim terms, disputed and undisputed. In this brief, CIBA addresses the terms which CIBA understands to be in dispute. CIBA seeks claim constructions which are the same as those previously rendered by the United States District Court for the Northern District of Georgia, which has already construed almost all of the pertinent claim terms of the CIBA patents. These constructions are based on the plain and ordinary meaning of the claim language, comport with the understanding of one of ordinary skill in the art, and are fully supported by the intrinsic evidence, i.e. the specification and the prosecution history.

II.  CLAIM CONSTRUCTION STANDARDS

Patent claims are construed as a matter of law. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454-56 (Fed. Cir. 1998) *(en banc)*. "[T]he words of a claim 'are generally given their ordinary and customary meaning.'" *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) *(en banc)* (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)). That ordinary meaning "is the meaning that the term would have to a

---

[1] Each of the patents stem from a single application and all have essentially identical specifications. For ease of reference, citations to disclosures within the patents will be made only to the '100 patent (Ex. A).