IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COOPERVISION, INC.,                      )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        C.A. No. 06-239-SLR
                                         )
CIBA VISION CORP.,                       )
                                         )
                Defendant.               )

CIBA VISION'S REPLY IN SUPPORT OF ITS
MOTION TO MODIFY THE COURT'S SEPTEMBER 5, 2007
ORAL ORDER REGARDING ELECTION OF PATENTS FOR TRIAL

Defendant CIBA Vision Corporation ("CIBA") submits this Reply in support of its

motion to modify this Court's September 5, 2007 Oral Order (the "Motion"). Specifically, CIBA

asks that the Court finalize the selection of the two patents to be included in first trial in this

action in a manner which ensures that contact lens claims, and not merely method claims, are

litigated. CIBA respectfully requests that this be accomplished by including CIBA's choice of

U.S. Patent No. 5,760,100 (containing contact lens claims), together with a patent of

CooperVision's choosing (i.e., either U.S. Patent No. 5,789,461 or U.S. Patent No. 5,776,999).

I.      ARGUMENT

        A.      CIBA's Motion Is Not Untimely

        CooperVision's argument that it is "too late" for CIBA to ask the Court to modify the

election of patents is misguided. The Court issued its Oral Order sua sponte on the record during

the September 5, 2007 telephone conference, because the Court recognized the practical

difficulties of bringing all claims on all six patents in suit to trial by next October. CIBA did not

voice any objection at the September 5 hearing because CIBA did not – and does not – object to

initially proceeding to trial on two patents only. To the contrary, CIBA's Motion is concerned

only with CooperVision's specific election of two method patents. In other words, CIBA does

not challenge the Court's decision to streamline the case down to two patents for an initial trial, while staying all claims as to the other four patents-in-suit. Rather, CIBA takes issue with the fact that CooperVision's "election" consists only of two method patents, and no apparatus patent. CIBA asked CooperVision to reconsider its September 12, 2007 election and, when CooperVision refused, CIBA promptly filed the instant Motion (on September 20, 2007, within six business days of being served with CooperVision's "election").

Furthermore, it is clear that CooperVision's "election" of patents was to be only the first step in framing the narrowed issues to proceed to the initial trial in October 2008. The Court is still in the middle of that process:

- The Court has not yet ruled on CIBA's motion to amend (D.I. 61, filed August 27, 2007). Thus, none of CIBA's affirmative claims of infringement has yet been joined in the case, as to *any* of the six patents-in-suit.

- The Court has not yet considered CooperVision's position that CIBA's motion to amend should be granted only if the Court either (a) bifurcates the issues of willfulness and damages for both discovery and trial, or (b) pushes the trial date back into 2009,[1] a position with which CIBA strenuously disagrees.[2]

- The Court has not yet entered an order finalizing the election of patents and staying the remainder of case with respect to the other four patents. See 9/5/07 Transcript at 24-25 (D.I. 67) ("Generally, the matter is bifurcated and the rest of the case is stayed . . . . And I will put that in an order as soon as I find out from plaintiff in this case which patents we're going forward on.") The pleadings should of course be completed prior to the entry of such a stay order, and CIBA is still awaiting leave to file its amended answer and counterclaims.

---

[1]   *See* D.I. 74, CooperVision's Opposition to CIBA Vision Corp.'s Motion for Leave to File an Amended Answer and Counterclaims (filed September 17, 2007).

[2]   *See* D.I. 77, CIBA Vision's Reply in Support of Its Motion for Leave to File Amended Answer and Counterclaims (filed September 24, 2007).

In short, CooperVision's "election" of patents is not final for purposes of this action, until such time as the Court: (1) grants CIBA leave to file an amended answer and counterclaims; and (2) enters an order bifurcating the case and specifying that the initial trial shall proceed on two specific patents, and that the remainder of claims as to the other four patents are stayed.[3] CIBA's request that the Court tailor its forthcoming order to include U.S. Patent No. 5,760,100 (containing contact lens claims) in the initial trial is clearly not untimely.

**B.    The Central Dispute Between the Parties Concerns Contact Lenses, Not Production Methods**

CooperVision attempts to justify its election of two method patents, arguing that a trial on these method patents will address "most of the key disputes between the parties" and finally resolve "*all* of CIBA's method claims." *See* CooperVision's Opposition (D.I. 84) at p. 3 (emphasis in original).  In fact, such a trial would achieve neither of those goals.

A trial on CooperVision's elected patents would not resolve "most of the key disputes" between the parties because it would not address the central issue in this litigation, which is whether CooperVision's Biofinity contact lenses that are imported and sold in the United States infringe valid claims of CIBA's patents in suit.  It would not even resolve all disputes as to CIBA's "methods" because it will leave the claims of U.S. Patent No. 6,951,894 (the '894 patent) unresolved, including claims to methods for producing an extended wear contact lens, methods of using a contact lens as an extended wear contact lens, and methods of forming a contact lens having high oxygen permeability and high water permeability.

CooperVision conveniently denies it now, but at its core this suit concerns CooperVision's Biofinity *contact lens*, and whether the Biofinity *contact lenses* infringe CIBA's

---

[3]    CIBA submits that such Order should also include certain agreed-upon modifications to the existing Scheduling Order. *See* the proposed amended schedule set forth on page 4 of "CooperVision Inc.'s Opposition to CIBA Vision Corp.'s Motion for Leave to File an Amended Answer and Counterclaims" (D.I. 74, filed September 17, 2007).

patents. Most telling on this point is CooperVision's "Prayer for Relief" (in D.I. 1), requesting "a declaration that CooperVision's *Biofinity contact lenses* do not infringe any valid and enforceable claim of the Nicolson Patents" (emphasis added). Nowhere in its "Prayer for Relief" does CooperVision mention infringement of the related methodology.

CIBA has sought leave to amend its answer and counterclaims in this litigation (*see* D.I. 61) in order to assert that CooperVision uses CIBA's patented methods in manufacturing the Biofinity contact lenses. *See* CIBA's proposed "First Amended Answer and Counterclaim to Complaint for Declaratory Judgment" (Exhibit A to D.I. 61). Such manufacturing activity occurs outside the United States, however, and is only actionable under the patent statute because CooperVision imports the Biofinity contact lenses into the United States for retail sale and subsequent use by consumers. But for CooperVision's importation of its Biofinity lenses into the United States, CIBA would have no bases for charging CooperVision with infringement of CIBA's method patents.

A trial held solely on CooperVision's elected method patents would merely resolve whether CooperVision and/or retail consumers practice the methods claimed in *those two patents* in manufacturing and using the Biofinity lenses. That trial would not resolve all of CIBA's method claims, because the '894 patent will not have been addressed. More importantly, that trial would not resolve the more fundamental question at the heart of the dispute between the parties – Do CooperVision's Biofinity *contact lenses* – regardless of the method used in making the lenses – infringe valid claims of CIBA's patents in suit? If the Court adopts CooperVision's September 12, 2007 Election of Patents, one or more additional trials inevitably will be required, even if CooperVision happened to prevail on the issue of whether its Biofinity contact lenses infringe the claimed inventions of the two elected method patents.

C.    **Further Trials Can Be Avoided By Litigating Contact Lens Product Claims in the First Trial**

By its Motion (D.I. 76), CIBA asks this Court to permit CIBA to elect U.S. Patent No. 5,760,100 (the '100 apparatus patent) as one of the two patents to be litigated during the initial trial proceedings in this action. The impetus for CIBA's Motion is its belief that early resolution of this case will be facilitated if contact lens claims are litigated as part of the first trial.

Contrary to CooperVision's insinuations, CIBA has absolutely no interest in unnecessarily prolonging or complicating this litigation. Accordingly, if this Court permits CIBA to substitute the '100 apparatus patent for one of the two methods patents to be litigated during the first trial in this action, CIBA would agree to treat the decision on whether the accused Biofinity lens infringes one or more of the claims of the '100 patent as determinative of whether the Biofinity lens infringes the remaining apparatus claims of the patents in suit. Likewise, CIBA would be willing to let the decision regarding infringement of one or more of the method claims in the first trial be determinative of whether the Biofinity lens infringes the remaining method claims.

Assuming CooperVision agrees to this approach (as it should, if it is genuinely concerned with streamlining this litigation), all of the issues in this suit can be decided in one trial only. CIBA's entitlement to damages and an injunction for infringement of its apparatus claims will thus rise or fall based on whether an apparatus claim of the '100 patent is found to be valid and infringed by the accused Biofinity lens. Likewise, CIBA will be entitled to damages and an injunction for infringement of its method claims only if one of more claims of the method patent at issue in the first trial is found to be valid and infringed. Thus, regardless of whether CIBA succeeds or fails in the first trial in proving that CooperVision's Biofinity lenses infringe the '100 patent, there will be no need to try any apparatus claims in the remaining patents. The same

will be true for the method patent – no further trials will be needed on any remaining patents having method claims, regardless of the outcome of the first trial.

On the other hand, if the Court chooses to finalize CooperVision's election of two method patents, then one or more additional trials on the remaining patents will definitely be necessary even if CooperVision wins the first trial. In other words, it is CooperVision's election – proceeding on two method patents at the first trial – and not CIBA's suggested approach, that presents a lose/lose scenario both for the parties and this Court.

## II.    CONCLUSION

For the reasons set forth above and in CIBA's initial Motion, CIBA respectfully requests that this Court permit CIBA to elect U.S. Patent No. 5,760,100 as one of the two patents to be litigated during the initial trial proceedings in this action.

Additionally, CIBA respectfully submits that in order to set the discovery process in full swing and not to jeopardize the October 2008 trial date, the Court must address the pending case management issues in the very near future. As it has stated in other filings, CIBA respectfully suggests that the most sensible order of events to get this case "on track" for the remainder of discovery and proceed smoothly towards an October 2008 jury trial is for the Court to:

(a)   permit CIBA to file its amended pleading, which includes affirmative allegations of infringement against CooperVision on the six patents-in-suit;

(b)   finalize the parties' election of two patents for the first trial in this action, to include CIBA's choice of U.S. Patent No. 5,760,100 (containing contact lens claims), together with a patent of CooperVision's choosing (i.e., either the '461 or the '999 patent);

(c)   further modify the scheduling order in this action (D.I. 21) to reflect the proposed amended schedule set forth on page 4 of CooperVision's Opposition to CIBA's Motion to Amend (D.I. 74);

(d)   bifurcate the damages and willfulness issues *for trial purposes only*; and

(e)   stay the remainder of the parties' claims with respect to the other four patents-in-suit.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

October 17, 2007

Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

Robert F. Altherr
BANNER & WITCOFF, LTD.
1001 G Street, N.W., 11th Floor
Washington, DC 20001
Telephone: 202-508-9100
Facsimile: 202-508-9299

Timothy C. Meece
Thomas K. Pratt
Shawn P. Gorman
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, Illinois 60606-7407
Telephone: 312-463-5000
Facsimile: 312-463-5001

John P. Iwanicki
BANNER & WITCOFF, LTD.
28 State Street
28th Floor
Boston, MA 02109
Phone: 617-720-9600
Facsimile: 617-720-9601

*Attorneys for Defendant,*
*CIBA Vision Corporation*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on October 17, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

| | |
|---|---|
| Jack B. Blumenfeld | jbbefiling@mnat.com |
| Rodger Dallery Smith, II | rdsefiling@mnat.com |
| Adam Fletcher | afletcher@irell.com |
| Adam Hoffman | ahoffman@irell.com |
| Amir A. Naini | anaini@irell.com |
| Ben Yorks | byorks@irell.com |
| Benjamin W. Hattenbach | bhattenbach@irell.com |
| David I. Gindler | dgindler@irell.com |
| Iian D. Jablon | ijablon@irell.com |
| Jason G. Sheasby | jsheasby@irell.com |
| Jill R. Sperber | jsperber@irell.com |
| Morgan Chu | mchu@irell.com |
| Stephen W. Larson | slarson@irell.com |

I further certify that on October 17, 2007, I caused a copy of the foregoing document to be served on certain of the above-listed counsel and on certain non-registered participants, as listed below in the manner indicated:

### *By Hand Delivery and E-Mail*

Jack B. Blumenfeld [jblumenfeld@mnat.com]
Rodger D. Smith II [rsmith@mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200

### *By E-Mail*

Morgan Chu [mchu@irell.com]
David I. Gindler [dgindler@irell.com]
Jason G. Sheasby [JSheasby@irell.com]
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
(310) 277-1010

/s/ *Karen L. Pascale*
_____
Karen L. Pascale (No. 2903)
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
Email:  kpascale@ycst.com

2